———— FILED ————ENTERED
———— LODGED————RECEIVED

DEC  1 2008  DJ

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
                                    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILMA ARMER, individually and on behalf of all others similarly situated,<br><br>                                        Plaintiff,<br><br>    vs.<br><br>OPENMARKET, INC., a Michigan corporation, SPRINT SPECTRUM, L.P., a Delaware limited partnership, NEXTEL WEST CORPORATION, a Delaware corporation,<br><br>                                        Defendants. | CASE NO. **CV8  1731** ⌐<br><br>NOTICE OF REMOVAL BY DEFENDANTS SPRINT SPECTRUM L.P. AND NEXTEL WEST CORP.<br><br>\|\|\|\|\|\|\| \|\|\|\| \|\|\|\| \|\|\|\| \|\|\| \|\|\|\| \|\|\|\| \|\|\| \|\|\| \|\|\|\|<br>\|\|\|\|\|\| \|\| \|\|\|\|\| \|\|\|\| \|\|\|\| \|\| \|\|\|\|<br><br>**08-CV-01731-CMP** |

**TO:**        **THE CLERK OF THE COURT**

**AND TO:**    **ALL PARTIES, THROUGH COUNSEL OF RECORD**

        **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, and

Local Rule 101, Defendants Sprint Spectrum L.P. and Nextel West Corp. (collectively, "Sprint")

hereby remove the state action described below from the Superior Court of Washington for King

County to this Court, the United States District Court for the Western District of Washington.

This action is within the original jurisdiction of this Court and properly removed under 28 U.S.C.

§§ 1332, 1446, and 1453.  Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal are

being served upon counsel for Plaintiff Wilma Armer ("Plaintiff" or "Armer") and Defendant

OpenMarket, Inc. ("OpenMarket"), and filed with the Clerk of the Superior Court of the State of

NOTICE OF REMOVAL BY DEFENDANTS
SPRINT SPECTRUM L.P. AND NEXTEL WEST
CORP. (NO. _____ ) – 1
91004-1100/LEGAL14959196.2

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**ORIGINAL**

Washington for King County as an exhibit to a Notice to Clerk of Superior Court of Removal.  In support of its removal of this action, Sprint states the following:

## PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

1.      On October 28, 2008, Plaintiff filed a First Amended Complaint in the Superior Court of the State of Washington for King County captioned <u>Armer v. OpenMarket, Inc., Sprint Spectrum L.P., and Nextel West Corporation</u>, Case No. 08-2-32201-7 SEA ("State Court Action").

2.      Sprint was served with the State Court Action Summons and First Amended Complaint on November 5, 2008 ("Complaint").  Sprint was not a party to the action prior to being served on November 5, 2008.  This Notice is therefore timely pursuant to 28 U.S.C. § 1446(b).  Pursuant to 28 U.S.C. § 1446(a) and Local Rule 101(b), a true copy of the Complaint is attached as **Exhibit A**.  All other process, pleadings or orders served on Sprint or filed in the state court in this action are attached to the Verification of State Court Records filed with this Notice.

3.      This case is properly removed to this Court pursuant to U.S.C. § 1441 because Sprint has satisfied the procedural requirements for removal set forth in 28 U.S.C. § 1446, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(d) and 1453.

4.      The Superior Court of the State of Washington for King County is located within the United States District Court for the Western District of Washington.  Therefore, venue is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5.      By removing this action to this Court, Sprint does not waive any defenses, objections, or motions available to it under state or federal law.  In addition, Sprint expressly reserves the right to require that Plaintiff's claims and the claims of the putative class be decided on an individual basis through arbitration.

NOTICE OF REMOVAL BY DEFENDANTS
SPRINT SPECTRUM L.P. AND NEXTEL WEST
CORP. (NO. _____ ) – 2
91004-1100/LEGAL14959196.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## NO JOINDER NECESSARY

6.      No other Defendant is required to consent to this removal.  28 U.S.C. § 1453(b).

## ALLEGATIONS OF THE COMPLAINT

7.      This action is a putative class action against Sprint and OpenMarket on behalf of nationwide wireless telephone subscribers for an alleged "practice of facilitating the charging of cellular telephone customers for products and services the customers have not authorized . . . ." Complaint, ¶ 1. (Sprint and OpenMarket are sometimes referred to collectively as "Defendants.") In particular, Plaintiff challenges Sprint's billing practices with respect to "mobile content" -- known as "premium" text message services -- including such content as "customized ringtones for use with cell phones, sports score reports, weather alerts, stock tips, horoscope services, and the like" provided by hundreds of "providers of mobile content." Complaint, ¶¶ 7, 8, 9.

8.      In general, Plaintiff alleges that this mobile content is offered for a certain monthly fee.  Complaint, ¶ 12.  The mobile content is delivered to the subscriber's cellular phone from the third-party mobile content provider via an "aggregator" such as OpenMarket. Complaint, ¶¶ 9-13.  Plaintiff alleges that the carrier, such as Sprint, then adds the charge for the mobile content to the subscriber's monthly cell phone bill.  Id.

9.      Plaintiff alleges that Sprint does not have in place proper procedures necessary to establish customer authorization prior to assessing the monthly charges.  Complaint, ¶ 19. According to Plaintiff, Sprint's billing and collection systems lack "any checks or safeguards to prevent erroneous and unauthorized charges" from being imposed on its customers.  Id.  Plaintiff further alleges that while Sprint "has the capability to prevent the collection of money for unauthorized charges, it has chosen to knowingly maintain the system that has allowed the collection of these charges."  Complaint, ¶ 22.

