1
2
3
4
5
6
7
8
9
10
11
12

_____FILED _____ENTERED
_____LODGED_____RECEIVED

DEC  1 2008   DJ

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

13    UNITED STATES DISTRICT COURT
14    WESTERN DISTRICT OF WASHINGTON
15    AT SEATTLE

16
17
18    WILMA ARMER, individually and on          No.
19    behalf of all others similarly situated,
20
21                 Plaintiff,                    VERIFICATION OF STATE COURT
22                                               RECORDS
23          v.
24
25    OPENMARKET, INC., a Michigan
26    corporation, SPRINT SPECTRUM, L.P., a
27    Delaware limited partnership, NEXTEL
28    WEST CORPORATION, a Delaware
29    corporation,
30
31                 Defendants
32
33



**08-CV-01731-MISC**

34
35    AMANDA J. BEANE declares:
36
37          1.    I am an attorney at Perkins Coie LLP representing defendants Sprint Spectrum
38
39    L.P. and Nextel West Corp. herein.
40
41          2.    The attached are true and complete copies of all pleadings, orders and other
42
43    records and proceedings that were filed in the Superior Court of the State of Washington for
44
45    King County in Cause No. 08-2-32201-7 SEA, entitled "Wilma Armer v. OpenMarket, Inc.,
46
47    Sprint Spectrum, L.P., and Nextel West Corporation," as of December 1, 2008, other than the
48
49    First Amended Complaint, a copy of which was attached to Defendants' Notice of Removal.
50
51

VERIFICATION OF STATE
COURT RECORDS – 1

ORIGINAL

59113-0068/LEGAL14961420.1

1
2
3
4

**I declare under penalty of perjury that the foregoing is true and correct.**

EXECUTED this 1st day of December, 2008.

5
6
7
8
9
10

*Amanda J. Beane*

Amanda J. Beane

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

VERIFICATION OF STATE
COURT RECORDS – 2

59113-0068/LEGAL14961420.1

# DOCKET #1

1

2

FILED

08 SEP 17 PM 4:21

3

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA

4

JIM ROGERS.

5

6

SUPERIOR COURT OF WASHINGTON
KING COUNTY

7

8

WILMA ARMER, individually and on behalf
of all others similarly situated,

9

Plaintiff,

10

11

vs.

12

OPENMARKET, INC., a Michigan
corporation,

13

Defendant.

14

CLASS ACTION

08 – 2 – 3 2 2 0 1 – 7 SEA

Case No.

SUMMONS – 20-day

15

**TO THE DEFENDANT:**

16

A lawsuit has been started against you in the above-entitled court by Wilma Armer,

17

plaintiff.  Plaintiff's claim is stated in the written Complaint (the "Complaint"), a copy of which

18

is served upon you with this Summons.

19

In order to defend against this lawsuit, you must respond to the complaint by stating your

20

defense in writing, and by serving a copy upon the person signing this summons within 20 days

21

after the service of this summons, excluding the day of service, or a default judgment may be

22

entered against you without notice.  A default judgment is one where plaintiff is entitled to what

23

24

ORIGINAL

SUMMONS – 20-day

- 1 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 • Fax: (425) 868-7870

1   it asks for because you have not responded. If you serve a notice of appearance on the

2   undersigned person, you are entitled to notice before a default judgment may be entered.

3         You may demand that the plaintiff file this lawsuit with the court. If you do so, the

4   demand must be in writing and must be served upon the person signing this summons. Within

5   14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the

6   service on you of this summons and complaint will be void.

7         If you wish to seek the advice of an attorney in this matter, you should do so promptly so

8   that your written response, if any, may be served on time.

9         This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State

10   of Washington.

11

      Dated: September 17, 2008         Respectfully submitted,

12

                            LAW OFFICES OF CLIFFORD A. CANTOR, P.C.

13

                            By: _____

14                               Clifford A. Cantor (WSBA # 17893)

                            627 208th Ave. SE

15                             Sammamish, WA  98074-7033

                            Tel:   (425) 868-7813

16                             Fax:   (425) 868-7870

17                             Counsel for Plaintiff

18

19

20

21

22

23

24

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel: (425) 868-7813 ● Fax: (425) 868-7870



RECEIVED
In King County Superior Court Clerk's Office

SEP 1 7 2008

Cashier Secc...
Superior Court-Clerk

SUPERIOR COURT OF WASHINGTON
KING COUNTY

WILMA ARMER, individually and on behalf
of all others similarly situated,

          Plaintiff,

   vs.

OPENMARKET, INC., a Michigan
corporation,

          Defendant.

*CLASS ACTION*

Case No. **08 – 2 – 3 2 2 0 1 – 7** SEA

**SUMMONS – 20-day**

**TO THE DEFENDANT:**

A lawsuit has been started against you in the above-entitled court by Wilma Armer,

plaintiff. Plaintiff's claim is stated in the written Complaint (the "Complaint"), a copy of which

is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your

defense in writing, and by serving a copy upon the person signing this summons within 20 days

after the service of this summons, excluding the day of service, or a default judgment may be

entered against you without notice. A default judgment is one where plaintiff is entitled to what

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 • Fax (425) 868-7870

1    it asks for because you have not responded.  If you serve a notice of appearance on the

2    undersigned person, you are entitled to notice before a default judgment may be entered.

3          You may demand that the plaintiff file this lawsuit with the court.  If you do so, the

4    demand must be in writing and must be served upon the person signing this summons.  Within

5    14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the

6    service on you of this summons and complaint will be void.

7          If you wish to seek the advice of an attorney in this matter, you should do so promptly so

8    that your written response, if any, may be served on time.

9          This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State

10   of Washington.

11

12        Dated:  September 17, 2008              Respectfully submitted,

13                                               LAW OFFICES OF CLIFFORD A. CANTOR, P.C.

     By:  _____
14        Clifford A. Cantor (WSBA # 17893)
          627 208th Ave. SE
15        Sammamish, WA  98074-7033
          Tel:   (425) 868-7813
16        Fax:   (425) 868-7870

17        Counsel for Plaintiff

18

19

20

21

22

23

24

SUMMONS – 20-day                          - 2 -

1

FILED

2

08 SEP 17  PM 4:21

3

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA

4

5                                                                      JIM ROGERS

6                        SUPERIOR COURT OF WASHINGTON
                                    KING COUNTY
7

8  | WILMA ARMER, individually and on behalf    CLASS ACTION
9  | of all others similarly situated,
                                                 08 - 2 - 3 2 2 0 1 - 7 SEA
10 |                 Plaintiff,                   Case No.

11 |         vs.

12 | OPENMARKET, INC., a Michigan                 COMPLAINT
   | corporation,
13 |
14 |                 Defendant.

15         Plaintiff, by her attorneys, upon personal knowledge as to herself and her own acts and

16  upon information and belief as to all other matters, alleges as follows:

17                              **NATURE OF THE ACTION**

18         1.       Plaintiff Wilma Armer brings this class action complaint against defendant

19  OpenMarket, Inc., headquartered in Seattle, Washington, for its wrongful practice of facilitating

20  the charging of cellular telephone customers for products and services the customers have not

21  authorized.  Through this practice, OpenMarket wrongfully collected a significant sum of money

22  from consumers nationwide.  Plaintiff Armer seeks to obtain redress for all persons injured by

23  OpenMarket's wrongful conduct.

24

ORIGINAL

COMPLAINT                              - 1 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel: (425) 868-7813 ● Fax: (425) 868-7870

1

<div align="center">

**PARTIES**

</div>

2          2.      Plaintiff Wilma Armer is a resident of Florida who, as a result of defendant's

3    wrongful conduct, was billed and paid for services that she did not authorize.

4          3.      Defendant OpenMarket, Inc. ("OpenMarket") is a leading aggregator in the

5    United States.  OpenMarket is a Michigan corporation headquartered in King County,

6    Washington at 2211 Elliott Avenue, Seattle, Washington 98121.  OpenMarket does business

7    throughout the State of Washington and the nation.

8

<div align="center">

**JURISDICTION AND VENUE**

</div>

9          4.      This Court has jurisdiction over the subject matter of this action pursuant to RCW

10   § 2.08.010.

11         5.      Jurisdiction and venue are proper because OpenMarket is a corporation

12   headquartered in King County and/or because the improper conduct alleged in this complaint

13   occurred in, was directed from, and/or emanated from Washington.

14

<div align="center">

**FACTUAL BACKGROUND**

</div>

15         6.      The technology of most cellular telephones has advanced so that the devices can

16   send and receive text messages – including "premium" text message services – in addition to

17   their function of making and receiving telephone calls.

18         7.      These text message services, also known as "mobile content," include products

19   that range from the basic (customized ringtones for use with cell phones, sports score reports,

20   weather alerts, stock tips, horoscope services, and the like) to the advanced (direct payment

21   services, interactive radio, and participatory television).

