THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILMA ARMER, individually and on
behalf of all others similarly situated,

                Plaintiff,

    v.

OPENMARKET, INC., a Michigan
corporation, SPRINT SPECTRUM, L.P., a
Delaware limited partnership, NEXTEL
WEST CORPORATION, a Delaware
corporation,

                Defendants.

No. 2:08-cv-01731-RSL

[PROPOSED] AMENDED STIPULATED
PROTECTIVE ORDER
OF CONFIDENTIALITY

## STIPULATION

Pursuant to the Federal Rules of Civil Procedure and the Court's Local Rules, the

parties hereto submit the following [proposed] amended stipulated protective order.  A redlined

version of the original order submitted by the parties and rejected by the Court is attached hereto

as Exhibit A.

There is good cause for the order in this action because discovery will necessarily

entail, among other things:  (a) confidential information regarding numerous consumers of Sprint

and OpenMarket, including billing information, purchases, payments, identifying information,

and the like; (b) information from Sprint and OpenMarket regarding their business, business

operations, proprietary computer and data systems, business plans, and relationships with third-

[PROPOSED] AMENDED STIPULATED
PROTECTIVE ORDER OF CONFIDENTIALITY
(No. 2:08-cv-01731-RSL) – 1
59113-0068/LEGAL15485423.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

parties which are competitively sensitive and confidential, particularly given the competitive market of wireless services which is involved in this case. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Paragraph 8 below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local rule 5(g) sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal. Therefore, the parties stipulate as follows:

WHEREAS, the parties hereto desire a protective order for the purpose of protecting the interests of each, respectively, in their own Confidential Information, as those terms are defined below, by controlling the access to and use of such Confidential Information, while allowing discovery of the same for the purpose of conducting this litigation and not for any other purpose outside the scope of this litigation;

IT IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES HERETO, through their respective counsel of record and subject to the approval of the Court, without waiving any claims or defenses in the above-captioned action, and without acknowledging the propriety of any claim by any party that any information produced during the course of discovery in this action constitutes Confidential Information or Highly Confidential Information, as those terms are defined below, that in order to preserve any claim by any party that information produced during discovery constitutes Confidential or Highly Confidential Information, the following protective order (the "Order") shall govern discovery in this action.

1.1. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of materials, documents, items, or oral or written communications that qualify as

[PROPOSED] AMENDED STIPULATED
PROTECTIVE ORDER OF CONFIDENTIALITY
(No. 2:08-cv-01731-RSL) – 2
59113-0068/LEGAL15485423.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Confidential or Highly Confidential so that other portions of the materials, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited except with all parties' written consent. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or slow the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

1.2.    "Confidential Information" shall mean information or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c), such as trade secret information and confidential, competitive and/or proprietary information which is designated as such as provided herein, including customer or account information which identifies a customer or contains any personal customer information (including any data, material, identification, or account information related to any customer), documents related to contracts and/or relationships with third-parties where such relationships or the terms of such relationships are confidential or competitively sensitive, sensitive business documents which disclose the competitive strategies and inner-workings of the company, and non-public financial information, written or stored in any medium whatsoever, produced by the parties in the course of this litigation.

1.3.    Information or materials designated as "Highly Confidential – Attorneys' Eyes Only" (sometimes referred to herein as "Highly Confidential Information") shall be extremely sensitive "Confidential Information," such as those things of a proprietary business or technical nature, including material included in the definition of "Confidential Information" that might be

[PROPOSED] AMENDED STIPULATED
PROTECTIVE ORDER OF CONFIDENTIALITY
(No. 2:08-cv-01731-RSL) – 3
59113-0068/LEGAL15485423.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

of value to a competitor, customer or potential customer of the party or nonparty holding the proprietary rights thereto, the disclosure of which to another Party or nonparty would create a substantial risk of serious injury.  Absent a specific order by this Court, once designated as "Highly Confidential – Attorneys' Eyes Only," such designated information shall be used by the parties solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided herein.

2.1.    Confidential or Highly Confidential Information in written or documentary form shall be designated as confidential material by the party seeking protection, prior to such information being served on or delivered to the other parties or being made available for inspection and copying, in the following way: each document page must be stamped or marked with the word "Confidential" or with the words "Highly Confidential – Attorneys' Eyes Only."

