The Honorable Robert S. Lasnik

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GREGORY McNEILL and WILMA ARMER, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>　　vs.<br><br>OPENMARKET, INC., a Michigan corporation, SPRINT SPECTRUM, L.P., a Delaware limited partnership, NEXTEL WEST CORPORATION, a Delaware corporation,<br><br>　　　　　　　Defendants. | No. C08-1731 RSL<br><br><br>**SECOND AMENDED COMPLAINT** — CLASS ACTION |

Plaintiffs, by their attorneys, upon personal knowledge as to themselves and their own acts and upon information and belief as to all other matters, allege as follows:

### NATURE OF THE ACTION

1.　　　Plaintiffs Wilma Armer and Gregory McNeill bring this class action against defendant OpenMarket, Inc., and its carrier partners, Sprint Spectrum, L.P. and Nextel West Corporation for their wrongful practice of facilitating the charging of cellular telephone customers for products and services the customers have not authorized.  Through this practice,

SECOND AMENDED COMPLAINT
No. C08-1731 RSL

- 1 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel: (425) 868-7813 ● Fax:  (425) 868 -7870

1  OpenMarket wrongfully collected a significant sum of money from consumers nationwide.

2  Plaintiffs Armer and McNeill seek to obtain redress for all persons injured by defendants'

3  wrongful conduct.

4                                          **PARTIES**

5        2.      Plaintiff Armer is a resident of Ohio who, as a result of defendants' wrongful

6  conduct, was billed and paid for services that she did not authorize.

7        3.      Plaintiff McNeill is a resident of West Virginia who, as a result of defendants'

8  wrongful conduct, was billed and paid for services that he did not authorize.

9        4.      Defendant OpenMarket, Inc. ("OpenMarket") is an aggregator of mobile content

10 services in the United States.  OpenMarket is a Michigan corporation headquartered in this

11 District, specifically at 2211 Elliott Avenue, Seattle, Washington 98121.  OpenMarket does

12 business throughout the state of Washington and the nation.

13       5.      Defendants Nextel West Corporation and Sprint Spectrum LP (collectively,

14 "Sprint") are sister corporations of parent Sprint-Nextel Corporation and leading providers of

15 cellular telephone service in the State of Washington and the United States.  Nextel West

16 Corporation is a Delaware corporation and Sprint Spectrum LP is a Delaware limited

17 partnership.  Sprint does business throughout the State of Washington and this County.

18                               **JURISDICTION AND VENUE**

19       6.      This Court has jurisdiction over the subject matter of this action pursuant to 28

20 U.S.C. § 1332(d).

21       7.      Jurisdiction and venue are proper because OpenMarket is a corporation

22 headquartered in King County and/or because the improper conduct alleged in this Complaint

23 occurred in, was directed from, and/or emanated from Washington.

24

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel: (425) 868-7813 ● Fax: (425) 868 -7870

## FACTUAL BACKGROUND

8.      The technology of most cellular telephones has advanced so that the devices can send and receive text messages – including "premium" text message services – in addition to their function of making and receiving telephone calls.

9.      These text message services, also known as "mobile content," include products that range from the basic (customized ringtones for use with cell phones, sports score reports, weather alerts, stock tips, horoscope services, and the like) to the advanced (direct payment services, interactive radio, and participatory television).

10.     The delivery of mobile content involves a relationship between providers of mobile content, aggregators such as defendant OpenMarket, and wireless carriers.  Providers of mobile content deliver their products by means of cell phone technology.  Aggregators facilitate the billing and collection of payment for mobile content.  And wireless carriers (such as AT&T Wireless, Verizon Wireless, defendant Sprint, and others) provide cellular service to customers.