10.     Plaintiff seeks to represent two putative classes.  The first is the aggregator class, comprised of "all wireless telephone subscribers nationwide who suffered losses or damages as a

NOTICE OF REMOVAL BY DEFENDANTS
SPRINT SPECTRUM L.P. AND NEXTEL WEST
CORP. (NO. _____) – 3
91004-1100/LEGAL14959196.2

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

result of OpenMarket facilitating the billing and collecting for mobile content products and services not authorized by the subscriber . . . ." Complaint, ¶ 32(a). The second is the carrier class, comprised of "all wireless telephone subscribers nationwide who suffered losses or damages as a result of Sprint facilitating the billing and collecting for mobile content products and services not authorized by the subscriber . . . ." Complaint, ¶ 32(b).

11. On behalf of Plaintiff and the putative classes, the Complaint alleges claims for: (1) unjust enrichment/restitution against OpenMarket; (2) tortious interference with a contract against OpenMarket; (3) breach of contract against Sprint; and (4) violations of the Washington Consumer Protection Act ("CPA"), RCW § 19.86.010 *et seq.* against OpenMarket and Sprint. The Complaint seeks, *inter alia*, compensatory damages, punitive/exemplary damages, declaratory relief, injunctive and equitable relief (including an injunction, disgorgement, restitution, constructive trust, and an accounting), attorneys' fees, and costs. Complaint, ¶¶ 42-67 and at p. 13.

12. Sprint disputes Plaintiff's allegations, believes the Complaint lacks any merit, and denies that Plaintiff or the putative class has been harmed in any way.

## BASIS FOR REMOVAL

### Class Action Fairness Act ("CAFA")

13. This action is within the original jurisdiction of this Court, and removal is therefore proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332, 1453. CAFA grants district courts original jurisdiction over class actions in which: (1) the aggregate amount in controversy exceeds $5,000,000; (2) the members of the class of plaintiffs number over 100; (3) any member of the class of plaintiffs is a citizen of a State different from any defendant, thus establishing the required minimal diversity; and (4) the primary defendants are not states, state officials, or other governmental entities. See 28 U.S.C. §§ 1332(d)(2)(A), 1332(d)(5)(A) and (B), and 1332(d)(6). As set forth below, this action satisfies each of the

NOTICE OF REMOVAL BY DEFENDANTS
SPRINT SPECTRUM L.P. AND NEXTEL WEST
CORP. (NO. _____ ) – 4
91004-1100/LEGAL14959196.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

requirements of Section 1332(d) for original jurisdiction under CAFA.  This action may thus be removed to this Court by Sprint pursuant to the provisions of 28 U.S.C. §§ 1446 and 1453(b).

14.     This action meets the CAFA definition of a class action, which is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure."  28 U.S.C. §§ 1332(d)(1)(B), 1453(a) & (b).  See Complaint, ¶ 32.

## Class Action Consisting of More than 100 Members

15.     The Complaint alleges that the two putative classes "consist of thousands of individuals and entities. . . ."  Complaint, ¶ 33.  Accordingly, based on Plaintiff's allegations, the aggregate number of class members is greater than 100 persons for purposes of 28 U.S.C. § 1332(d)(5)(B).

## Diversity

16.     Plaintiff is alleged to be a resident of the State of Ohio.  Complaint, ¶ 2.  The members of the two putative classes described in the Complaint are alleged to be citizens of all 50 states in the United States.  Complaint, ¶ 32.  According to the Complaint, Defendant OpenMarket is a Michigan corporation headquartered in Washington; Defendant Sprint Spectrum L.P. is a Delaware limited partnership; and Defendant Nextel West Corp. is a Delaware corporation.  Complaint, ¶¶ 3-4.  Defendants Sprint Spectrum L.P. and Nextel West Corp. have principle places of business in Overland Park, Kansas.  Upon information and belief as to OpenMarket, as of the time of removal, the citizenship of Defendants has not changed.

17.     Accordingly, the required diversity of citizenship under CAFA is satisfied because "any member of a class of plaintiff is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).  Here, Plaintiff is a citizen of Ohio, and Defendants are citizens of other states, thus satisfying the diversity requirements of 28 U.S.C. § 1332(d)(2)(A).

## No State, State Official, or Other Governmental Entity

18.     Defendants OpenMarket, Sprint Spectrum L.P., and Nextel West Corp. are private corporations, and thus the requirement of 28 U.S.C. § 1332(d)(5)(A) is met.

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

NOTICE OF REMOVAL BY DEFENDANTS
SPRINT SPECTRUM L.P. AND NEXTEL WEST
CORP. (NO. _____) – 5
91004-1100/LEGAL14959196.2

**Amount in Controversy**

19.     Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2), (d)(6). Without conceding any merit to the Complaint's allegations or causes of action, the amount in controversy here satisfies the jurisdictional threshold as set forth below.

**Compensatory Damages.**

20.     The amount in controversy with respect to compensatory damages alone exceeds the $5,000,000 jurisdictional requirement. While Sprint disputes and denies that it is liable to Plaintiff or the putative class, or that Plaintiff or the putative class suffered injury or incurred damages in any amount whatsoever, and further denies that any such class could be properly certified under Fed. R. Civ. P. 23, the Complaint alleges an amount in controversy that exceeds the jurisdictional threshold of $5,000,000.

21.     Allegations of the Complaint.  Plaintiff seeks to require Defendants to pay damages as relief to the putative nationwide classes consisting of "thousands of individuals and other entities" (Complaint, ¶ 33) for alleged wrongful conduct occurring over "years." Complaint, ¶¶ 22, 24. The Complaint asserts that Defendants' wrongful charges have amounted to large sums of money, alleging that Defendants have "wrongfully collected a significant sum of money from consumers nationwide" as a result of their actions (Complaint, ¶ 1 (emphasis added)); that "significant amounts of money have been collected on account of such unauthorized charges . . . ." (Complaint, ¶ 22 (emphasis added)); that Defendants have "processed substantial sums of money" from such transactions; and that Defendants have "profited greatly" from their actions.  Complaint, ¶ 24 (emphasis added).