22         8.      The delivery of mobile content involves a relationship between providers of

23   mobile content, aggregators such as OpenMarket, and wireless carriers.  Of these three, providers

24   of mobile content deliver their products by means of cell phone technology.  Aggregators

COMPLAINT                              - 2 -

LAW OFFICES OF
**CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 868-7870

1  facilitate the billing and collection of payment for mobile content. And wireless carriers (such as

2  AT&T Wireless, Verizon Wireless, and others) provide cellular service to customers.

3      9.      Mobile content providers charge and collect monies from their customers by

4  "piggybacking" on the cell phone bills sent to customers by the wireless carriers. Aggregators act

5  as middle-men between the mobile content providers and the wireless carriers. Mobile content

6  providers by themselves often lack the wherewithal to negotiate and form contractual

7  relationships with the much larger wireless carriers. Aggregators such as OpenMarket represent

8  numerous mobile content providers in negotiating and formalizing the agreements that allow the

9  mobile content providers to use and gain access to the billing and collection mechanisms of the

10  wireless carriers.

11      10.     In short, aggregators operate mobile transaction networks that help companies

12  develop, deliver, and bill for mobile content services throughout the State of Washington and the

13  nation. This allows content providers to focus on developing and marketing content applications

14  and programs while aggregators manage the complex carrier relationships, distribution, billing,

15  and customer service.

16      11.     In some instances, aggregators charge mobile content providers upfront fees. In

17  most instances, aggregators derive their revenue through a "revenue share" on transactions for

18  which they bill cell phone subscribers. Hence, each time a charge is incurred in connection with

19  the purchase of mobile content services offered by a content provider, the aggregator and/or the

20  content provider cause that charge to be billed directly on the cellular telephone bill of the

21  carrier's customer who currently owns and/or uses the telephone number purportedly associated

22  with that purchase.

23      12.     The carrier then bills and collects the charge from its current subscriber, retains a

24  portion of the proceeds as its "revenue share," and then remits the balance to the aggregator who

COMPLAINT                              - 3 -

1    has direct access to its network. OpenMarket retains a percentage of the balance in the form of

2    its own "revenue share," and then remits the remainder directly to the mobile content provider

3    (or, in some instances, to another aggregator who retains a percentage of the balance in the form

4    of its own "revenue share" and then remits the balance to its mobile content provider client).

5        13.    Total sales of premium mobile content in 2008 alone amounts to a significant

6    sum. The business is still in its infancy, though, and the industry is experiencing massive

7    growth.

8                **Premium mobile content transactions: It takes only a phone number**

9        14.    A mobile content provider needs the consumer's cellular telephone number to

10   charge that consumer for its products. This is markedly different from transactions made using

11   checks and credit cards, each of which require either a signature or highly private fifteen- or

12   sixteen-digit credit card number.

13       15.    Once a mobile content provider has a consumer's cell phone number, it can cause

14   that consumer to be billed for services and products. A mobile content provider accomplishes

15   such billing by providing the telephone number, along with an amount to be charged to the

16   account associated with that telephone number, to an aggregator.

17       16.    The aggregator, in turn, instructs the relevant cellular carrier to add the charge to

18   the bill associated with the account for that cell phone number. The charge will then appear on

19   the consumer's cell phone bill, often accompanied by minimal and cryptic identifying

20   information.

21       17.    Mobile content providers have powerful financial incentives to collect as many

22   cell phone numbers as possible but little incentive to ensure that the owners of those numbers

23   have truly agreed to purchase their goods and services.

24

COMPLAINT                                    - 4 -

**The rub:  Collecting unauthorized charges**

18.     A serious flaw with this business structure and the collection methods of carriers, aggregators, and mobile content providers has developed.  The billing and collection systems established in aid of the premium mobile content industry by companies including OpenMarket are free of any checks or safeguards to prevent erroneous and unauthorized charges from being added to customers' bills.  Recycled numbers, misleading "consent" procedures present when customers sign-up for premium mobile content, and the absence of signature requirements, age confirmations, or personal code numbers exacerbate the likelihood of unauthorized and wrongful charges.

19.     Aggregators, mobile content providers, and wireless carriers bill and collect monies for services in many instances where the customer never gave his or her authority to receive and be billed for the content.

20.     The practice of collecting for wrongful charges has been understood, perpetuated, and even encouraged by mobile content providers, aggregators, and carriers.

21.     OpenMarket knows that significant amounts of money have been collected on account of such unauthorized charges for premium mobile content in the industry over the last few years.  While defendant has the capability to prevent the collection of money for unauthorized charges, it has chosen to knowingly maintain the system that has allowed the continued collection of these charges.  Defendant has benefitted financially by retaining a percentage of the improper collections.

22.     As it also knows, OpenMarket in particular routinely processes charges for mobile content that have not been authorized by the charged party.

23.     Defendant has in the State of Washington and the United States registered numerous transactions and processed substantial sums of money in transactions over recent years

COMPLAINT                                    - 5 -

1  and has profited greatly from its arrangement with its content provider partners and wireless

2  carrier partners.

3      24.    That the industry experiences rapid growth means that OpenMarket's conduct, if

4  allowed to go unchecked, will increasingly harm more people.

5  <center>**Facts related to plaintiff Armer**</center>

6      25.    In or around 2005, plaintiff and her family purchased new cell phone service for

7  their personal use from an authorized sales representative of a common wireless carrier.

8      26.    On that same day, in exchange for a cellular telephone service plan, plaintiff

9  agreed to pay a set monthly fee for a period of approximately 12 months.

10      27.    In or around 2008, plaintiff's cell phone account was charged for unwanted

11  mobile content services in the form of "premium" text messages from defendant.

12      28.    At no time did plaintiff authorize the purchase of these products and services

13  provided by defendant and at no time did plaintiff consent to defendant's sending of text

14  messages or other content to her cellular telephone.

15      29.    Plaintiff paid at least some of the unauthorized charges because she was

16  unaware/confused as to the nature of the charges.

17      30.    Defendant has yet to provide plaintiff a full refund of the unauthorized charges

18  nor has defendant paid interest and/or provided an assurance that such unauthorized charges

19  would not appear in future billing periods.

20  <center>**CLASS ALLEGATIONS**</center>

21      31.    Plaintiff Armer brings this action pursuant to CR 23 on behalf of herself and a

22  class consisting of all wireless telephone subscribers nationwide who suffered losses or damages

23  as a result of OpenMarket facilitating the billing and collecting for mobile content products and

24

COMPLAINT           - 6 -

1  services not authorized by the subscriber; provided, however, that the following are excluded

2  from this proposed Class: (i) the defendant, and (ii) any employee of a defendant.

3       32.     The Class consists of thousands of individuals and other entities, making joinder

4  impractical.

5       33.     The claims of plaintiff Armer are typical of the claims of all of the other members

6  of the Class.

7       34.     Plaintiff will fairly and adequately represent and protect the interests of the other

8  members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting

9  complex litigation and class actions. Plaintiff and her counsel are committed to vigorously

10  prosecuting this action on behalf of the members of the Class, and have the financial resources to

11  do so. Neither Plaintiff nor her counsel has any interest adverse to those of the other members of

12  the Class.

13       35.     Absent a class action, most members of the Class would find the cost of litigating

14  their claims to be prohibitive and will have no effective remedy. The class treatment of common

15  questions of law and fact is also superior to multiple individual actions or piecemeal litigation in

16  that it conserves the resources of the courts and the litigants, and promotes consistency and

17  efficiency of adjudication.

18       36.     OpenMarket has acted and failed to act on grounds generally applicable to

19  plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to

20  ensure compatible standards of conduct toward the members of the Class.

21       37.     The factual and legal bases of OpenMarket's liability to plaintiff and to the other

22  members of the Class are the same, resulting in injury to the plaintiff and all of the other

23  members of the Class. Plaintiff and the other members of the Class have all suffered harm and

24  damages as a result of OpenMarket's wrongful conduct.

COMPLAINT                 - 7 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 • Fax: (425) 868-7870

38.    There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class.  Common questions for the Class include but are not limited to the following:

(a)    whether OpenMarket's conduct described herein results in unjust enrichment; and

(b)    whether OpenMarket's practices constitute unfair and deceptive acts or practices.

39.    The questions of law and fact common to the members of the class predominate over any questions affecting only individual members and a class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

### Unjust Enrichment / Restitution

### (on behalf of plaintiff and the Class)

40.    Plaintiff incorporates by reference the foregoing allegations.

41.    A benefit has been conferred upon OpenMarket by plaintiff and the Class. OpenMarket has received and retains money belonging to plaintiff and the Class resulting from its facilitation of billing and collecting significant amounts of money in unauthorized mobile content charges.