2.2.    Failure to so mark a document or thing in accordance with this Order shall not preclude any party desiring to so designate the document or thing thereafter from, provided the party proceeds promptly after learning of any such failure to designate, in good faith marking the document or thing and requesting, in writing, that the receiving party to so mark and treat the document or thing in accordance with this Order.  Thereafter, the document or thing shall be fully subject to this Order.  The receiving party shall not reveal any information produced whether or not marked "Confidential" or "Highly Confidential – Attorneys' Eyes Only" for a period of three (3) days following receipt.  Neither party shall incur liability for any disclosures made prior to notice of such designations but after the three (3) day period described above.

2.3.    Documents that may be produced for the Initial Disclosures in this action may be designated as Confidential Information or Highly Confidential Information within thirty (30) days of the production.  Pending such designation, if any, no such document may be revealed for a period of thirty (30) days after execution by the parties of this Stipulation.

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

2.4.    If a party through inadvertence produces or provides discovery that it believes is subject to a claim of attorney-client privilege or work product immunity, the producing party may give written notice to the receiving party or parties that the document is subject to a claim of attorney-client privilege or work product immunity and request that the document be returned to the producing party.  The receiving party or parties shall return to the producing party all copies of such document.  Return of the document by the receiving party shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly subject to a claim of attorney-client privilege or work product immunity, nor shall it foreclose any party from moving the Court for an Order that such document has been improperly designated or should be producible for reasons other than a waiver caused by the inadvertent production.

3.1.    Confidential Information may be given, shown, disclosed, made available, or communicated only to:

(a)    Attorneys of record for the parties to this action (referred to herein as the "Attorneys"), including the paralegal, stenographic and clerical employees associated with the Attorneys;

(b)    The parties to this action, including, in the case of corporate parties, an officer, director, agent, representative and/or other employee who has executed a Confidentiality Agreement in the form of Exhibit "A" hereto (a "Confidentiality Agreement") on behalf of said corporate party thereby agreeing that any officer, director, agent, representative, or employee of the corporation to whom Confidential Information is shown, disclosed, made avail able or communicated to will be bound by the terms of this Order applying to Confidential Information (which shall be retained by counsel and copies made available for all other parties);

(c)    The Court hearing this action, including its personnel, any jury empaneled in this action, and other persons, such as a court-appointed and/or party-designated special master who may serve in a judicial or quasi-judicial function;

[PROPOSED] AMENDED STIPULATED
PROTECTIVE ORDER OF CONFIDENTIALITY
(No. 2:08-cv-01731-RSL) – 5
59113-0068/LEGAL15485423.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

(d)     A professional court reporter engaged to transcribe testimony in this action;

(e)     Such other persons as hereafter may be designated by written stipulation of all parties to this action filed with the Court, by further order of the Court on motion by any party to this action, or by subpoena for which no timely protective order is obtained pursuant to Paragraph 9 below;

(f)     Outside consultants or experts (specifically excluding anyone who is an officer, director, employee, representative, agent or otherwise associated with or related to the party), and their support personnel, employed by a party or counsel to a party to assist counsel in the preparation and trial of this action but only if before disclosure, such person executes a Confidentiality Agreement in the form attached hereto as Exhibit A, which shall be retained by the counsel or party in propria persona who caused the Confidentiality Agreement to be signed, and shall be available for inspection by other counsel or parties in propria persona upon good cause shown;

(g)     Deponents and any interviewee whom a party believes in good faith may possess relevant information, provided such person executes a Confidentiality Agreement in the form attached hereto as Exhibit A, which shall be retained by the counsel or party in propria persona who caused the Confidentiality Agreement to be signed, and shall be available for inspection by other counsel or parties in propria persona upon good cause shown. Such person shall be shown the Confidential Information but shall not be provided with copies thereof.

3.2.    Information or material designated as "Highly Confidential – Attorneys' Eyes Only," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

(a)      parties' outside counsel of record in this action and regular and temporary employees of such counsel to whom it is necessary that the information or material be shown for the purposes of this litigation;

(b)      in-house counsel for each party, and any employees actually assisting outside counsel or such in-house counsel in preparation of this case, who has executed a Confidentiality Agreement in the form of Exhibit "A" hereto (a "Confidentiality Agreement") agreeing that he or she will be bound by the terms of this Order applying to Confidential Information or Highly Confidential Information (which shall be retained by counsel and copies made available for all other parties), provided that such counsel or employees are not involved in "competitive decision making" as defined by U.S. Steel Corp. v. United States, 730 F.2d 1465, 1468, n. 3 (Fed. Cir. 1984);