11.     Mobile content providers charge and collect monies from their customers by "piggybacking" on the cell phone bills sent to customers by the wireless carriers.  Aggregators act as middle-men between the mobile content providers and the wireless carriers.  Mobile content providers by themselves often lack the wherewithal to negotiate and form contractual relationships with the much larger wireless carriers.  Aggregators, such as OpenMarket, represent numerous mobile content providers in negotiating and formalizing the agreements that allow the mobile content providers to use and gain access to the billing and collection mechanisms of the wireless carriers.

12.     In short, aggregators operate mobile transaction networks that help companies develop, deliver, and bill for mobile content services throughout the State of Washington and the

SECOND AMENDED COMPLAINT
No. C08-1731 RSL

- 3 -

Law Offices of
Clifford A. Cantor, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel: (425) 868-7813 ● Fax: (425) 868 -7870

1    nation.  This allows content providers to focus on developing and marketing content applications

2    and programs, while aggregators manage the complex carrier relationships, distribution, billing,

3    and customer service.

4            13.     In some instances, aggregators charge mobile content providers upfront fees.  In

5    most instances, aggregators derive their revenue through a "revenue share" on transactions for

6    which they bill cell phone subscribers.  Hence, each time a charge is incurred in connection with

7    the purchase of mobile content services offered by a content provider, the aggregator and/or the

8    content provider cause that charge to be billed directly on the cellular telephone bill of the

9    carrier's customer who currently owns and/or uses the telephone number purportedly associated

10   with that purchase.

11           14.     The carrier then bills and collects the charge from its current subscriber, retains a

12   portion of the proceeds as its "revenue share," and then remits the balance to the aggregator who

13   has direct access to its network.  OpenMarket retains a percentage of the balance in the form of

14   its own "revenue share," and then remits the remainder directly to the mobile content provider

15   (or, in some instances, to another aggregator who retains a percentage of the balance in the form

16   of its own "revenue share" and then remits the balance to its mobile content provider client).

17           15.     Total sales of premium mobile content in 2009 alone amounts to a significant

18   sum.  The business is still in its infancy, though, and the industry is experiencing massive

19   growth.

20           **Premium mobile content transactions:  It takes only a phone number**

21           16.     A mobile content provider needs the consumer's cellular telephone number to

22   charge that consumer for its products.  This is markedly different from transactions made using

23

24

SECOND AMENDED COMPLAINT
No. C08-1731 RSL

- 4 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel:  (425) 868-7813  ●  Fax:  (425) 868 -7870

1   checks and credit cards, each of which requires either a signature or highly private fifteen- or

2   sixteen-digit credit card number.

3         17.     Once a mobile content provider has a consumer's cell phone number, it can cause

4   that consumer to be billed for services and products.  A mobile content provider accomplishes

5   such billing by providing the telephone number, along with an amount to be charged to the

6   account associated with that telephone number, to an aggregator.

7         18.     The aggregator, in turn, instructs the relevant cellular carrier to add the charge to

8   the bill associated with the account for that cell phone number.  The charge will then appear on

9   the consumer's cell phone bill, often accompanied by minimal and cryptic identifying

10  information.

11        19.     Mobile content providers have powerful financial incentives to collect as many

12  cell phone numbers as possible but little incentive to ensure that the owners of those numbers

13  have truly agreed to purchase their goods and services.

14        **The rub:  Collecting unauthorized charges**

15        20.     A serious flaw with this business structure and the collection methods of carriers,

16  aggregators, and mobile content providers has developed.  The billing and collection systems

17  established by OpenMarket in aid of the premium mobile content industry by companies are

18  devoid of adequate checks or safeguards to prevent erroneous and unauthorized charges from

19  being added to customers' bills.  Recycled numbers, misleading "consent" procedures at the

20  sign-up stage for premium mobile content, and the absence of signature requirements, age

21  confirmations, or personal code numbers, exacerbate the likelihood of unauthorized and

22  wrongful charges.

23

24

SECOND AMENDED COMPLAINT
No. C08-1731 RSL

- 5 -

LAW OFFICES OF
**CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel:  (425) 868-7813 ● Fax: (425) 868-7870

1      21.    Aggregators, mobile content providers, and wireless carriers bill and collect

2  monies for services in many instances where the customer never gave his or her authority to

3  receive and be billed for the content.