22.     Thus, while Plaintiff has not expressly pled an amount in controversy either below or above the jurisdictional amount, Plaintiff's allegations demonstrate that the Complaint on its face is consistent with the fact that the jurisdictional amount has been met and exceeded,

NOTICE OF REMOVAL BY DEFENDANTS
SPRINT SPECTRUM L.P. AND NEXTEL WEST
CORP. (NO. _____ ) – 6
91004-1100/LEGAL14959196.2

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

with Sprint allegedly billing "significant" and "substantial" amounts of money to thousands (if not millions) of customers as a result of the alleged wrongful practices and "profit[ing] greatly" as a result of the alleged wrongful practices.

23.     Sprint's Premium Message Business.  Further, industry reports show that in one quarter of 2007 alone, wireless carriers generated over $273 million of revenue related to premium mobile content, which would exceed $1 billion for the year.[1]  Sprint's share of the wireless market has been reported as being approximately 23%.[2]  Assuming that Sprint's market share of premium mobile content business is consistent with its total market share of 23%, Sprint's revenues for premium mobile content in 2007 alone would be approximately $230 million.  Given that Sprint's premium mobile content business has been in existence since 2005, it would likely be a conservative estimate that Sprint's total revenues for premium mobile content are $500 million from 2005 through 2008 (out of more than $79 billion in total revenues from its wireless business[3]).

24.     Using these figures, only 1% of Sprint's total charges for mobile content services would have to be improper for Sprint to prove an amount in controversy exceeding $5 million. Here, Plaintiff alleges a much higher percentage.  Among other things, Plaintiff alleges that the problem is "significant," "routine," occurs in "many instances," and involves "numerous" transactions.  Those allegations alone clearly reflect Plaintiff's claim that more than 1% of mobile content sales are affected by this alleged problem.  Further, cases in this Circuit have made clear that a court can make reasonable assumptions regarding the number of violations to reach the CAFA threshold.  See e.g., Helm v. Alderwoods Group, Inc., 2008 WL 2002511 (N.D. Cal., May 7, 2008), at *5 (denying remand motion because even if it assumed only one-third of employees were affected by alleged violation, the $5 million amount would be met); Muniz v.

---

[1]     See http://www.telephia.com/html/PremiumSMSJune2007revised.html.
[2]     See e.g., http://www.usatoday.com/tech/wireless/2007-05-21-at&t-iphone_N.htm.
[3]     See Sprint's 2007 10-K, p. 44.

NOTICE OF REMOVAL BY DEFENDANTS
SPRINT SPECTRUM L.P. AND NEXTEL WEST
CORP. (NO. _____ ) – 7
91004-1100/LEGAL14959196.2

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Pilot Travel Centers LLC, 2007 WL 1302504 (E.D. Cal. May 1, 2007), at *4 ("[E]ven assuming

far less than a 100% violation rate still results in an amount in controversy that exceeds the

jurisdictional minimum.").

### Other Damages

25.     Plaintiff seeks a range of broad and far-reaching relief, including compensatory

damages, punitive/exemplary damages, injunctive relief (which would involve additional costs of

compliance), and attorneys' fees, all of which must be considered under CAFA.

26.     Exemplary Damages.  Plaintiff seeks **treble damages** from Defendants to the

extent authorized under the Washington Consumer Protection Act ("CPA").  Complaint at p. 13,

Prayer for Relief, paragraphs (C) and (F).  Punitive and exemplary damages are typically

considered part of the amount in controversy.  See Woodmen v. World Life Ins. Society v.

Manganaro, 342 F.3d 1213, 1218 (10th Cir. 2003); Frederico v. Home Depot, 507 F.3d 188, 199

(3d Cir. 2007); Smith v. Nationwide Property and Cas. Ins. Co., 505 F.3d 401, 408 (6th Cir.

2007); Gibson v. Chrysler Corp., 261 F.3d 927, 945 (9th Cir. 2001).  Although Sprint believes

that no damages should or will be awarded in this case, for purposes of the amount in

controversy requirement, claimed punitive and other exemplary damages may be considered.  In

particular, Plaintiff's demand for treble damages significantly increases the amount of damages

sought in the Complaint.

27.     Attorneys' Fees.  The Complaint also seeks an award of attorneys' fees.

Complaint at p. 13, Prayer for Relief, paragraph (H).  This amount is also included in the

calculation of the amount in controversy.  See Woodmen, 342 F.3d at 1218 (citing Missouri State

Life Ins. Co. v. Jones, 290 U.S. 199, 202, 54 S.Ct. 133 (1933)).

### Other Cases

28.     This Court's CAFA jurisdiction is consistent with other cases pending in federal

court:

NOTICE OF REMOVAL BY DEFENDANTS
SPRINT SPECTRUM L.P. AND NEXTEL WEST
CORP. (NO. _____) – 8
91004-1100/LEGAL14959196.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

(a)     In <u>Valdez v. Sprint Nextel Corporation</u>, (Northern District of California,

Case No. 06-7587, filed December 12, 2006), the plaintiff asserted that "Sprint has

systematically, repeatedly and without authorization, placed charges on customers' monthly bills

for third-party services (such as ringtones, joke-a-day programs, screensavers and other forms of

software provided by third-party vendors) that were never authorized to be purchased by the

current owners of the affected phone numbers . . ." <u>Valdez</u> Complaint, ¶ 2.  <u>Valdez</u> alleges that

these "unauthorized charges" are caused by Sprint "recycling" phone numbers, which the

plaintiff alleges are "encumbered with undisclosed pre-existing billing obligations, for products

and services purportedly authorized to be purchased by the previous owners and/or users of those

numbers."  <u>Id.</u>, ¶ 1.  In other words, the purported class in <u>Valdez</u> is only a <u>portion</u> of the

purported class alleged here (only those who allegedly had "unauthorized charges" as a result of

"recycled numbers").  Yet, the plaintiff in <u>Valdez</u> specifically alleged CAFA jurisdiction and that

"the amount in controversy exceeds $5,000,000, exclusive of interest and costs."  <u>Id.</u>, ¶ 5.  Given

the respective allegations, if over $5 million is at issue in <u>Valdez</u>, even more is at issue here.