42.    OpenMarket appreciates or has knowledge of said benefit.

43.    Under principles of equity and good conscience, OpenMarket should not be permitted to retain the money belonging to plaintiff and the Class which OpenMarket has unjustly received as a result of its wrongful actions.

COMPLAINT                                    - 8 -

1    44.    OpenMarket unjustly gained money from plaintiff and the Class as a direct result

2  of OpenMarket's conduct.

3    SECOND CAUSE OF ACTION

4    **Tortious Interference with a Contract**

5    **(on behalf of plaintiff and the Class)**

6    45.    Plaintiff incorporates by reference the foregoing allegations.

7    46.    Plaintiff and the Class had contractual relationships with their wireless carriers

8  whereby they agreed to pay a certain sum of money in exchange for activation of their cellular

9  telephone accounts and their carriers' promise to provide various communication and related

10  services to plaintiff and the Class and to bill plaintiff and the Class only for products or services

11  the purchase of which they had authorized.

12    47.    OpenMarket knew of said contractual relationships and intended to and did

13  induce a breach or disruption of the contractual relationships.

14    48.    OpenMarket intentionally interfered with said contractual relationship through

15  improper motives and/or means by knowingly and/or recklessly continually causing

16  unauthorized charges to be placed on the cellular telephone bills of cellular telephone owners

17  across the nation.

18    49.    Plaintiff and the Class suffered loss as a direct result of the conduct of

19  OpenMarket.

20    **THIRD CAUSE OF ACTION**

21    **Violation of the Washington Consumer Protection Act, RCW § 19.86.010 *et seq.***

22    **(on behalf of plaintiff and the Class)**

23    50.    Plaintiff incorporates by reference the foregoing allegations.

24

COMPLAINT                                            - 9 -

51.     The Washington Consumer Protection Act ("CPA") declares unlawful (a) an unfair or deceptive act or practice, (b) occurring in trade or commerce, (c) with a public interest impact, (d) that causes injury to plaintiff.

52.     At all relevant times, OpenMarket has engaged in unfair and deceptive acts and practices in the conduct of its business by misleadingly and deceptively facilitating the charging of wireless telephone subscribers for unauthorized mobile content charges.

53.     OpenMarket's unfair and deceptive business acts and practices impact the public interest. OpenMarket committed the unfair and deceptive acts described herein in the course of its business as part of a pattern and generalized course of conduct. OpenMarket's unfair and deceptive business acts and practices have affected, and continue to affect, a great many consumers.

54.     As a result of OpenMarket's unfair and deceptive acts and practices in the conduct of its business, plaintiff and the other members of the Class have suffered actual financial damages to their business and/or property.

55.     The State of Washington has an important interest in regulating the business activities of companies headquartered in Washington state. The policies complained of herein, that are the basis of the statutory claim in this cause of action, were developed in, set in, and/or emanated from Washington state.

56.     Unless OpenMarket is enjoined from its unfair and deceptive acts and practices as alleged herein, OpenMarket will continue to cause damage to consumers.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Wilma Armer, on behalf of herself and the Class, prays for the following relief:

COMPLAINT                                    - 10 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 • Fax: (425) 868-7870

1     A.     Certify this case as a class action on behalf of the Class defined above; appoint

2  Armer as class representatives; and appoint her counsel as class counsel;

3     B.     Declare that the actions of OpenMarket, as set out above, result in unjust

4  enrichment, constitute tortious interference with a contract, and violate the CPA;

5     C.     Enter judgment against OpenMarket for all damages caused by its conduct and, to

6  the extent authorized under the CPA, treble damages;

7     D.     Award restitution against OpenMarket for all money that OpenMarket has to

8  which plaintiff and the Class are entitled in equity;

9     E.     Award plaintiff and the Class their reasonable litigation expenses and attorneys'

10  fees;

11     F.     Award plaintiff and the Class pre- and post-judgment interest, to the extent

12  allowable;

13     G.     Enter injunctive and/or declaratory relief as is necessary to protect the interests of

14  plaintiff and the Class; and

15     H.     Award such other and further relief as equity and justice may require.

16     Dated: September 17, 2008     Respectfully submitted,

17

18     LAW OFFICES OF CLIFFORD A. CANTOR, P.C.

By: _____

19     Clifford A. Cantor (WSBA # 17893)
627 208th Ave. SE

20     Sammamish, WA  98074-7033
Tel:   (425) 868-7813

21     Fax:   (425) 868-7870

22     Counsel for Plaintiff

23

24

COMPLAINT     - 11 -

# DOCKET #2

FILED

08 SEP 17 PM 4: 22

SUPERIOR COURT CLERK
SEATTLE, WA

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
# IN AND FOR THE COUNTY OF KING

| | | |
|---|---|---|
| WILMA ARMER | | NO. 08-2-32201-7    SEA |
| | | Order Setting Civil Case Schedule (*ORSCS) |
| vs | Plaintiff(s) | |
| OPENMARKET, INC. | | ASSIGNED JUDGE Rogers    45 |
| | | FILE DATE:    09/17/2008 |
| | Defendant(s) | TRIAL DATE:    **03/08/2010** |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule (Schedule)** on the Defendant(s) along with the **Summons and Complaint/Petition.** Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the **Summons and Complaint/Petition** or (2) service of the Defendant's first response to the **Complaint/Petition,** whether that response is a **Notice of Appearance,** a response, or a Civil Rule 12 (CR 12) motion. The *Schedule* may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

*"I understand that I am required to give a copy of these documents to all parties in this case."*

_____          _____
        Print Name                                    Sign Name

## I. NOTICES (continued)

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLR*] -- especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of $200 must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING <u>AND</u> TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and cross-claims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a $220 arbitration fee.** If a party seeks a trial de novo when an arbitration award is appealed, a fee of $250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
All parties will be assessed a fee authorized by King County Code 4.71.050 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/kcscc.**

Order Setting Civil Case Schedule (*ORSCS)                                        REV. 08/08     2

## II. CASE SCHEDULE

| CASE EVENT | DEADLINE or EVENT DATE | Filing Needed |
|---|---|---|
| Case Filed and Schedule Issued. | Wed 09/17/2008 | * |
| Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [See KCLMAR 2.1(a) and Notices on Page 2]. **$220 arbitration fee must be paid** | Wed 02/25/2009 | * |
| DEADLINE to file Confirmation of Joinder if not subject to Arbitration. [See KCLCR 4.2(a) and Notices on Page 2]. | Wed 02/25/2009 | * |
| DEADLINE for Hearing Motions to Change Case Assignment Area. [See KCLCR 82(e)] | Wed 03/11/2009 | |
| DEADLINE for Disclosure of Possible Primary Witnesses [See KCLCR 26(b)]. | Mon 10/05/2009 | |
| DEADLINE for Disclosure of Possible Additional Witnesses [See KCLCR 26(b)]. | Mon 11/16/2009 | |
| DEADLINE for Jury Demand [See KCLCR 38(b)(2)]. | Mon 11/30/2009 | * |
| DEADLINE for Setting Motion for a Change in Trial Date [See KCLCR 40(e)(2)]. | Mon 11/30/2009 | * |
| DEADLINE for Discovery Cutoff [See KCLCR 37(g)]. | Tue 01/19/2010 | |
| DEADLINE for Engaging in Alternative Dispute Resolution [See KCLCR 16(b)]. | Mon 02/08/2010 | |
| DEADLINE for Exchange Witness & Exhibit Lists & Documentary Exhibits [See KCLCR 4(j)]. | Tue 02/16/2010 | |
| DEADLINE to file Joint Confirmation of Trial Readiness [See KCLCR 16(a)(2)] | Tue 02/16/2010 | * |
| DEADLINE for Hearing Dispositive Pretrial Motions [See KCLCR 56; CR 56]. | Mon 02/22/2010 | |
| Joint Statement of Evidence [See KCLCR (4)(k)]. | Mon 03/01/2010 | * |
| DEADLINE for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file Proposed Findings of Fact and Conclusions of Law with the Clerk) | Mon 03/01/2010 | * |
| Trial Date [See KCLCR 40]. | Mon 03/08/2010 | |

### III. ORDER

Pursuant to King County Local Civil Rule 4 [KCLCR 4], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Civil Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this Order Setting Civil Case Schedule and attachment on all other parties.

DATED:    09/17/2008

PRESIDING JUDGE

### IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

READ THIS ORDER PRIOR TO CONTACTING YOUR ASSIGNED JUDGE

**This case is assigned to the Superior Court Judge whose name appears in the caption of this *Schedule*. The assigned Superior Court Judge will preside over and manage this case for all pre-trial matters.**

<u>COMPLEX LITIGATION:</u> If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**The following procedures hereafter apply to the processing of this case:**

<u>APPLICABLE RULES:</u>

a. Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through-26 shall apply to the processing of civil cases before Superior Court Judges.