(c)      The Court hearing this action, including its personnel, any jury empaneled in this action, and other persons, such as a court-appointed and/or party-designated special master who may serve in a judicial or quasi-judicial function;

(d)      A professional court reporter engaged to transcribe testimony in this action;

(e)      Such other persons as hereafter may be designated by written stipulation of all parties to this action filed with the Court, by further order of the Court on motion by any party to this action, or by subpoena for which no timely protective order is obtained pursuant to Paragraph 9 below;

(f)      Outside consultants or experts (specifically excluding anyone who is an officer, director, employee, representative, agent, party, or otherwise associated with or related to the party), and their support personnel, employed by a party or counsel to a party to assist counsel in the preparation and trial of this action but only if before disclosure, such person executes a Confidentiality Agreement in the form attached hereto as Exhibit A, which shall be retained by the counsel or party in propria persona who caused the Confidentiality Agreement to

[PROPOSED] AMENDED STIPULATED
PROTECTIVE ORDER OF CONFIDENTIALITY
(No. 2:08-cv-01731-RSL) – 7
59113-0068/LEGAL15485423.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

be signed, and shall be available for inspection by other counsel or parties in propria persona upon good cause shown. Such person shall be shown the Confidential Information but shall not be provided with copies thereof;

(g)     Deponents and any interviewee whom a party believes in good faith may possess relevant information, provided such person executes a Confidentiality Agreement in the form attached hereto as Exhibit A, which shall be retained by the counsel or party in propria persona who caused the Confidentiality Agreement to be signed, and shall be available for inspection by other counsel or parties in propria persona upon good cause shown. Such person shall be shown the Highly Confidential Information but shall not be provided with copies thereof.

4.     Except as provided in Paragraphs 3.1 and 3.2 hereof, or except pursuant to stipulation among counsel for all parties filed with the Court, counsel of record retained by the parties shall, at all times, have and maintain physical custody and control over all Confidential Information and Highly Confidential Information and counsel shall make diligent efforts to insure that such Confidential Information and Highly Confidential Information does not leave their custody and is not disclosed orally. Failure to make diligent efforts to do so shall be grounds for imposition of sanctions at the discretion of the Court.

5.1.     Deposition or other testimony may be designated "Confidential Information" or "Highly Confidential – Attorneys' Eyes Only": (a) on the record at the deposition; (b) by serving a written notification on the other parties and any involved deponent within fifteen (15) days after receipt of the transcript by counsel for the designating party, described below; or (c) at any other time by written notification to the deponent and all other parties, pursuant to the terms of Paragraph 2.2.

5.2.     All transcripts of deposition or other testimony and any related exhibits, and all information adduced in deposition or other testimony, shall, in their entirety, be treated as Highly Confidential Information for a period of fifteen (15) days after receipt of the transcript by

[PROPOSED] AMENDED STIPULATED
PROTECTIVE ORDER OF CONFIDENTIALITY
(No. 2:08-cv-01731-RSL) – 8
59113-0068/LEGAL15485423.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

counsel for the designating party.  The party designating the testimony or information as Confidential Information or Highly Confidential Information may, within that fifteen (15) day period described above, specifically designate information contained in the transcript(s) and exhibit(s) as "Confidential Information" or "Highly Confidential – Attorneys' Eyes Only," whether or not previously designated as such, by notifying all parties in writing of the specific pages and lines of the transcript or exhibit which contains such information.  Each party shall attach a copy of such written statement to the face page of the transcript or exhibit and to each copy in its possession, custody or control.  Thereafter, these portions of the transcript designated as "Confidential Information" or "Highly Confidential – Attorneys' Eyes Only" shall be treated in accordance with the terms of this Order.

5.3.    Upon the good faith assertion by counsel for the designating party that a question or line of questions at a deposition or hearing is likely to result in the disclosure of Confidential Information or Highly Confidential Information, any person not entitled under the pertinent provision of Paragraphs 3.1 and 3.2 to have access to Confidential Information or Highly Confidential Information shall leave the deposition or hearing until the question or line of questions is completed, unless otherwise ordered by the Court, and the Confidential Information or Highly Confidential Information disclosed at a deposition or hearing shall not, directly or indirectly, in whole or in part, be used with, disclosed or made available to any person, except those persons set forth, in Paragraphs 3.1 and 3.2.