4      22.    The practice of collecting for wrongful charges has been understood, perpetuated,

5  and even encouraged by mobile content providers, aggregators, and carriers.

6      23.    OpenMarket knows that significant amounts of money have been collected on

7  account of such unauthorized charges for premium mobile content in the industry over the last

8  few years.  While defendants have the capability to prevent the collection of money for

9  unauthorized charges, they have chosen to knowingly maintain the system that has allowed the

10  continued collection of these charges.  Defendants have benefitted financially by retaining a

11  percentage of the improper collections.

12      24.    As it also knows, OpenMarket in particular routinely processes charges for mobile

13  content that have not been authorized by the charged party.

14      25.    OpenMarket has in the state of Washington and the United States registered

15  numerous transactions and processed substantial sums of money in transactions over recent years

16  and has profited greatly from its arrangement with its content providers and wireless carrier

17  partners, including Sprint.

18      26.    That the industry experiences rapid growth means that OpenMarket's conduct, if

19  allowed to go unchecked, will harm an ever increasing number of people.

20                        **Facts related to plaintiff Armer**

21      27.    During the relevant time, plaintiff acquired cell phone service for personal use

22  from an authorized sales representative of defendant Sprint.

23

24

SECOND AMENDED COMPLAINT
No. C08-1731 RSL

- 6 -

LAW OFFICES OF
**CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel: (425) 868-7813 ● Fax: (425) 868 -7870

1    28.    On that same day, in exchange for a cellular telephone service plan, plaintiff

2    Armer agreed to pay a set monthly fee for a period of approximately 12 months.

3    29.    In or around 2008, including but not limited to May 25, 2008 and various other

4    dates, plaintiff Armer's cell phone account was charged for Predicto Mobile, LLC mobile

5    content by defendants OpenMarket and Sprint.

6    30.    At no time did plaintiff Armer authorize the purchase of such products and

7    services, and at no time did plaintiff Armer consent to its sending of text messages or other

8    content to her cellular telephones.

9    31.    Plaintiff Armer paid at least some of the unauthorized charges because she was

10   unaware / confused as to the nature of the charges.

11   32.    Defendants have yet to provide plaintiff Armer a full refund of the unauthorized

12   charges, nor has defendant paid interest and/or provided an assurance that such unauthorized

13   charges would not appear in future billing periods.

14                              **Facts related to plaintiff McNeill**

15   33.    During the relevant time, plaintiff McNeill acquired cell phone service for

16   personal use from an authorized sales representative of defendant Sprint.

17   34.    On that same day, in exchange for a cellular telephone service plan, plaintiff

18   McNeill agreed to pay a set monthly fee for a period of approximately 12 months.

19   35.    In or around 2009, including but not limited to March 15, 2009 and various other

20   dates, plaintiff McNeill's cell phone account was charged for Predicto Mobile, LLC mobile

21   content by defendants OpenMarket and Sprint.

22   36.    At no time did plaintiff McNeill authorize the purchase of such products and

23   services, and at no time did plaintiff McNeill consent to its sending of text messages or other

24

SECOND AMENDED COMPLAINT
No. C08-1731 RSL
- 7 -
LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel:  (425) 868-7813  ●  Fax:  (425) 868 -7870

1   content to his cellular telephones.

2       37.    Plaintiff McNeill paid at least some of the unauthorized charges because he was

3   unaware / confused as to the nature of the charges.

4       38.    Defendants have yet to provide plaintiff McNeill a full refund of the unauthorized

5   charges, nor has defendant paid interest and/or provided an assurance that such unauthorized

6   charges would not appear in future billing periods.