Further, the plaintiff in <u>Valdez</u> is represented by some of the same counsel that brought this

action.

(b)     The allegations in <u>Peetz v. Sprint Nextel Corporation et al.</u> (District of

Kansas, Case No. 5:08-cv-04061), are nearly identical to the allegations in this matter.  Like

Plaintiff here, Peetz challenges Sprint's billing practices with respect to "mobile content" --

known as "premium" text message services -- including such content as "ringtones, chat services,

horoscopes, stock tips, weather alerts, participatory television, mobile payment services, and

other forms of software provided by hundreds of third-party vendors . . . ."  (<u>Peetz</u> Complaint, ¶¶

1, 12).  Peetz alleges that Sprint does not have in place proper procedures necessary to establish

customer authorization prior to assessing the monthly charges.  According to Peetz, Sprint

"cannot authenticate [] a customer's authority to be billed for [] mobile content charges."  (<u>Peetz</u>

Complaint, ¶ 18).  Peetz further alleges that "Sprint's decision to continue to charge its customers

NOTICE OF REMOVAL BY DEFENDANTS
SPRINT SPECTRUM L.P. AND NEXTEL WEST
CORP. (NO. _____ ) – 9
91004-1100/LEGAL14959196.2

1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

for mobile content without taking steps to authenticate the representations of the mobile content providers that the customer's authority to be charged was obtained constitutes a deliberate and willful scheme to cheat large numbers of people out of small amounts of money." (Id.). Like Plaintiff here, Peetz purports to represent a nationwide class comprised of "all Sprint wireless telephone subscribers in the nation who suffered losses or damages as a result of Sprint billing for mobile content products and services not authorized by the subscriber . . . ." (Peetz Complaint, ¶ 30). Sprint removed Peetz to the United States District Court for the District of Kansas on May 8, 2008, asserting CAFA jurisdiction. The plaintiff filed a motion to remand, which was later withdrawn. Because the allegations in this action are nearly identical to Peetz, and because the same purported class is at issue in both cases, jurisdiction pursuant to CAFA is also appropriate here. Further, the plaintiff in Peetz is represented by several of the same counsel that brought this action.

(c)     The allegations in Cioe v. Sprint Nextel Corp., Sprint Spectrum L.P., et al., (District of Kansas, Case No. 08-4103), are also nearly identical to the allegations here and in Peetz. Cioe alleges that Sprint "subjects its customers to unauthorized [SMS] charges." (Cioe Complaint, ¶ 1). Just as the plaintiffs in Peetz and here do, Cioe challenges Sprint's billing practices with respect to "'premium text messages,' i.e., mobile content and services provided by third-parties, such as text message news alerts, horoscope or weather reports, financial information, and cell phone ringtones and screen logos" (Cioe Complaint, ¶ 9). Cioe alleges that Sprint does not have in place proper procedures necessary to establish customer authorization prior to assessing the monthly charges, and that its actions are deliberate and willful. According to Cioe, Sprint "does not bother to adequately check that the charge is authorized" (Cioe Complaint, ¶ 10), even though it "knows that many premium text message charges are unauthorized and unsolicited" (Cioe Complaint, ¶ 11). Rather, Sprint "caused a host of text messages and premium text messages to be billed to the mobile telephone accounts of Plaintiff and the Class, who never authorized such charges or contracted to receive the charge" (Cioe

NOTICE OF REMOVAL BY DEFENDANTS
SPRINT SPECTRUM L.P. AND NEXTEL WEST
CORP. (NO. _____ ) – 10
91004-1100/LEGAL14959196.2

1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Complaint, ¶ 14). Like Peetz and the Plaintiff here, Cioe purports to represent a nationwide class of "[a]ll persons and entities in the United States who received a charge on their Sprint mobile telephone bill for text messages or third-party products or services that they did not authorize." (Cioe Complaint, ¶ 42). The complaint in Cioe specifically asserts CAFA jurisdiction and alleges that "the total amount in controversy in this case exceeds $5,000,000. Plaintiff and the Class seek damages in excess of $5,000,000." (Cioe Complaint, ¶ 5). Because the allegations in this action are nearly identical to Cioe, and because the same purported class is at issue in both cases, jurisdiction pursuant to CAFA is also appropriate here.

## No CAFA Exclusions

29.     The action does not fall within any exclusions to removal jurisdiction recognized by 28 U.S.C. § 1332(d) or 28 U.S.C. § 1453(d). This action is therefore removed pursuant to CAFA, 28 U.S.C. §§ 1332(d) and 1453.

WHEREFORE, pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, and Local Rule 101, Sprint hereby gives notice that the above-described action pending against it in the Superior Court of the State of Washington for King County is removed to this Court, the United States District Court for the Western District of Washington at Seattle.

DATED: December 1, 2008                **PERKINS COIE** LLP

By: _Amanda J Beane_

Sarah J. Crooks, WSBA No. 35997
SCrooks@perkinscoie.com
Amanda J. Beane, WSBA No. 33070
ABeane@perkinscoie.com
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: (206) 359-8000
Facsimile: (206) 359-5000

Of Attorneys for Defendants Sprint Spectrum,
L.P. and NextelWest Corporation

NOTICE OF REMOVAL BY DEFENDANTS
SPRINT SPECTRUM L.P. AND NEXTEL WEST
CORP. (NO. _____ ) – 11
91004-1100/LEGAL14959196.2

1
2       Frederic R. Klein, not yet admitted
3       Kerry D. Nelson , not yet admitted
4       GOLDBERG KOHN BELL BLACK
5       ROSENBLOOM & MORITZ, LTD.
6       55 East Monroe Street, Suite 3300
7       Chicago, IL  60603
8       (312) 201-4000
9
10      Of Attorneys for Defendants Sprint Spectrum,
11      L.P. and NextelWest Corporation
12
13
14      Michael T. Lifrak, not yet admitted
15      QUINN EMANUEL URQUHART
16      OLIVER & HEDGES, LLP
17      865 South Figueroa Street, 10th Floor
18      Los Angeles, CA 90017
19      (213) 443-3000
20
21      Of Attorneys for Defendants Sprint Spectrum,
22      L.P. and NextelWest Corporation
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