<u>CASE SCHEDULE AND REQUIREMENTS:</u>

A. <u>Show Cause Hearing:</u> A Show Cause Hearing will be held before the Chief Civil/Chief RJC judge if the case does not have confirmation of service on all parties, answers to all claims, crossclaims, or counterclaims as well as the confirmation of joinder or statement of arbitrability filed before the deadline in the attached case schedule. All parties will receive an *Order to Show Cause* that will set a specific date and time for the hearing. Parties and/or counsel who are required to attend will be named in the order.

B. <u>Pretrial Order:</u> An order directing completion of a Joint Confirmation of Trial Readiness Report will be mailed to all parties approximately six (6) weeks before trial. **This order will contain deadline dates for the pretrial events listed in King County Local Civil Rule 16:**

1) Settlement/Mediation/ADR Requirement;
2) Exchange of Exhibit Lists;
3) Date for Exhibits to be available for review;
4) Deadline for disclosure of witnesses;
5) Deadline for filing Joint Statement of Evidence;
6) Trial submissions, such as briefs, Joint Statement of Evidence, jury instructions;
7) voir dire questions, etc;
8) Use of depositions at trial;
9) Deadlines for nondispositive motions;
10) Deadline to submit exhibits and procedures to be followed with respect to exhibits;
11) Witnesses -- identity, number, testimony;

C. <u>Joint Confirmation regarding Trial Readiness Report:</u> No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g. interpreters, equipment), etc. If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff/petitioner's counsel is responsible for contacting the other parties regarding said report.

D. <u>Settlement/Mediation/ADR:</u>

**1) Forty five (45) days before the Trial Date,** counsel for plaintiff shall submit a written settlement demand. Ten (10) days after receiving plaintiff's written demand, counsel for defendant shall respond (with a counteroffer, if appropriate).

**2) Twenty eight (28) days before the Trial Date,** a settlement/mediation/ADR conference shall have been held. **FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.**

E. <u>Trial:</u> Trial is scheduled for 9:00 a.m. on the date on the *Schedule or as soon thereafter as convened by the court.* The Friday before trial, the parties should access the King County Superior Court website at www.kingcounty.gov/kcsc to confirm trial judge assignment. Information can also be obtained by calling (206) 205-5984.

MOTIONS PROCEDURES:

A. Noting of Motions

Dispositive Motions: All Summary Judgment or other motions that dispose of the case in whole or in part will be heard with oral argument before the assigned judge. The moving party must arrange with the courts a date and time for the hearing, consistent with the court rules.
King County Local Civil Rule 7 and King County Local Civil Rule 56 govern procedures for all summary judgment or other motions that dispose of the case in whole or in part. The local rules can be found at www.kingcounty.gov/kcscc.

Nondispositive Motions: These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the Note for Motion should state "Without Oral Argument." King County Local Civil Rule 7 governs these motions, which include discovery motions. The local rules can be found at www.kingcounty.gov/kcscc.

Motions in Family Law Cases not involving children: Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions Calendar. King County Local Civil Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at www.kingcounty.gov/kcscc.

Emergency Motions: Emergency motions will be allowed only upon entry of an Order Shortening Time. However, emergency discovery disputes may be addressed by telephone call, and without written motion, if the judge approves.

Filing of Documents All original documents must be filed with the Clerk's Office. The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge. The assigned judge's working copy must be delivered to his/her courtroom or to the judges' mailroom. Do not file working copies with the Motions Coordinator, except those motions to be heard on the Family Law Motions Calendar, in which case the working copies should be filed with the Family Law Motions Coordinator.

Original Proposed Order: Each of the parties must include in the working copy materials submitted on any motion an original proposed order sustaining his/her side of the argument. Should any party desire a copy of the order as signed and filed by the judge, a preaddressed, stamped envelope shall accompany the proposed order.

Presentation of Orders: All orders, agreed or otherwise, must be presented to the assigned judge. If that judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the assigned judge or in the Ex Parte Department. Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. If final orders and/or formal proof are entered in the Ex Parte Department, counsel is responsible for providing the assigned judge with a copy.

C. Form: Memoranda/briefs for matters heard by the assigned judge may not exceed twenty four (24) pages for dispositive motions and twelve (12) pages for nondispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

IT IS SO ORDERED. FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS. PLAINTIFF/PETITIONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.

**PRESIDING JUDGE**

# DOCKET #3

FILED

08 SEP 17 PM 4: 21

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA

KING COUNTY SUPERIOR COURT
BARBARA MINER
DIRECTOR & SUPERIOR CT CLERK
SEATTLE WA

08-2-32201-7

| Rcpt. Date | Acct. Date | Time |
|---|---|---|
| 09/17/2008 | 09/17/2008 | 04:20 PM |

Receipt/Item #    Tran-Code    Docket-Code
2008-02-18892/01    1100    *FFR
Cashier: RCF

Paid By: CANTOR, CLIFFORD
   Transaction Amount:            $200.00

### KING COUNTY SUPERIOR COURT
### CASE ASSIGNMENT DESIGNATION
### and
### CASE INFORMATION COVER SHEET
### (cics)

In accordance with LR82(e), a faulty document fee of $15 will be assessed to new case filings missing this sheet pursuant to King County Code 4.71.100.

CASE NUMBER: _____ 08 - 2 - 3 2 2 0 1 - 7 SEA

CASE CAPTION:    _Wilma Armer v. OpenMarket, Inc._

I certify that this case meets the case assignment criteria, described in King County LR 82(e), for the:

__x__ Seattle Area, defined as:

All of King County north of Interstate 90 and including all of the Interstate 90 right-of-way; all the cities of Seattle, Mercer Island, Bellevue, Issaquah and North Bend; and all of Vashon and Maury Islands.

_____ Kent Area, defined as:

All of King County south of Interstate 90 except those areas included in the Seattle Case Assignment Area.

Signature of Petitioner/Plaintiff                                            Date

or

_Cliff Cantor   Cliff Cantor_

Signature of Attorney for                                            9/17/2008
Petitioner/Plaintiff                                            Date

# 17893
WSBA Number

**KING COUNTY SUPERIOR COURT**
**CASE ASSIGNMENT DESIGNATION**
**and**
**CASE INFORMATION COVER SHEET**

Please check one category that best describes this case for indexing purposes. Accurate case indexing not only saves time but helps in forecasting judicial resources. A faulty document fee of $15 will be assessed to new case filings missing this sheet pursuant to Administrative Rule 2 and King County Code 4.71.100.

**ADOPTION/PATERNITY**

- Adoption (ADP 5)
- Challenge to Acknowledgment of Paternity (PAT 5)*
- Challenge to Denial of Paternity (PAT 5)*
- Confidential Intermediary (MSC 5)
- Establish Parenting Plan-Existing King County Paternity (MSC 5)*
- Initial Pre-Placement Report (PPR 5)
- Modification (MOD 5)*
- Modification-Support Only (MDS 5)*
- Paternity, Establish/Disestablish (PAT 5)*
- Paternity/UIFSA (PUR 5)*
- Out-of-State Custody Order Registration (OSC 5)
- Out-of-State Support Order Registration (FJU5)
- Relinquishment (REL 5)
- Relocation Objection/Modification (MOD 5)*
- Rescission of Acknowledgment of Paternity (PAT 5)*
- Rescission of Denial of Paternity (PAT 5)*
- Termination of Parent-Child Relationship (TER 5)

**APPEAL/REVIEW**

- Administrative Law Review (ALR 2)*
- DOL Implied Consent—Test Refusal –only RCW 46.20.308 (DOL 2)*

**CONTRACT/COMMERCIAL**

- Breach of Contract (COM 2)*
- Commercial Contract (COM 2)*
- Commercial Non-Contract (COL 2)*
- Meretricious Relationship With No Children (MER 2)* and Not Pregnant
- Third Party Collection (COL 2)*
- Breach of Contract (COM 2)*

**DOMESTIC RELATIONS**

- Annulment/Invalidity (INV3)* with dependent children? Y / N; wife pregnant? Y / N
- Nonparental Custody (CUS 3)*
- Dissolution With Children (DIC 3)*
- Dissolution With No Children (DIN 3)* wife pregnant? Y / N
- Enforcement/Show Cause- Out of County (MSC 3)
- Establish Residential Sched/Parenting Plan(PPS 3)* ££
- Establish Supprt Only (PPS 3)* ££
- Legal Separation (SEP 3)* with dependent children? Y / N; wife pregnant? Y / N
- Mandatory Wage Assignment (MWA 3)
- Modification (MOD 3)*
- Modification - Support Only (MDS 3)*
- Out-of-state Custody Order Registration (OSC 3)
- Out-of-State Support Court Order Registration (FJU 3)
- Relocation Objection/Modification (MOD 3)*

**DOMESTIC PARTNERSHIP-REGISTERED**

- Dissolution of Domestic Partnership With Children (DPC 3)'
- Dissolution of Domestic Partnership- No Children- (DPN3)* pregnant? Y / N
- Invalidity of Domestic Partnership (INP 3)* with dependent children? Y / N; pregnant? Y / N
- Legal Separation of Domestic Partnership (SPD 3)* with dependent children? Y / N; pregnant? Y / N

**DOMESTIC VIOLENCE/ANTIHARASSMENT**

- Civil Harassment (HAR 2)
- Confidential Name Change (CHN 5)
- Domestic Violence (DVP 2)
- Domestic Violence with Children (DVC 2)
- Foreign Protection Order (FPO 2)
- Sexual Assault Protection Order (SXP 2)
- Vulnerable Adult Protection (VAP 2)

£ Paternity Affidavit or Existing/Paternity is not an issue and NO other case exists in King County    * The filing party will be given an appropriate case schedule at time of filing.   ** Case schedule will be issued after hearing and findings.