5.4.    Any portion of a deposition or other transcript that has been designated as including Confidential Information or Highly Confidential Information shall be so marked as provided in Paragraph 2.1 and shall be subject to the provisions of this Order pertaining to Confidential Information and Highly Confidential Information.  If any portion of a transcript or any exhibit to a transcript that has been designated as Confidential Information or Highly Confidential is filed with the Court, it shall be filed as set forth in Paragraph 8 hereof and in accordance with Local Rule 5(g).

[PROPOSED] AMENDED STIPULATED
PROTECTIVE ORDER OF CONFIDENTIALITY
(No. 2:08-cv-01731-RSL) – 9
59113-0068/LEGAL15485423.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

6.      No person, firm, corporation or other entity subject to this Order shall use Confidential Information or Highly Confidential Information in any manner whatsoever except for the prosecution, defense, settlement or appeal of this action.  Nor shall any person, firm, corporation or other entity subject to this Order give, show, disclose, make available or communicate Confidential Information or Highly Confidential Information to any person, firm, corporation or other entity not expressly authorized by this Order to receive such Confidential Information or Highly Confidential Information.  The attorneys for the parties to this action shall make the terms of this Order known to all other persons bound by this Order and, together with their clients, are responsible to this Court for compliance with this Order.  Nothing in this Order shall preclude any party from utilizing information that it/he/she presently possesses or which comes into its possession outside of the discovery process in this action.  Any such use of such information shall not constitute a violation of this Order.  Each party retains the right to pursue any claim or defense it/he/she may have against any other party arising from such use of such information.

7.      Any party or counsel for a party who, in the course of a deposition, hearing, or other proceeding, seeks to introduce, use or otherwise refer to a document or thing that has previously been designated Confidential Information or Highly Confidential Information, shall advise counsel present (and, if relevant, the Court) immediately in advance of such intended introduction, use or reference, and, unless the Court orders otherwise, shall treat the document or thing in accordance with the provisions of this Order relating to Confidential Information or Highly Confidential Information.

8.      Documents containing Confidential Information or Highly Confidential Information shall not be filed with the Court unless it is reasonably necessary to do so for purposes of trial, motions (including without limitation, class certification or summary judgment) or other court matters.  The filing Party shall take all reasonable steps to file any Confidential Information or Highly Confidential Information under seal in compliance with Rule 26(c)(1)(g)

[PROPOSED] AMENDED STIPULATED
PROTECTIVE ORDER OF CONFIDENTIALITY
(No. 2:08-cv-01731-RSL) – 10
59113-0068/LEGAL15485423.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

and Local Rule 5(g).  Specifically, if a party wishes to use Confidential Information or Highly Confidential Information to support or oppose a motion or at trial, the following procedures shall apply:

(a)     Counsel shall meet and confer before filing documents under seal.  To the extent possible, counsel shall submit, along with any document filed under seal, a stipulation and proposed order reciting the reasons for sealing the document.

(b)     If counsel cannot reach agreement, then a properly noted motion to seal must be filed contemporaneously with the sealed document  pursuant to Local Rule 5(g)(5).  If the party wishing to submit the material is not the party designating the material as confidential, the party wishing to submit the material shall provide reasonable notice to the other party(ies), so that a motion to seal, if necessary, may be prepared and filed at the same time as the material is submitted under seal to the Court.

(c)     Counsel shall use the Official Court Electronic Document Filing System ("CM/ECF") to present materials under seal; counsel shall not provide original sealed materials to chambers and shall not provide working copies to chambers unless the materials are voluminous and working copies would otherwise be required under Local Rule CR 10(e)(8).

(d)     In association with any stipulation or motion to seal, the Parties shall bring to the Court's attention the requested disposition of the Confidential Information or Highly Confidential Information in the event the stipulation or motion to seal is denied.  For example, a Party may request that, in the event the stipulation or motion is denied, the documents containing Confidential Information or Highly Confidential Information be deleted from the docket rather than merely unsealed, together with leave to file a new motion or other paper that does not rely on the Confidential Information or Highly Confidential Information.  Nothing in this Order or the above example shall be construed as an endorsement of any particular relief, nor shall it otherwise constrain the Court's authority with respect to the handling of Confidential Information or Highly Confidential Information.

[PROPOSED] AMENDED STIPULATED
PROTECTIVE ORDER OF CONFIDENTIALITY
(No. 2:08-cv-01731-RSL) – 11
59113-0068/LEGAL15485423.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

(e)     If, through inadvertence or otherwise, Confidential Information or Highly Confidential Information is filed with the Court without appropriate notice, the Party responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of counsel for all Parties and to the Court, without prejudice to other rights and remedies of any Party, and shall make every effort to prevent further disclosures.