7                                    **CLASS ALLEGATIONS**

8       39.    Plaintiffs Armer and McNeill bring this action pursuant to CR 23 on behalf of

9   themselves and a class and subclass:

10          a)    The OpenMarket Class ("Class" or "OpenMarket Class") consists of all

11  wireless telephone subscribers nationwide who suffered losses or damages as a result of

12  OpenMarket facilitating the billing and collecting for mobile content products and

13  services not authorized by the subscriber; provided, however, that the following are

14  excluded from this proposed class: (i) the defendants, and (ii) any employee of a

15  defendant.

16          b)    The Sprint Subclass ("Subclass" or "Sprint Subclass") consists of all

17  wireless telephone subscribers nationwide who suffered losses or damages as a result of

18  Sprint facilitating the billing and collecting for mobile content products and services not

19  authorized by the subscriber that were processed by OpenMarket; provided, however,

20  that the following are excluded from this proposed class: (i) the defendants, and (ii) any

21  employee of a defendant.

22      40.    The Class and Subclass each consist of thousands of individuals and other

23  entities, making joinder impractical.

24

SECOND AMENDED COMPLAINT
No. C08-1731 RSL

- 8 -

LAW OFFICES OF
**CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel: (425) 868-7813  ●  Fax: (425) 868 -7870

1    41.    The claims of plaintiffs Armer and McNeill are typical of the claims of all of the

2    other members of the Class and Subclass.

3    42.    Plaintiffs will fairly and adequately represent and protect the interests of the other

4    members of the Class and Subclass.  Plaintiffs have retained counsel with substantial experience

5    in prosecuting complex litigation and class actions.  Plaintiffs and their counsel are committed to

6    vigorously prosecuting this action on behalf of the members of the Class and Subclass, and have

7    the financial resources to do so.  Neither plaintiffs nor their counsel has any interest adverse to

8    those of the other members of the Class and Subclass.

9    43.    Absent a class action, most members of the Class and Subclass would find the

10   cost of litigating their claims to be prohibitive and will have no effective remedy.  The class

11   treatment of common questions of law and fact is also superior to multiple individual actions or

12   piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes

13   consistency and efficiency of adjudication.

14   44.    Defendants have acted and failed to act on grounds generally applicable to

15   plaintiffs and the other members of the Class and Subclass, requiring the Court's imposition of

16   uniform relief to ensure compatible standards of conduct toward the members of the Class and

17   Subclass.

18   45.    The factual and legal bases of defendants' liability to plaintiffs and to the other

19   members of the Class and Subclass are the same, resulting in injury to the plaintiffs and all of the

20   other members of the Class and Subclass.  Plaintiffs and the other members of the Class and

21   Subclass have all suffered harm and damages as a result of defendants' wrongful conduct.

22   46.    There are many questions of law and fact common to the claims of plaintiffs and

23   the other members of the Class and Subclass, and those questions predominate over any

24

SECOND AMENDED COMPLAINT
No. C08-1731 RSL

- 9 -

Law Offices of
Clifford A. Cantor, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel: (425) 868-7813  ●  Fax:  (425) 868 -7870

1   questions that may affect individual members of the Class and Subclass.  Common questions for

2   the Class include but are not limited to the following:

3          (a)     whether OpenMarket's conduct described herein results in unjust

4          enrichment; and

5          (b)     whether OpenMarket's practices constitute unfair and deceptive acts or

6          practices.

7   47.   Such common questions for the Sprint Subclass include but are not limited to the

8   following:

9          (a)     Whether Sprint's conduct with OpenMarket described herein constitutes

10         breach of contract.

11  48.   The questions of law and fact common to the members of the class predominate

12  over any questions affecting only individual members and a class action is superior to all other

13  available methods for the fair and efficient adjudication of this controversy.

14                          **FIRST CAUSE OF ACTION**

15                        **Unjust Enrichment / Restitution**

16                **(on behalf of plaintiffs and the OpenMarket Class)**

17  49.   Plaintiffs incorporate by reference the foregoing allegations.