NOTICE OF REMOVAL BY DEFENDANTS
SPRINT SPECTRUM L.P. AND NEXTEL WEST
CORP. (NO. _____ ) – 12

91004-1100/LEGAL14959196.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# Exhibit A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

## SUPERIOR COURT OF WASHINGTON
## KING COUNTY

| | |
|---|---|
| WILMA ARMER, individually and on behalf of all others similarly situated, | CLASS ACTION |
| Plaintiff, | Case No. 08-2-32201-7 SEA |
| vs. | **FIRST AMENDED COMPLAINT** |
| OPENMARKET, INC., a Michigan corporation, SPRINT SPECTRUM, L.P., a Delaware limited partnership, NEXTEL WEST CORPORATION, a Delaware corporation, | |
| Defendants. | |

Plaintiff, by her attorneys, upon personal knowledge as to herself and her own acts and upon information and belief as to all other matters, alleges as follows:

### NATURE OF THE ACTION

1.    Plaintiff Wilma Armer brings this amended class action complaint against defendant OpenMarket, Inc., headquartered in Seattle, Washington, and its carrier partners, Sprint Spectrum, L.P. and Nextel West Corporation for their wrongful practice of facilitating the charging of cellular telephone customers for products and services the customers have not authorized. Through this practice, defendants wrongfully collected a significant sum of money

FIRST AMENDED COMPLAINT
No. 08-2-32201-7 SEA

- 1 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 • Fax: (425) 868-7870

1   from consumers nationwide. Plaintiff Armer seeks to obtain redress for all persons injured by

2   defendants' wrongful conduct.

3                                          **PARTIES**

4        2.       Plaintiff Wilma Armer is a resident of Ohio who, as a result of defendant's

5   wrongful conduct, was billed and paid for services that she did not authorize.

6        3.       Defendant OpenMarket, Inc. ("OpenMarket") is a leading aggregator in the

7   United States. OpenMarket is a Michigan corporation headquartered in King County,

8   Washington at 2211 Elliott Avenue, Seattle, Washington 98121. OpenMarket does business

9   throughout the State of Washington and the nation.

10       4.       Defendants Nextel West Corporation and Sprint Spectrum LP (collectively,

11  "Sprint") are sister corporations of parent Sprint-Nextel Corporation and leading providers of

12  cellular telephone service in the State of Washington and the United States. Nextel West

13  Corporation is a Delaware corporation and Sprint Spectrum LP is a Delaware limited

14  partnership. Sprint does business throughout the State of Washington and this County.

15                               **JURISDICTION AND VENUE**

16       5.       This Court has jurisdiction over the subject matter of this action pursuant to RCW

17  § 2.08.010.

18       6.       Jurisdiction and venue are proper because OpenMarket is a corporation

19  headquartered in King County and/or because the improper conduct alleged in this complaint

20  occurred in, was directed from, and/or emanated from Washington.

21                               **FACTUAL BACKGROUND**

22       7.       The technology of most cellular telephones has advanced so that the devices can

23  send and receive text messages – including "premium" text message services – in addition to

24  their function of making and receiving telephone calls.

FIRST AMENDED COMPLAINT                      - 2 -
No. 08-2-32201-7 SEA

1    8.    These text message services, also known as "mobile content," include products

2 that range from the basic (customized ringtones for use with cell phones, sports score reports,

3 weather alerts, stock tips, horoscope services, and the like) to the advanced (direct payment

4 services, interactive radio, and participatory television).

5    9.    The delivery of mobile content involves a relationship between providers of

6 mobile content, aggregators such as OpenMarket, and wireless carriers such as Sprint. Of these

7 three, providers of mobile content deliver their products by means of cell phone technology.

8 Aggregators facilitate the billing and collection of payment for mobile content. And wireless

9 carriers (such as AT&T Wireless, Verizon Wireless, in addition to Sprint) provide cellular

10 service to customers.

11    10.    *Mobile content providers charge and collect monies from their customers by*

12 "piggybacking" on the cell phone bills sent to customers by the wireless carriers. Aggregators act

13 as middle-men between the mobile content providers and the wireless carriers. Mobile content

14 providers by themselves often lack the wherewithal to negotiate and form contractual

15 relationships with the much larger wireless carriers. Aggregators such as OpenMarket represent

16 numerous mobile content providers in negotiating and formalizing the agreements that allow the

17 mobile content providers to use and gain access to the billing and collection mechanisms of the

18 wireless carriers.

19    11.    In short, aggregators operate mobile transaction networks that help companies

20 develop, deliver, and bill for mobile content services throughout the State of Washington and the

21 nation. This allows content providers to focus on developing and marketing content applications

22 and programs while aggregators manage the complex carrier relationships, distribution, billing,

23 and customer service.

24

FIRST AMENDED COMPLAINT
No. 08-2-32201-7 SEA

- 3 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813  •  Fax: (425) 868-7870

1    12.    In some instances, aggregators charge mobile content providers upfront fees.  In
2  most instances, aggregators derive their revenue through a "revenue share" on transactions for
3  which they bill cell phone subscribers.  Hence, each time a charge is incurred in connection with
4  the purchase of mobile content services offered by a content provider, the aggregator and/or the
5  content provider cause that charge to be billed directly on the cellular telephone bill of the
6  carrier's customer who currently owns and/or uses the telephone number purportedly associated
7  with that purchase.