**KING COUNTY SUPERIOR COURT**
**CASE ASSIGNMENT DESIGNATION**
and
**CASE INFORMATION COVER SHEET**

Please check <u>one</u> category that best describes this case for indexing purposes.

**JUDGMENT**

- [ ] Confession of Judgment (MSC 2)*
- [ ] Judgment, Another County, Abstract (ABJ 2)
- [ ] Judgment, Another State or Country (FJU 2)
- [ ] Tax Warrant (TAX 2)
- [ ] Transcript of Judgment (TRJ 2)

**PROPERTY RIGHTS**

- [ ] Condemnation/Eminent Domain (CON 2)*
- [ ] Foreclosure (FOR 2)*
- [ ] Land Use Petition (LUP 2)*
- [ ] Property Fairness (PFA 2)*
- [ ] Quiet Title (QTI 2)*
- [ ] Unlawful Detainer (UND 2)

**OTHER COMPLAINT/PETITION**

- [ ] Action to Compel/*Confirm Private Binding Arbitration* (MSC 2)
- [ ] Certificate of Rehabilitation (MSC 2)
- [ ] Change of Name (CHN 2)
- [ ] Deposit of Surplus Funds (MSC 2)
- [ ] Emancipation of Minor (EOM 2)
- [ ] Frivolous Claim of Lien (MSC 2)
- [ ] Injunction (INJ 2)*
- [ ] Interpleader (MSC 2)
- [ ] Malicious Harassment (MHA 2)*
- [ ] Non-Judicial Filing (MSC 2)
- [ ] Other Complaint/Petition(MSC 2)*
- [ ] Seizure of Property from the Commission of a Crime (SPC 2)*
- [ ] Seizure of Property Resulting from a Crime (SPR 2)*
- [ ] Structured Settlements (MSC 2)*
- [ ] Subpoena (MSC 2)

**PROBATE/GUARDIANSHIP**

- [ ] Absentee (ABS 4)
- [ ] Disclaimer (DSC4)
- [ ] Estate (EST 4)
- [ ] Foreign Will (FNW 4)
- [ ] Guardian (GDN4)

- [ ] Limited Guardianship (LGD 4)
- [ ] Minor Settlement (MST 4)
- [ ] Notice to Creditors – Only (NNC 4)
- [ ] Trust (TRS 4)
- [ ] Trust Estate Dispute Resolution Act/POA (TDR 4)
- [ ] Will Only—Deceased (WLL4)

**TORT, ASBESTOS**

- [ ] Personal Injury-Schroeter Goldmark (PIN 2)*
- [ ] Personal Injury- Other (PIN 2)
- [ ] Wrongful Death--Schroeter Goldmark (WDE 2)*
- [ ] Wrongful Death- Other (WDE 2)

**TORT, MEDICAL MALPRACTICE**

- [ ] Hospital (MED 2)*
- [ ] Medical Doctor (MED 2)*
- [ ] Other Health Care Professional (MED 2)*

**TORT, MOTOR VEHICLE**

- [ ] Death (TMV 2)*
- [ ] Non-Death Injuries (TMV 2)*
- [ ] Property Damage Only (TMV 2)*
- [ ] Victims Vehicle Theft (VVT 2)*

**TORT, NON-MOTOR VEHICLE**

- [ ] Implants (PIN 2)
- [ ] Other Malpractice (MAL 2)*
- [ ] Personal Injury (PIN 2)*
- [ ] Products Liability (TTO 2)*
- [ ] Property Damage (PRP 2)*
- [ ] *Property Damage –Gang (PRG 2)*
- [x] Tort, Other (TTO 2)*

**WRIT**

- [ ] Habeas Corpus (WHC 2)
- [ ] Mandamus (WRM 2)**
- [ ] Review (WRV 2)**

* The filing party will be given an appropriate case schedule at time of filing.    ** Case schedule will be issued after hearing and findings.

3

# DOCKET #4

1

2

FILED

3          08 SEP 18  PM 1: 54

4          KING COUNTY
           SUPERIOR COURT CLERK
           SEATTLE, WA

5

6                SUPERIOR COURT OF WASHINGTON
                        KING COUNTY

7

8   WILMA ARMER, individually and on behalf        Case No. 08-2-32201-7 SEA
    of all others similarly situated,

9
                         Plaintiff,                **ERRATUM re. COMPLAINT**

10

    vs.

11

    OPENMARKET, INC., a Michigan

12  corporation,

13                       Defendant.

14

15          In the complaint, paragraph number two states that plaintiff Wilma Armer is a resident of

16  Florida. This was an inadvertent administrative error. Plaintiff Armer is a resident of Ohio and

    the complaint at paragraph number two should so state.

17

18          Dated: September 18, 2008            Respectfully submitted,

19                                               LAW OFFICES OF CLIFFORD A. CANTOR, P.C.

20                                               By: _____
                                                     Clifford A. Cantor (WSBA # 17893)

21                                               627 208th Ave. SE
                                                 Sammamish, WA  98074-7033

22                                               Tel:   (425) 868-7813
                                                 Fax:   (425) 868-7870

23                                               Counsel for Plaintiff

                    *ORIGINAL*

24

    ERRATUM re. COMPLAINT                  - 1 -           LAW OFFICES OF
    No. 08-2-32201-7 SEA                                  CLIFFORD A. CANTOR, P.C.
                                                             627 208th Ave. SE
                                                         Sammamish, WA  98074-7033
                                                 Tel: (425) 868-7813  ●  Fax: (425) 868-7870

# DOCKET #5

FILED

2008 SEP 25 AM 10: 48

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA

**SUPERIOR COURT, IN AND FOR THE COUNTY OF KING, STATE OF WASHINGTON**

| | |
|---|---|
| WILMA ARMER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED<br>Plaintiff/Petitioner | Cause #:   08-2-32201-7SEA |
| VS.<br>OPENMARKET, INC., A MICHIGAN CORPORATION<br>Defendant/Respondent | Declaration of Service of:<br>SUMMONS; COMPLAINT; CASE ASSIGNMENT DESIGNATION AND CASE INFORMATION COVER SHEET; ERRATUM RE: COMPLAINT; ORDER SETTING CIVIL CASE SCHEDULE |
| | Hearing Date: |

Declaration:

The undersigned hereby declares: That s(he) is now and at all times herein mentioned, a citizen of the United States and a resident of the State of Washington, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness therein.

On the date and time of Sep 22 2008 10:30AM at the address of 1801 W BAY DR NW SUITE 206 OLYMPIA, within the County of THURSTON, State of WASHINGTON, the declarant duly served the above described documents upon OPENMARKET, INC.  by then and there personally delivering 1 true and correct copy(ies) thereof, by then presenting to and leaving the same with JEFF MINER, AGENT FOR CT CORPORATION SYSTEM, REG. AGENT FOR CORP. .

No information was provided that indicates that the subjects served are members of the U.S. military.

I hereby declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated: September 24, 2008 at Olympia, WA .

by _____                    Service Fee Total: $ 69.10
     S. Treiber      PSR2003-0326-02

ABC Legal Services, Inc.
206 521-9000
Tracking #: 5329767

**ORIGINAL**
**PROOF OF SERVICE**

Page 1 of 1

55
Cantor, Clifford A. / Law Offices P.C.
627 208th Ave SE
Sammamish, WA    98074
425 868-7813

# DOCKET #6

1

2

3

4

5

6          SUPERIOR COURT OF WASHINGTON
                    KING COUNTY
7

8    WILMA ARMER, individually and on behalf          CLASS ACTION
     of all others similarly situated,
9

10                   Plaintiff,                        Case No. 08-2-32201-7 SEA

11        vs.