9.      In the event that a party is served with a subpoena by any person, firm, corporation, or other entity who is not a party to this Stipulation which seeks to compel a production of Confidential Information or Highly Confidential Information, the party upon whom the subpoena is served shall give written notice of the subpoena to the party who has asserted the Confidential Information or Highly Confidential Information designation at least seven (7) calendar days before the production (or, if less than seven (7) calendar days are set forth the production, within one business day after service of the subpoena but in no event after the date for production).  The party who has initially designated the Confidential Information or Highly Confidential Information shall then have the responsibility to obtain a court order to quash the subject subpoena and/or obtain such other relief as will protect the confidential or restricted nature of the documents.  Should such a motion be filed before the requested production date or should a timely motion be made, the party upon whom the subpoena is served shall not deliver the subject documents until after such time as the court rules on the subject motion.  Should an order be obtained, the party upon whom the subpoena is served shall comply with the order.  Should no motion be filed before the scheduled production date, the party upon whom the subpoena is served may comply with the subpoena, so long as the documents are marked and produced in accordance with any applicable protective order which provides for similar types of restrictions as set forth herein.

10.     This Order and the procedures set forth herein shall not affect the rights of the parties to object to discovery on any grounds, nor shall it relieve a party of the necessity of proper response or objection to discovery requests, nor shall it preclude any party from seeking

[PROPOSED] AMENDED STIPULATED
PROTECTIVE ORDER OF CONFIDENTIALITY
(No. 2:08-cv-01731-RSL) – 12

59113-0068/LEGAL15485423.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

further relief or protective orders from the Court as may be appropriate under the Federal Rules of Evidence and Federal Rules of Civil Procedure or any other applicable statute, rule or authority.

11.     This Order shall be without prejudice to the right of the parties (a) to bring before the Court at any time the question of whether any particular document or information constitutes Confidential Information or Highly Confidential Information, or (b) to present a motion to the Court for a separate or modified protective order as to any particular document or information, including restrictions differing from those as specified herein.  Irrespective of which party brings before the Court the question of whether any particular document or information constitutes Confidential Information or Highly Confidential Information, the burden of persuasion shall be on the party seeking to have the designation apply to the document or information in question. This Order shall not be deemed to prejudice the parties in any way in any future application or modification of this Order.  The parties agree to seek the resolution of any disputes regarding the propriety of any designation of information as Confidential Information or Highly Confidential Information before raising any such issues with the Court.  If the parties and their counsel through the meet and confer process have been unable to arrive at a resolution, the parties shall promptly seek the Court's resolution by motion or telephone conference call with the Court, if permitted.  If any such disputes arise during the course of a deposition, the parties shall temporarily recess the deposition and meet and confer at that time to attempt to resolve the dispute.

12.     Within thirty (30) days after the last day for the filing of a notice of appeal of the final decision in this matter, with no such notice of appeal having been filed, or thirty (30) days after the final designation of any decision on appeal and remand (if any) thereafter, whichever is later, all Confidential Information and Highly Confidential Information and (other than attorney work product) all other documents and other things containing or reflecting Confidential Information or Highly Confidential Information (including, without limitation, all copies,

[PROPOSED] AMENDED STIPULATED
PROTECTIVE ORDER OF CONFIDENTIALITY
(No. 2:08-cv-01731-RSL) – 13

59113-0068/LEGAL15485423.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

extracts or summaries thereof) shall be destroyed or delivered to counsel for the party or parties from whom said Confidential Information or Highly Confidential Information was obtained.  At that time, counsel for the party or parties shall send written confirmation of the destruction or delivery of Confidential Information and Highly Confidential Information.

13.     This Order is intended to regulate the handling of Confidential Information and Highly Confidential Information during the entirety of this litigation through appeal, and thereafter, and shall remain in full force and effect until modified, superseded or terminated on the record by agreement of all the parties to this litigation or by order of the Court.  Insofar as the provisions of this Order restrict the use, disclosure or communication of any document or thing produced under it, this Order shall continue to be binding after the termination of this action and the Court shall retain jurisdiction of all persons and parties bound by this Order for the purposes of its enforcement and to make such amendments, modifications and additions to this Order as the Court may from time to time deem appropriate.

IT IS SO STIPULATED.

DATED this 6th day of March, 2009.