18  50.   A benefit has been conferred upon OpenMarket by plaintiffs and the Class.

19  OpenMarket has received and retains money belonging to plaintiffs and the Class resulting from

20  its facilitation of billing and collecting significant amounts of money in unauthorized mobile

21  content charges.

22  51.   OpenMarket appreciates or has knowledge of said benefit.

23

24

LAW OFFICES OF
**CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel:  (425) 868-7813 ● Fax:  (425) 868 -7870

52.     Under principles of equity and good conscience, OpenMarket should not be permitted to retain the money belonging to plaintiffs and the Class which OpenMarket has unjustly received as a result of its wrongful actions.

53.     OpenMarket unjustly gained money from plaintiffs and the Class as a direct result of OpenMarket's conduct.

**SECOND CAUSE OF ACTION**

**Tortious Interference with a Contract**

**(on behalf of plaintiffs and the OpenMarket Class)**

54.     Plaintiffs incorporate by reference the foregoing allegations.

55.     Plaintiffs and the Class had contractual relationships with their wireless carriers whereby they agreed to pay a certain sum of money in exchange for activation of their cellular telephone accounts, their carriers' promise to provide various communication and related services to plaintiffs and the Class, and to bill plaintiffs and the Class only for products or services they had authorized.

56.     OpenMarket knew of said contractual relationships and intended to and did induce a breach or disruption of the contractual relationships.

57.     OpenMarket intentionally interfered with said contractual relationship through improper motives and/or means by knowingly and/or recklessly continually causing unauthorized charges to be placed on the cellular telephone bills of cellular telephone owners across the nation, without justification.

58.     Plaintiffs and the Class suffered loss as a direct result of the conduct of OpenMarket.

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel:  (425) 868-7813  ●  Fax:  (425) 868 -7870

### THIRD CAUSE OF ACTION

### Breach of Contract

### (on behalf of plaintiffs and the Sprint Subclass)

59.     Plaintiffs incorporate by reference the foregoing allegations

60.     Plaintiffs and the Sprint Subclass entered into substantially identical agreements with defendant Sprint whereby plaintiffs and Sprint agreed to pay a certain sum of money in exchange for Sprint's activation of plaintiffs' cellular telephone accounts and promised to provide various communication and related services to plaintiffs and the Sprint Subclass.

61.     Defendant Sprint expressly and/or impliedly agreed to provide plaintiffs and the Sprint Subclass with a cellular telephone number free of unauthorized charges for third-party products and services from OpenMarket.

62.     Defendant Sprint further expressly and/or impliedly agreed to bill plaintiffs and the Sprint Subclass only for products or services the purchase of which they had authorized.

63.     Defendant Sprint further expressly and/or impliedly agreed to carry out its obligations in good faith and fair dealing.

64.     Defendant Sprint breached its contractual obligations, including its contractual obligation of good faith and fair dealing, by providing plaintiffs and the Sprint Subclass with cellular telephone bills that included unauthorized charges for mobile content.

65.     Defendant Sprint further breached its contractual obligations, including its contractual obligation of good faith and fair dealing, by billing plaintiffs and the Sprint Subclass for products or services the purchase of which they never authorized.

66.     Plaintiffs and the Sprint Subclass have performed their obligations under the contracts.

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel: (425) 868-7813 ● Fax:  (425) 868 -7870

1    67.    The aforementioned breaches of contract have proximately caused the plaintiffs

2    and the Sprint Subclass economic injury and other damages.

3                          **FOURTH CAUSE OF ACTION**

4    **Violation of the Washington Consumer Protection Act, RCW § 19.86.010 *et seq.***

5                        **(on behalf of plaintiffs and the Class)**

6    68.    Plaintiffs incorporate by reference the foregoing allegations.

7    69.    The Washington Consumer Protection Act ("CPA") declares unlawful (a) an

8    unfair or deceptive act or practice, (b) occurring in trade or commerce, (c) with a public interest

9    impact, (d) that causes injury to plaintiffs.