8    13.    The carrier then bills and collects the charge from its current subscriber, retains a
9  portion of the proceeds as its "revenue share," and then remits the balance to the aggregator who
10  has direct access to its network.  OpenMarket retains a percentage of the balance in the form of
11  its own "revenue share," and then remits the remainder directly to the mobile content provider
12  (or, in some instances, to another aggregator who retains a percentage of the balance in the form
13  of its own "revenue share" and then remits the balance to its mobile content provider client).

14    14.    Total sales of premium mobile content in 2008 alone amounts to a significant
15  sum.  The business is still in its infancy, though, and the industry is experiencing massive
16  growth.

17          **Premium mobile content transactions:  It takes only a phone number**

18    15.    A mobile content provider needs the consumer's cellular telephone number to
19  charge that consumer for its products.  This is markedly different from transactions made using
20  checks and credit cards, each of which require either a signature or highly private fifteen- or
21  sixteen-digit credit card number.

22    16.    Once a mobile content provider has a consumer's cell phone number, it can cause
23  that consumer to be billed for services and products.  A mobile content provider accomplishes

24

FIRST AMENDED COMPLAINT
No. 08-2-32201-7 SEA

- 4 -

Law Offices of
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ▪ Fax: (425) 868-7870

1   such billing by providing the telephone number, along with an amount to be charged to the

2   account associated with that telephone number, to an aggregator.

3       17.    The aggregator, in turn, instructs the relevant cellular carrier to add the charge to

4   the bill associated with the account for that cell phone number. The charge will then appear on

5   the consumer's cell phone bill, often accompanied by minimal and cryptic identifying

6   information.

7       18.    Mobile content providers have powerful financial incentives to collect as many

8   cell phone numbers as possible but little incentive to ensure that the owners of those numbers

9   have truly agreed to purchase their goods and services.

10                 **The rub:  Collecting unauthorized charges**

11       19.    A serious flaw with this business structure and the collection methods of carriers,

12   aggregators, and mobile content providers has developed. The billing and collection systems

13   established in aid of the premium mobile content industry by companies including defendants are

14   free of any checks or safeguards to prevent erroneous and unauthorized charges from being

15   added to customers' bills. Recycled numbers, misleading "consent" procedures present when

16   customers sign-up for premium mobile content, and the absence of signature requirements, age

17   confirmations, or personal code numbers exacerbate the likelihood of unauthorized and wrongful

18   charges.

19       20.    Aggregators, mobile content providers, and wireless carriers bill and collect

20   monies for services in many instances where the customer never gave his or her authority to

21   receive and be billed for the content.

22       21.    The practice of collecting for wrongful charges has been understood, perpetuated,

23   and even encouraged by mobile content providers, aggregators, and carriers.

24

FIRST AMENDED COMPLAINT
No. 08-2-32201-7 SEA

- 5 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 • Fax: (425) 868-7870

1        22.     Defendants know that significant amounts of money have been collected on

2 account of such unauthorized charges for premium mobile content in the industry over the last

3 few years. While defendant has the capability to prevent the collection of money for

4 unauthorized charges, it has chosen to knowingly maintain the system that has allowed the

5 continued collection of these charges. Defendants have benefitted financially by retaining a

6 percentage of the improper collections.

7        23.     As they also know, defendants in particular routinely process charges for mobile

8 content that have not been authorized by the charged party.

9        24.     Defendants have in the State of Washington and the United States registered

10 numerous transactions and processed substantial sums of money in transactions over recent years

11 and has profited greatly from its arrangement with its content provider partners and wireless

12 carrier partners.

13        25.     That the industry experiences rapid growth means that defendants' conduct, if

14 allowed to go unchecked, will increasingly harm more people.

15                           **Facts related to plaintiff Armer**

16        26.     In or around 2005, plaintiff and her family purchased new cell phone service for

17 their personal use from an authorized sales representative of Sprint.

18        27.     On that same day, in exchange for a cellular telephone service plan, plaintiff

19 agreed to pay a set monthly fee for a period of approximately 12 months.

20        28.     In or around 2008, plaintiff's cell phone account was charged for unwanted

21 mobile content services in the form of "premium" text messages from defendants.

22        29.     At no time did plaintiff authorize the purchase of these products and services

23 provided by defendants and at no time did plaintiff consent to defendant's sending of text

24 messages or other content to her cellular telephone.

FIRST AMENDED COMPLAINT
No. 08-2-32201-7 SEA

- 6 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 • Fax: (425) 868-7870

1    30.    Plaintiff paid at least some of the unauthorized charges because she was

2  unaware/confused as to the nature of the charges.

3    31.    Defendants have yet to provide plaintiff a full refund of the unauthorized charges

4  nor has defendant paid interest and/or provided an assurance that such unauthorized charges

5  would not appear in future billing periods.

6                              **CLASS ALLEGATIONS**

7    32.    Plaintiff Armer brings this action pursuant to CR 23 on behalf of herself and two

8  classes:

9    a)  The OpenMarket Class ("OpenMarket Class") consisting of all wireless telephone

10          subscribers nationwide who suffered losses or damages as a result of OpenMarket

11          facilitating the billing and collecting for mobile content products and services not

12          authorized by the subscriber; provided, however, that the following are excluded from

13          this proposed Class: (i) the defendants, and (ii) any employee of a defendant.

14    b)  The Sprint Class ("Carrier Class") consisting of all wireless telephone subscribers

15          nationwide who suffered losses or damages as a result of Sprint facilitating the billing

16          and collecting for mobile content products and services not authorized by the

17          subscriber; provided, however, that the following are excluded from this proposed

18          Class: (i) the defendants, and (ii) any employee of a defendant.

19    33.    The Classes consist of thousands of individuals and other entities, making joinder

20  impractical.

21    34.    The claims of plaintiff Armer are typical of the claims of all of the other members

22  of the Classes.