12   OPENMARKET, INC., a Michigan                     FIRST AMENDED COMPLAINT
     corporation, SPRINT SPECTRUM, L.P., a
13   Delaware limited partnership, NEXTEL
     WEST CORPORATION, a Delaware
14   corporation,

15                   Defendants.

16

17       Plaintiff, by her attorneys, upon personal knowledge as to herself and her own acts and

18   upon information and belief as to all other matters, alleges as follows:

19                          **NATURE OF THE ACTION**

20       1.      Plaintiff Wilma Armer brings this amended class action complaint against

21   defendant OpenMarket, Inc., headquartered in Seattle, Washington, and its carrier partners,

22   Sprint Spectrum, L.P. and Nextel West Corporation for their wrongful practice of facilitating the

23   charging of cellular telephone customers for products and services the customers have not

24   authorized. Through this practice, defendants wrongfully collected a significant sum of money

FIRST AMENDED COMPLAINT                    - 1 -
No. 08-2-32201-7 SEA

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 • Fax: (425) 868-7870

1   from consumers nationwide. Plaintiff Armer seeks to obtain redress for all persons injured by

2   defendants' wrongful conduct.

3                                **PARTIES**

4          2.      Plaintiff Wilma Armer is a resident of Ohio who, as a result of defendant's

5   wrongful conduct, was billed and paid for services that she did not authorize.

6          3.      Defendant OpenMarket, Inc. ("OpenMarket") is a leading aggregator in the

7   United States. OpenMarket is a Michigan corporation headquartered in King County,

8   Washington at 2211 Elliott Avenue, Seattle, Washington 98121. OpenMarket does business

9   throughout the State of Washington and the nation.

10         4.      Defendants Nextel West Corporation and Sprint Spectrum LP (collectively,

11  "Sprint") are sister corporations of parent Sprint-Nextel Corporation and leading providers of

12  cellular telephone service in the State of Washington and the United States. Nextel West

13  Corporation is a Delaware corporation and Sprint Spectrum LP is a Delaware limited

14  partnership. Sprint does business throughout the State of Washington and this County.

15                        **JURISDICTION AND VENUE**

16         5.      This Court has jurisdiction over the subject matter of this action pursuant to RCW

17  § 2.08.010.

18         6.      Jurisdiction and venue are proper because OpenMarket is a corporation

19  headquartered in King County and/or because the improper conduct alleged in this complaint

20  occurred in, was directed from, and/or emanated from Washington.

21                        **FACTUAL BACKGROUND**

22         7.      The technology of most cellular telephones has advanced so that the devices can

23  send and receive text messages – including "premium" text message services – in addition to

24  their function of making and receiving telephone calls.

FIRST AMENDED COMPLAINT                    - 2 -
No. 08-2-32201-7 SEA

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 868-7870

1    8.    These text message services, also known as "mobile content," include products

2  that range from the basic (customized ringtones for use with cell phones, sports score reports,

3  weather alerts, stock tips, horoscope services, and the like) to the advanced (direct payment

4  services, interactive radio, and participatory television).

5    9.    The delivery of mobile content involves a relationship between providers of

6  mobile content, aggregators such as OpenMarket, and wireless carriers such as Sprint. Of these

7  three, providers of mobile content deliver their products by means of cell phone technology.

8  Aggregators facilitate the billing and collection of payment for mobile content. And wireless

9  carriers (such as AT&T Wireless, Verizon Wireless, in addition to Sprint) provide cellular

10  service to customers.

11    10.    Mobile content providers charge and collect monies from their customers by

12  "piggybacking" on the cell phone bills sent to customers by the wireless carriers. Aggregators act

13  as middle-men between the mobile content providers and the wireless carriers. Mobile content

14  providers by themselves often lack the wherewithal to negotiate and form contractual

15  relationships with the much larger wireless carriers. Aggregators such as OpenMarket represent

16  numerous mobile content providers in negotiating and formalizing the agreements that allow the

17  mobile content providers to use and gain access to the billing and collection mechanisms of the

18  wireless carriers.

19    11.    In short, aggregators operate mobile transaction networks that help companies

20  develop, deliver, and bill for mobile content services throughout the State of Washington and the

21  nation. This allows content providers to focus on developing and marketing content applications

22  and programs while aggregators manage the complex carrier relationships, distribution, billing,

23  and customer service.

24

FIRST AMENDED COMPLAINT
No. 08-2-32201-7 SEA

- 3 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 • Fax: (425) 868-7870

1    12.    In some instances, aggregators charge mobile content providers upfront fees. In

2    most instances, aggregators derive their revenue through a "revenue share" on transactions for

3    which they bill cell phone subscribers. Hence, each time a charge is incurred in connection with

4    the purchase of mobile content services offered by a content provider, the aggregator and/or the

5    content provider cause that charge to be billed directly on the cellular telephone bill of the

6    carrier's customer who currently owns and/or uses the telephone number purportedly associated

7    with that purchase.

8    13.    The carrier then bills and collects the charge from its current subscriber, retains a

9    portion of the proceeds as its "revenue share," and then remits the balance to the aggregator who

10   has direct access to its network. OpenMarket retains a percentage of the balance in the form of

11   its own "revenue share," and then remits the remainder directly to the mobile content provider

12   (or, in some instances, to another aggregator who retains a percentage of the balance in the form

13   of its own "revenue share" and then remits the balance to its mobile content provider client).

14   14.    Total sales of premium mobile content in 2008 alone amounts to a significant

15   sum. The business is still in its infancy, though, and the industry is experiencing massive

16   growth.

17   **Premium mobile content transactions: It takes only a phone number**

18   15.    A mobile content provider needs the consumer's cellular telephone number to

19   charge that consumer for its products. This is markedly different from transactions made using

20   checks and credit cards, each of which require either a signature or highly private fifteen- or

21   sixteen-digit credit card number.

22   16.    Once a mobile content provider has a consumer's cell phone number, it can cause

23   that consumer to be billed for services and products. A mobile content provider accomplishes

24

FIRST AMENDED COMPLAINT
No. 08-2-32201-7 SEA

- 4 -

Law Offices of
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 • Fax: (425) 868-7870

1  such billing by providing the telephone number, along with an amount to be charged to the

2  account associated with that telephone number, to an aggregator.

3      17.   The aggregator, in turn, instructs the relevant cellular carrier to add the charge to

4  the bill associated with the account for that cell phone number. The charge will then appear on

5  the consumer's cell phone bill, often accompanied by minimal and cryptic identifying

6  information.

7      18.   Mobile content providers have powerful financial incentives to collect as many

8  cell phone numbers as possible but little incentive to ensure that the owners of those numbers

9  have truly agreed to purchase their goods and services.

10  <div align="center">**The rub: Collecting unauthorized charges**</div>

11      19.   A serious flaw with this business structure and the collection methods of carriers,

12  aggregators, and mobile content providers has developed. The billing and collection systems

13  established in aid of the premium mobile content industry by companies including defendants are

14  free of any checks or safeguards to prevent erroneous and unauthorized charges from being

15  added to customers' bills. Recycled numbers, misleading "consent" procedures present when

16  customers sign-up for premium mobile content, and the absence of signature requirements, age

17  confirmations, or personal code numbers exacerbate the likelihood of unauthorized and wrongful

18  charges.

19      20.   Aggregators, mobile content providers, and wireless carriers bill and collect

20  monies for services in many instances where the customer never gave his or her authority to

21  receive and be billed for the content.

22      21.   The practice of collecting for wrongful charges has been understood, perpetuated,

23  and even encouraged by mobile content providers, aggregators, and carriers.

24

FIRST AMENDED COMPLAINT
No. 08-2-32201-7 SEA

- 5 -

Law Offices of
**CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 • Fax: (425) 868-7870

1       22.    Defendants know that significant amounts of money have been collected on

2  account of such unauthorized charges for premium mobile content in the industry over the last

3  few years. While defendant has the capability to prevent the collection of money for

4  unauthorized charges, it has chosen to knowingly maintain the system that has allowed the

5  continued collection of these charges. Defendants have benefitted financially by retaining a

6  percentage of the improper collections.

7       23.    As they also know, defendants in particular routinely process charges for mobile

8  content that have not been authorized by the charged party.

9       24.    Defendants have in the State of Washington and the United States registered

10  numerous transactions and processed substantial sums of money in transactions over recent years

11  and has profited greatly from its arrangement with its content provider partners and wireless

12  carrier partners.

13       25.    That the industry experiences rapid growth means that defendants' conduct, if

14  allowed to go unchecked, will increasingly harm more people.

15                  **Facts related to plaintiff Armer**

16       26.    In or around 2005, plaintiff and her family purchased new cell phone service for

17  their personal use from an authorized sales representative of Sprint.

18       27.    On that same day, in exchange for a cellular telephone service plan, plaintiff

19  agreed to pay a set monthly fee for a period of approximately 12 months.

20       28.    In or around 2008, plaintiff's cell phone account was charged for unwanted

21  mobile content services in the form of "premium" text messages from defendants.

22       29.    At no time did plaintiff authorize the purchase of these products and services

23  provided by defendants and at no time did plaintiff consent to defendant's sending of text

24  messages or other content to her cellular telephone.