/s/ Clifford A. Cantor
Clifford A. Cantor, WSBA No. 17893
**Law Offices of Clifford A. Cantor, PC**
627 208th Avenue SE
Sammamish, WA  98074-7033
Telephone:  425.868.7813
Facsimile:  425.868.7870
cacantor@comcast.net

*Attorney for Plaintiff*

/s/ Amanda J. Beane
Sarah J. Crooks, WSBA No. 35997
Amanda J. Beane, WSBA No. 33070
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
SCrooks@perkinscoie.com
ABeane@perkinscoie.com

*Attorneys for Defendants Sprint Spectrum L.P.
and Nextel West Corp.*

[PROPOSED] AMENDED STIPULATED
PROTECTIVE ORDER OF CONFIDENTIALITY
(No. 2:08-cv-01731-RSL) – 14
59113-0068/LEGAL15485423.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

/s/ Jeffrey M. Thomas
Jeffrey M. Thomas, WSBA No. 21175
Mark A. Wilner, WSBA No. 31550
**Gordon Tilden Thomas & Cordell LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Telephone:  206.467.6477
Facsimile:  206.467.6292
jthomas@gordontilden.com

*Attorneys for Defendant OpenMarket, Inc.*

[PROPOSED] AMENDED STIPULATED
PROTECTIVE ORDER OF CONFIDENTIALITY
(No. 2:08-cv-01731-RSL) – 15

59113-0068/LEGAL15485423.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**[PROPOSED] ORDER**

Pursuant to the parties' stipulation, IT IS SO ORDERED.

DATED this _____ day of _____, 2009.


_____
HONORABLE ROBERT S. LASNIK
United States District Judge

Presented by:

**PERKINS COIE LLP**

/s/ Amanda J. Beane
Sarah J. Crooks, WSBA No. 35997
Amanda J. Beane, WSBA No. 33070
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
SCrooks@perkinscoie.com
ABeane@perkinscoie.com

*Attorneys for Defendants Sprint Spectrum, L.P.*
*and Nextel West Corp.*

[PROPOSED] AMENDED STIPULATED
PROTECTIVE ORDER OF CONFIDENTIALITY
(No. 2:08-cv-01731-RSL) – 16
59113-0068/LEGAL15485423.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## EXHIBIT A

### AGREEMENT AND DECLARATION CONCERNING CONFIDENTIAL INFORMATION COVERED BY AN ORDER ENTERED IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON

I, the undersigned, hereby declare that:

I have read the attached Stipulation and Protective Order ("Order") entered in the action entitled <u>Armer v. OpenMarket, et al.</u>, Case No. 2:08-cv-01731-RSL, presently pending in the United States District Court for the Western District of Washington.

1.       I understand the terms of the Order, and I agree to be bound by such terms and any subsequent modification thereto.

2.       I agree that I shall return or destroy all copies of all documents containing Confidential Information or Highly Confidential Information which have been provided to me, together with any work product (other than attorney work product) generated by me referencing, relying upon or utilizing in any way such Confidential Information and/or Highly Confidential Information, pursuant to Paragraph 12 of the Order.

3.       I submit to the jurisdiction of the United States District Court for the Western District of Washington for the limited purpose of any proceeding to enforce the terms of the Order. I understand that I may be subject to contempt for violation of the Order if I violate the terms of this declaration or the Order.

4.       My address is:

5.       My relationship to this case and its parties is:

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration is executed on _____,

200__, at _____.

_____
[Signature]

[PROPOSED] AMENDED STIPULATED
PROTECTIVE ORDER OF CONFIDENTIALITY
(No. 2:08-cv-01731-RSL) – 17

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

# CERTIFICATE OF SERVICE

On March 6, 2009, I electronically filed the foregoing [PROPOSED] AMENDED STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record:

Clifford A. Cantor
**Law Offices of Clifford A. Cantor, PC**
627 208th Avenue SE
Sammamish, WA 98074-7033

*Attorneys for Plaintiff*

Jeffrey M. Thomas
Mark A. Wilner
**Gordon Tilden Thomas & Cordell LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007

*Attorneys for Defendant OpenMarket, Inc.*

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 6th day of March, 2009.

/s/ Amanda J. Beane, WSBA #33070
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: ABeane@perkinscoie.com

*Attorney for Defendants Sprint Spectrum, L.P. and Nextel West Corp.*

[PROPOSED] AMENDED STIPULATED
PROTECTIVE ORDER OF CONFIDENTIALITY
(No. 2:08-cv-01731-RSL) – 18
59113-0068/LEGAL15485423.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000