10   70.    At all relevant times, OpenMarket has engaged in unfair and deceptive acts and

11   practices in the conduct of its business by misleadingly and deceptively facilitating the charging

12   of wireless telephone subscribers for unauthorized mobile content charges.

13   71.    OpenMarket's unfair and deceptive business acts and practices impact the public

14   interest.  OpenMarket committed the unfair and deceptive acts described herein in the course of

15   its business as part of a pattern and generalized course of conduct.  OpenMarket's unfair and

16   deceptive business acts and practices have affected, and continue to affect, a great many

17   consumers.  The business of cell phone service is replete with public interest.

18   72.    As a result of OpenMarket's unfair and deceptive acts and practices in the

19   conduct of its business, plaintiffs and the other members of the Class have suffered actual

20   financial damages to their business and/or property.

21   73.    The State of Washington has an important interest in regulating the business

22   activities of companies headquartered in Washington state.  The policies complained of herein

23

24

SECOND AMENDED COMPLAINT
No. C08-1731 RSL

- 13 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel:  (425) 868-7813  ●  Fax:  (425) 868 -7870

1    that are the basis of this statutory theory of relief were developed in, set in, and/or emanated

2    from Washington state.

3          74.      Unless OpenMarket is enjoined from its unfair and deceptive acts and practices as

4    alleged herein, OpenMarket will continue to cause damage to consumers.

5                                    **PRAYER FOR RELIEF**

6          Plaintiffs Wilma Armer and Gregory McNeill, on behalf of themselves and the Class and

7    Subclass, pray for the following relief:

8          A.      Certify this case as a class action on behalf of the Class and Subclass defined

9    above; appoint Armer and McNeill as representatives of the Class and Subclass; and appoint

10   their counsel as counsel for the Class and Subclass;

11         B.      Declare that the actions of OpenMarket, as set out above, result in unjust

12   enrichment, constitute tortious interference with a contract, and violate the CPA;

13         C.      Enter judgment against OpenMarket in favor of plaintiffs and the OpenMarket

14   Class for all damages caused by OpenMarket's conduct and, to the extent authorized under the

15   CPA, treble damages;

16         D.      Award restitution against OpenMarket for all money that OpenMarket has to

17   which plaintiffs and the OpenMarket Class are entitled in equity;

18         E.      Declare that the actions of Sprint, as set out above, amount to breach of contract;

19         F.      Award damages and/or restitution against Sprint for all money that Sprint has to

20   which plaintiffs and the Sprint Subclass are entitled;

21         G.      Award plaintiffs and the Class and Subclass their reasonable litigation expenses

22   and attorneys' fees, to the extent allowable;

23

24

LAW OFFICES OF
**CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel:  (425) 868-7813  ●  Fax:  (425) 868 -7870

1       H.      Award plaintiffs and the Class and Subclass pre- and post-judgment interest, to

2 the extent allowable;

3       I.       Enter injunctive and/or declaratory relief as is necessary to protect the interests of

4 plaintiffs and the Class and Subclass; and

5       J.       Award such other and further relief as equity and justice may require.

6

7     Dated:  June 19, 2009          Respectfully submitted,

LAW OFFICES OF CLIFFORD A. CANTOR, P.C.

8                                    By:   Clifford A. Cantor (WSBA # 17893)
9                                    627 208th Ave. SE
Sammamish, WA  98074-7033
10                                  Tel:    (425) 868-7813
Fax:    (425) 868-7870

11                                  Michael J. Aschenbrener
12                                  KAMBEREDELSON, LLC
350 N. LaSalle St., Ste. 1300
13                                  Chicago, IL  60654
312-589-6370

14                                  Counsel for Plaintiffs

15

16

17

18

19

20

21

22

23

24

SECOND AMENDED COMPLAINT
No. C08-1731 RSL

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel: (425) 868-7813 ● Fax: (425) 868 -7870