23    35.    Plaintiff will fairly and adequately represent and protect the interests of the other

24  members of the Classes. Plaintiff has retained counsel with substantial experience in prosecuting

FIRST AMENDED COMPLAINT
No. 08-2-32201-7 SEA                          - 7 -

Law Offices of
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813  •  Fax: (425) 868-7870

1 | complex litigation and class actions. Plaintiff and her counsel are committed to vigorously

2 | prosecuting this action on behalf of the members of the Classes, and have the financial resources

3 | to do so. Neither plaintiff nor her counsel has any interest adverse to those of the other members

4 | of the Classes

5 |       36.       Absent a class action, most members of the Classes would find the cost of

6 | litigating their claims to be prohibitive and will have no effective remedy. The class treatment of

7 | common questions of law and fact is also superior to multiple individual actions or piecemeal

8 | litigation in that it conserves the resources of the courts and the litigants, and promotes

9 | consistency and efficiency of adjudication.

10 |       37.       Defendants have acted and failed to act on grounds generally applicable to

11 | plaintiff and the other members of the Classes, requiring the Court's imposition of uniform relief

12 | to ensure compatible standards of conduct toward the members of the Classes.

13 |       38.       The factual and legal bases of defendants' liability to plaintiff and to the other

14 | members of the Classes are the same, resulting in injury to the plaintiff and all of the other

15 | members of the Classes. Plaintiff and the other members of the Classes have all suffered harm

16 | and damages as a result of defendants' wrongful conduct.

17 |       39.       There are many questions of law and fact common to the claims of plaintiff and

18 | the other members of the Classes, and those questions predominate over any questions that may

19 | affect individual members of the Classes. Such common questions for the OpenMarket Class

20 | include but are not limited to the following:

21 |              (a)       whether OpenMarket's conduct described herein results in unjust

22 |                        enrichment; and

23 |              (b)       whether OpenMarket's practices constitute unfair or deceptive acts or

24 |                        practices.

FIRST AMENDED COMPLAINT
No. 08-2-32201-7 SEA

- 8 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 • Fax: (425) 868-7870

1    40.    Such common questions for the Sprint Class include but are not limited to the

2 following:

3           (a)    whether Sprint's conduct described herein constitutes breach of contract.

4           (b)    whether Sprint's practices constitute unfair or deceptive acts or practices.

5    41.    The questions of law and fact common to the members of the class predominate

6 over any questions affecting only individual members and a class action is superior to all other

7 available methods for the fair and efficient adjudication of this controversy.

8                          **FIRST CAUSE OF ACTION**

9                          *Unjust Enrichment / Restitution*

10                   *(on behalf of plaintiff and the OpenMarket Class)*

11   42.    *Plaintiff incorporates by reference the foregoing allegations.*

12   43.    A benefit has been conferred upon OpenMarket by plaintiff and the Class.

13 OpenMarket has received and retains money belonging to plaintiff and the Class resulting from

14 its facilitation of billing and collecting significant amounts of money in unauthorized mobile

15 content charges.

16   44.    OpenMarket appreciates or has knowledge of said benefit.

17   45.    Under principles of equity and good conscience, OpenMarket should not be

18 permitted to retain the money belonging to plaintiff and the Class which OpenMarket has

19 unjustly received as a result of its wrongful actions.

20   46.    OpenMarket unjustly gained money from plaintiff and the Class as a direct result

21 of OpenMarket's conduct.

22

23

24

FIRST AMENDED COMPLAINT
No. 08-2-32201-7 SEA

- 9 -

LAW OFFICES OF
**CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ♦ Fax: (425) 868-7870

1

**SECOND CAUSE OF ACTION**

**Tortious Interference with a Contract**

**(on behalf of plaintiff and the OpenMarket Class)**

2

3

4       47.     Plaintiff incorporates by reference the foregoing allegations.

5       48.     Plaintiff and the Class had contractual relationships with their wireless carriers

6  whereby they agreed to pay a certain sum of money in exchange for activation of their cellular

7  telephone accounts and their carriers' promise to provide various communication and related

8  services to plaintiff and the Class and to bill plaintiff and the Class only for products or services

9  the purchase of which they had authorized.

10      49.     OpenMarket knew of said contractual relationships and intended to and did

11 induce a breach or disruption of the contractual relationships.

12      50.     OpenMarket intentionally interfered with said contractual relationship through

13 improper motives and/or means by knowingly and/or recklessly continually causing

14 unauthorized charges to be placed on the cellular telephone bills of cellular telephone owners

15 across the nation.

16      51.     Plaintiff and the Class suffered loss as a direct result of the conduct of

17 OpenMarket.

18

**THIRD CAUSE OF ACTION**

**Breach of Contract**

**(on behalf of plaintiff and the Sprint Class)**

19

20

21      52.     Plaintiff incorporates by reference the foregoing allegations.

22      53.     Plaintiff and the Sprint Class entered into substantially identical agreements with

23 defendant Sprint whereby plaintiff and Sprint agreed to pay a certain sum of money in exchange

24

FIRST AMENDED COMPLAINT                                          - 10 -
No. 08-2-32201-7 SEA

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 • Fax: (425) 868-7870

1  for Sprint's activation of plaintiff' cellular telephone accounts and promised to provide various

2  communication and related services to plaintiff and the Sprint Class.

3       54.     Defendant Sprint expressly and/or impliedly agreed to provide plaintiff and the

4  Sprint Class with a cellular telephone number free of unauthorized charges for third-party

5  products and services.

6       55.     Defendant Sprint further expressly and/or impliedly agreed to bill plaintiff and the

7  Sprint Class only for products or services the purchase of which they had authorized.

8       56.     Defendant Sprint further expressly and/or impliedly agreed to carry out its

9  obligations in good faith and fair dealing.

10      57.     Defendant Sprint breached their contractual obligations by providing plaintiff and

11 the Sprint Class with cellular telephone bills that included unauthorized charges for mobile

12 content.