FIRST AMENDED COMPLAINT
No. 08-2-32201-7 SEA

- 6 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel: (425) 868-7813 • Fax: (425) 868-7870

1    30.    Plaintiff paid at least some of the unauthorized charges because she was
2 unaware/confused as to the nature of the charges.

3    31.    Defendants have yet to provide plaintiff a full refund of the unauthorized charges
4 nor has defendant paid interest and/or provided an assurance that such unauthorized charges
5 would not appear in future billing periods.

6                                    **CLASS ALLEGATIONS**

7    32.    Plaintiff Armer brings this action pursuant to CR 23 on behalf of herself and two
8 classes:

9    a)  The OpenMarket Class ("OpenMarket Class") consisting of all wireless telephone
10          subscribers nationwide who suffered losses or damages as a result of OpenMarket
11          facilitating the billing and collecting for mobile content products and services not
12          authorized by the subscriber; provided, however, that the following are excluded from
13          this proposed Class: (i) the defendants, and (ii) any employee of a defendant.

14    b)  The Sprint Class ("Carrier Class") consisting of all wireless telephone subscribers
15          nationwide who suffered losses or damages as a result of Sprint facilitating the billing
16          and collecting for mobile content products and services not authorized by the
17          subscriber; provided, however, that the following are excluded from this proposed
18          Class: (i) the defendants, and (ii) any employee of a defendant.

19    33.    The Classes consist of thousands of individuals and other entities, making joinder
20 impractical.

21    34.    The claims of plaintiff Armer are typical of the claims of all of the other members
22 of the Classes.

23    35.    Plaintiff will fairly and adequately represent and protect the interests of the other
24 members of the Classes. Plaintiff has retained counsel with substantial experience in prosecuting

FIRST AMENDED COMPLAINT                    - 7 -
No. 08-2-32201-7 SEA

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 • Fax: (425) 868-7870

1  complex litigation and class actions. Plaintiff and her counsel are committed to vigorously

2  prosecuting this action on behalf of the members of the Classes, and have the financial resources

3  to do so. Neither plaintiff nor her counsel has any interest adverse to those of the other members

4  of the Classes

5      36.    Absent a class action, most members of the Classes would find the cost of

6  litigating their claims to be prohibitive and will have no effective remedy. The class treatment of

7  common questions of law and fact is also superior to multiple individual actions or piecemeal

8  litigation in that it conserves the resources of the courts and the litigants, and promotes

9  consistency and efficiency of adjudication.

10      37.    Defendants have acted and failed to act on grounds generally applicable to

11  plaintiff and the other members of the Classes, requiring the Court's imposition of uniform relief

12  to ensure compatible standards of conduct toward the members of the Classes.

13      38.    The factual and legal bases of defendants' liability to plaintiff and to the other

14  members of the Classes are the same, resulting in injury to the plaintiff and all of the other

15  members of the Classes. Plaintiff and the other members of the Classes have all suffered harm

16  and damages as a result of defendants' wrongful conduct.

17      39.    There are many questions of law and fact common to the claims of plaintiff and

18  the other members of the Classes, and those questions predominate over any questions that may

19  affect individual members of the Classes. Such common questions for the OpenMarket Class

20  include but are not limited to the following:

21          (a)    whether OpenMarket's conduct described herein results in unjust

22              enrichment; and

23          (b)    whether OpenMarket's practices constitute unfair or deceptive acts or

24              practices.

FIRST AMENDED COMPLAINT                                  - 8 -
No. 08-2-32201-7 SEA

1    40.    Such common questions for the Sprint Class include but are not limited to the

2    following:

3            (a)    whether Sprint's conduct described herein constitutes breach of contract.

4            (b)    whether Sprint's practices constitute unfair or deceptive acts or practices.

5    41.    The questions of law and fact common to the members of the class predominate

6    over any questions affecting only individual members and a class action is superior to all other

7    available methods for the fair and efficient adjudication of this controversy.

8                              **FIRST CAUSE OF ACTION**

9                              **Unjust Enrichment / Restitution**

10                          **(on behalf of plaintiff and the OpenMarket Class)**

11    42.    Plaintiff incorporates by reference the foregoing allegations.

12    43.    A benefit has been conferred upon OpenMarket by plaintiff and the Class.

13    OpenMarket has received and retains money belonging to plaintiff and the Class resulting from

14    its facilitation of billing and collecting significant amounts of money in unauthorized mobile

15    content charges.

16    44.    OpenMarket appreciates or has knowledge of said benefit.

17    45.    Under principles of equity and good conscience, OpenMarket should not be

18    permitted to retain the money belonging to plaintiff and the Class which OpenMarket has

19    unjustly received as a result of its wrongful actions.

20    46.    OpenMarket unjustly gained money from plaintiff and the Class as a direct result

21    of OpenMarket's conduct.

22

23

24

FIRST AMENDED COMPLAINT
No. 08-2-32201-7 SEA

-9-

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 • Fax: (425) 868-7870

1              SECOND CAUSE OF ACTION

2          **Tortious Interference with a Contract**

3          **(on behalf of plaintiff and the OpenMarket Class)**

4      47.    Plaintiff incorporates by reference the foregoing allegations.

5      48.    Plaintiff and the Class had contractual relationships with their wireless carriers

6  whereby they agreed to pay a certain sum of money in exchange for activation of their cellular

7  telephone accounts and their carriers' promise to provide various communication and related

8  services to plaintiff and the Class and to bill plaintiff and the Class only for products or services

9  the purchase of which they had authorized.

10      49.    OpenMarket knew of said contractual relationships and intended to and did

11  induce a breach or disruption of the contractual relationships.

12      50.    OpenMarket intentionally interfered with said contractual relationship through

13  improper motives and/or means by knowingly and/or recklessly continually causing

14  unauthorized charges to be placed on the cellular telephone bills of cellular telephone owners

15  across the nation.

16      51.    Plaintiff and the Class suffered loss as a direct result of the conduct of

17  OpenMarket.

18              **THIRD CAUSE OF ACTION**

19              **Breach of Contract**

20          **(on behalf of plaintiff and the Sprint Class)**

21      52.    Plaintiff incorporates by reference the foregoing allegations.

22      53.    Plaintiff and the Sprint Class entered into substantially identical agreements with

23  defendant Sprint whereby plaintiff and Sprint agreed to pay a certain sum of money in exchange

24

FIRST AMENDED COMPLAINT                           - 10 -
No. 08-2-32201-7 SEA

1  for Sprint's activation of plaintiff' cellular telephone accounts and promised to provide various

2  communication and related services to plaintiff and the Sprint Class.

3      54.    Defendant Sprint expressly and/or impliedly agreed to provide plaintiff and the

4  Sprint Class with a cellular telephone number free of unauthorized charges for third-party

5  products and services.

6      55.    Defendant Sprint further expressly and/or impliedly agreed to bill plaintiff and the

7  Sprint Class only for products or services the purchase of which they had authorized.

8      56.    Defendant Sprint further expressly and/or impliedly agreed to carry out its

9  obligations in good faith and fair dealing.

10      57.    Defendant Sprint breached their contractual obligations by providing plaintiff and

11  the Sprint Class with cellular telephone bills that included unauthorized charges for mobile

12  content.

13      58.    Defendant Sprint further breached their contractual obligations, including its

14  contractual obligation of good faith and fair dealing, by thereafter billing plaintiff and the Sprint

15  Class for products or services, the purchase of which they never authorized.

16      59.    Plaintiff and the Sprint Class have performed their obligations under the contracts.

17      60.    The aforementioned breaches of contract have proximately caused the plaintiff

18  and the Sprint Class economic injury and other damages.

19                    **FOURTH CAUSE OF ACTION**

20      **Violation of the Washington Consumer Protection Act, RCW § 19.86.010 *et seq.***

21                    **(on behalf of plaintiff and both Classes)**

22      61.    Plaintiff incorporates by reference the foregoing allegations.

23

24

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 868-7870

62. The Washington Consumer Protection Act ("CPA") declares unlawful (a) an unfair or deceptive act or practice, (b) occurring in trade or commerce, (c) with a public interest impact, (d) that causes injury to plaintiff.

63. At all relevant times, defendants have engaged in unfair and/or deceptive acts and practices in the conduct of their respective businesses by misleadingly and deceptively facilitating the charging of wireless telephone subscribers for unauthorized mobile content charges.

64. Defendants' unfair or deceptive business acts and practices impact the public interest. Defendants committed the unfair or deceptive acts described herein in the course of their business as part of a pattern and generalized course of conduct. Defendants' unfair or deceptive business acts and practices have affected, and continue to affect, a great many consumers. The business of cell phone service is replete with public interest.

65. As a result of defendants' unfair or deceptive acts and practices in the conduct of their businesses, plaintiff and the other members of the Classes have suffered actual financial damages to their business and/or property.