13      58.     Defendant Sprint further breached their contractual obligations, including its

14 contractual obligation of good faith and fair dealing, by thereafter billing plaintiff and the Sprint

15 Class for products or services, the purchase of which they never authorized.

16      59.     Plaintiff and the Sprint Class have performed their obligations under the contracts.

17      60.     The aforementioned breaches of contract have proximately caused the plaintiff

18 and the Sprint Class economic injury and other damages.

19                          **FOURTH CAUSE OF ACTION**

20      **Violation of the Washington Consumer Protection Act, RCW § 19.86.010 *et seq.***

21                     **(on behalf of plaintiff and both Classes)**

22      61.     Plaintiff incorporates by reference the foregoing allegations.

23

24

FIRST AMENDED COMPLAINT
No. 08-2-32201-7 SEA

- 11 -

LAW OFFICES OF
**CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 868-7870

1     62.    The Washington Consumer Protection Act ("CPA") declares unlawful (a) an

2 unfair or deceptive act or practice, (b) occurring in trade or commerce, (c) with a public interest

3 impact, (d) that causes injury to plaintiff.

4     63.    At all relevant times, defendants have engaged in unfair and/or deceptive acts and

5 practices in the conduct of their respective businesses by misleadingly and deceptively

6 facilitating the charging of wireless telephone subscribers for unauthorized mobile content

7 charges.

8     64.    Defendants' unfair or deceptive business acts and practices impact the public

9 interest. Defendants committed the unfair or deceptive acts described herein in the course of

10 their business as part of a pattern and generalized course of conduct. Defendants' unfair or

11 deceptive business acts and practices have affected, and continue to affect, a great many

12 consumers. The business of cell phone service is replete with public interest.

13     65.    As a result of defendants' unfair or deceptive acts and practices in the conduct of

14 their businesses, plaintiff and the other members of the Classes have suffered actual financial

15 damages to their business and/or property.

16     66.    The State of Washington has an important interest in regulating the business

17 activities of companies headquartered in Washington state. At least some of the policies

18 complained of herein, that are the basis of the statutory claim in this cause of action, were

19 developed in, set in, and/or emanated from Washington state.

20     67.    Unless OpenMarket and Sprint are enjoined from their unfair or deceptive acts

21 and practices as alleged herein, OpenMarket and Sprint will continue to cause damage to

22 consumers.

FIRST AMENDED COMPLAINT
No. 08-2-32201-7 SEA

- 12 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 • Fax: (425) 868-7870

1

**PRAYER FOR RELIEF**

2      WHEREFORE, plaintiff Wilma Armer, on behalf of herself and the Classes, prays for the

3   following relief:

4      A.      Certify this case as a class action on behalf of the Classes defined above; appoint

5   Armer as representative of the classes; and appoint her counsel as class counsel;

6      B.      Declare that the actions of OpenMarket, as set out above, result in unjust

7   enrichment, constitute tortious interference with a contract, and violate the CPA;

8      C.      Enter judgment against OpenMarket for all damages caused by its conduct and, to

9   the extent authorized under the CPA, treble damages;

10     D.      Award restitution against OpenMarket for all money that OpenMarket has to

11  which plaintiff and the OpenMarket Class are entitled in equity;

12     E.      Declare that the actions of Sprint, as set out above, amount to breach of contract

13  and violate the CPA;

14     F.      Enter judgment against Sprint for all damages caused by its conduct and, to the

15  extent authorized under the CPA, treble damages;

16     G.      Award restitution against Sprint for all money that Sprint has to which plaintiff

17  and the Sprint Class are entitled in equity;

18     H.      Award plaintiff and the Classes their reasonable litigation expenses and attorneys'

19  fees;

20     I.      Award plaintiff and the Classes pre- and post-judgment interest, to the extent

21  allowable;

22     J.      Enter injunctive and/or declaratory relief as is necessary to protect the interests of

23  plaintiff and the Classes; and

24     K.      Award such other and further relief as equity and justice may require.

FIRST AMENDED COMPLAINT                    - 13 -
No. 08-2-32201-7 SEA

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 • Fax: (425) 868-7870

1    Dated: October 28, 2008            Respectfully submitted,

2                                       LAW OFFICES OF CLIFFORD A. CANTOR, P.C.

3                                       By:  s/ Clifford Cantor, WSBA # 17893.
                                        627 208th Ave. SE
4                                       Sammamish, WA  98074-7033
                                        Tel:    (425) 868-7813
5                                       Fax:   (425) 868-7870

6                                       Counsel for Plaintiff

7

8

9

10                              **Certificate of Service**

11        I certify that, on Oct. 28, 2008, I mailed a copy of the foregoing first amended complaint,
     along with summonses to Sprint Spectrum, L.P. and Nextel West Corporation, to Sanket Bulsara,
12   Wilmer Cutler Pickering Hale & Dorr LLP, 399 Park Ave., New York, NY 10022, counsel for
     OpenMarket, Inc., postage prepaid.
13

14                                       s/ Clifford Cantor, WSBA # 17893

15

16

17

18

19

20

21

22

23

24

FIRST AMENDED COMPLAINT                - 14 -                        LAW OFFICES OF
No. 08-2-32201-7 SEA                                              CLIFFORD A. CANTOR, P.C.
                                                                       627 208th Ave. SE
                                                                    Sammamish, WA  98074-7033
                                                               Tel: (425) 868-7813 • Fax: (425) 868-7870

Case Number:      08-2-32201-7
Case Title:       ARMER VS OPENMARKET INC
Document Title:   OTHER  RE FIRST AMENDED COMPLAINT
User's Name:      Clifford Cantor
Filed Date:       10/28/2008 3:32:23 PM

User Signed

Signed By:    Clifford Cantor
WSBA #:       17893
Date:         10/28/2008 3:30:51 PM