66. The State of Washington has an important interest in regulating the business activities of companies headquartered in Washington state. At least some of the policies complained of herein, that are the basis of the statutory claim in this cause of action, were developed in, set in, and/or emanated from Washington state.

67. Unless OpenMarket and Sprint are enjoined from their unfair or deceptive acts and practices as alleged herein, OpenMarket and Sprint will continue to cause damage to consumers.

FIRST AMENDED COMPLAINT
No. 08-2-32201-7 SEA

- 12 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 868-7870

1                               **PRAYER FOR RELIEF**

2          WHEREFORE, plaintiff Wilma Armer, on behalf of herself and the Classes, prays for the

3    following relief:

4          A.    Certify this case as a class action on behalf of the Classes defined above; appoint

5    Armer as representative of the classes; and appoint her counsel as class counsel;

6          B.    Declare that the actions of OpenMarket, as set out above, result in unjust

7    enrichment, constitute tortious interference with a contract, and violate the CPA;

8          C.    Enter judgment against OpenMarket for all damages caused by its conduct and, to

9    the extent authorized under the CPA, treble damages;

10         D.    Award restitution against OpenMarket for all money that OpenMarket has to

11   which plaintiff and the OpenMarket Class are entitled in equity;

12         E.    Declare that the actions of Sprint, as set out above, amount to breach of contract

13   and violate the CPA;

14         F.    Enter judgment against Sprint for all damages caused by its conduct and, to the

15   extent authorized under the CPA, treble damages;

16         G.    Award restitution against Sprint for all money that Sprint has to which plaintiff

17   and the Sprint Class are entitled in equity;

18         H.    Award plaintiff and the Classes their reasonable litigation expenses and attorneys'

19   fees;

20         I.    Award plaintiff and the Classes pre- and post-judgment interest, to the extent

21   allowable;

22         J.    Enter injunctive and/or declaratory relief as is necessary to protect the interests of

23   plaintiff and the Classes; and

24         K.    Award such other and further relief as equity and justice may require.

FIRST AMENDED COMPLAINT                      - 13 -        **LAW OFFICES OF**
No. 08-2-32201-7 SEA                                       **CLIFFORD A. CANTOR, P.C.**
                                                          627 208th Ave. SE
                                                          Sammamish, WA 98074-7033
                                                          Tel: (425) 868-7513 • Fax: (425) 868-7870

1       Dated: October 28, 2008              Respectfully submitted,

2                              LAW OFFICES OF CLIFFORD A. CANTOR, P.C.

3                              By:   s/  Clifford Cantor, WSBA # 17893___
                               627 208th Ave. SE

4                              Sammamish, WA  98074-7033
                              Tel:    (425) 868-7813

5                              Fax:    (425) 868-7870

6                              Counsel for Plaintiff

7

8

9

10                              **Certificate of Service**

11        I certify that, on Oct. 28, 2008, I mailed a copy of the foregoing first amended complaint,
along with summonses to Sprint Spectrum, L.P. and Nextel West Corporation, to Sanket Bulsara,

12   Wilmer Cutler Pickering Hale & Dorr LLP, 399 Park Ave., New York, NY 10022, counsel for
OpenMarket, Inc., postage prepaid.

13

14                        s/  Clifford Cantor, WSBA # 17893

15

16

17

18

19

20

21

22

23

24

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 868-7870

# DOCKET #7

FILED

08 OCT 28 PM 3:33

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 08-2-32201-7 SEA

SUPERIOR COURT OF WASHINGTON
KING COUNTY

| | |
|---|---|
| WILMA ARMER, individually and on behalf of all others similarly situated,<br><br>               Plaintiff,<br><br>    vs.<br><br>OPENMARKET, INC., a Michigan corporation, SPRINT SPECTRUM, L.P., a Delaware limited partnership, NEXTEL WEST CORPORATION, a Delaware corporation,<br><br>               Defendant. | CLASS ACTION<br><br>Case No. 08-2-32201-7 SEA<br><br>**SUMMONS – 20-day** |

**TO DEFENDANT SPRINT SPECTRUM, L.P.:**

A lawsuit has been started against you in the above-entitled court by Wilma Armer, plaintiff. Plaintiff's claim is stated in the written Complaint (the "Complaint"), a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 20 days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiff is entitled to what

SUMMONS – 20-day
No. 08-2-32201-7 SEA

- 1 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 868-7870

1 | it asks for because you have not responded.  If you serve a notice of appearance on the

2 | undersigned person, you are entitled to notice before a default judgment may be entered.

3 |      You may demand that the plaintiff file this lawsuit with the court.  If you do so, the

4 | demand must be in writing and must be served upon the person signing this summons.  Within

5 | 14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the

6 | service on you of this summons and complaint will be void.

7 |      If you wish to seek the advice of an attorney in this matter, you should do so promptly so

8 | that your written response, if any, may be served on time.

9 |      This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State

10 | of Washington.

11

12 |     Dated:  October 28, 2008          Respectfully submitted,

13

14 | LAW OFFICES OF CLIFFORD A. CANTOR, P.C.

By:  _s/ Clifford Cantor, WSBA # 17893_
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel:    (425) 868-7813
Fax:    (425) 868-7870

Counsel for Plaintiff

SUMMONS – 20-day
No. 08-2-32201-7 SEA

- 2 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel: (425) 868-7813 • Fax: (425) 868-7870

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

Case Number:        08-2-32201-7
Case Title:         ARMER VS OPENMARKET INC
Document Title:     OTHER  RE SUMMONS TO SPRINT SPECTRUM L.P.
User's Name:        Clifford Cantor
Filed Date:         10/28/2008 3:33:01 PM

User Signed

Signed By:          Clifford Cantor
WSBA #:             17893
Date:               10/28/2008 3:30:56 PM

# DOCKET #8

**FILED**

08 OCT 28 PM 3:33

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 08-2-32201-7 SEA

1

2

3

4

5

6

7

SUPERIOR COURT OF WASHINGTON
KING COUNTY

8

WILMA ARMER, individually and on behalf
of all others similarly situated,

9

10                          Plaintiff,

11           vs.

12   OPENMARKET, INC., a Michigan
     corporation, SPRINT SPECTRUM, L.P., a
13   Delaware limited partnership, NEXTEL
     WEST CORPORATION, a Delaware
14   corporation,

15                          Defendant.

CLASS ACTION

Case No. 08-2-32201-7 SEA

**SUMMONS – 20-day**

16

17   **TO DEFENDANT NEXTEL WEST CORPORATION:**

18       A lawsuit has been started against you in the above-entitled court by Wilma Armer,

19   plaintiff.  Plaintiff's claim is stated in the written Complaint (the "Complaint"), a copy of which

20   is served upon you with this Summons.

21       In order to defend against this lawsuit, you must respond to the complaint by stating your

22   defense in writing, and by serving a copy upon the person signing this summons within 20 days

23   after the service of this summons, excluding the day of service, or a default judgment may be

24   entered against you without notice.  A default judgment is one where plaintiff is entitled to what

SUMMONS – 20-day
No. 08-2-32201-7 SEA

- 1 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel: (425) 868-7813 • Fax: (425) 868-7870

1   it asks for because you have not responded. If you serve a notice of appearance on the

2   undersigned person, you are entitled to notice before a default judgment may be entered.

3         You may demand that the plaintiff file this lawsuit with the court. If you do so, the

4   demand must be in writing and must be served upon the person signing this summons. Within

5   14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the

6   service on you of this summons and complaint will be void.

7         If you wish to seek the advice of an attorney in this matter, you should do so promptly so

8   that your written response, if any, may be served on time.

9         This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State

10  of Washington.

11

12        Dated: October 28, 2008              Respectfully submitted,

                                               LAW OFFICES OF CLIFFORD A. CANTOR, P.C.
13
                                               By:   s/ Clifford Cantor, WSBA # 17893
                                               627 208th Ave. SE
14                                             Sammamish, WA  98074-7033
                                               Tel:   (425) 868-7813
15                                             Fax:   (425) 868-7870

16                                             Counsel for Plaintiff

17

18

19

20

21

22

23

24

SUMMONS – 20-day
No. 08-2-32201-7 SEA                        - 2 -

                                        LAW OFFICES OF
                                    CLIFFORD A. CANTOR, P.C.
                                        627 208th Ave. SE
                                     Sammamish, WA  98074-7033
                            Tel: (425) 868-7813 ● Fax: (425) 868-7870

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

Case Number:        08-2-32201-7
Case Title:         ARMER VS OPENMARKET INC
Document Title:     OTHER  RE SUMMONS TO NEXTEL WEST CORP
User's Name:        Clifford Cantor
Filed Date:         10/28/2008 3:33:32 PM

User Signed

Signed By:     *Clifford Cantor*
WSBA #:        17893
Date:          10/28/2008 3:31:01 PM