UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
WILMA ARMER, *et al.*,           )        No. C08-1731RSL
                                 )
                Plaintiffs,    )
   v.                           )
                                 )        ORDER GRANTING IN PART
OPENMARKET, INC., *et al.*,      )        SPRINT'S MOTION FOR SUMMARY
                                 )        JUDGMENT REGARDING DUTY
                Defendants.    )        TO DEFEND
_____)

        This matter comes before the Court on a "Motion for Summary Judgment by Sprint Spectrum L.P. and Nextel West Corp. on Count I of Amended Cross-Claim Against OpenMarket, Inc." Dkt. # 52. Sprint seeks (1) a declaration that co-defendant OpenMarket must defend Sprint against plaintiffs' claims and (2) the entry of a partial judgment for fees and costs incurred by Sprint while defending this action through June 30, 2009. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, and having considered the arguments of counsel, the Court finds as follows:

        Sprint argues that OpenMarket has a duty to defend it in this litigation pursuant to ¶ 10.2 of the Messaging Application Services Agreement ("MASA") which states:

> "[OpenMarket] will indemnify and defend Sprint . . . from and against all [claims, damages, losses, liabilities, costs, expenses, and reasonable attorney's fees] arising

ORDER GRANTING IN PART SPRINT'S
MOTION FOR SUMMARY JUDGMENT
REGARDING DUTY TO DEFEND

> out of a claim by a third party against [Sprint] . . . to the extent resulting from or alleged to have resulted from any act or omission of [OpenMarket] under or related to this Agreement . . . ."

OpenMarket agrees that this provision requires it to "assume the defense of all claims in the Second Amended Complaint alleging unauthorized billing aggregated by and/or through OpenMarket that are based on OpenMarket's conduct." Opposition (Dkt. # 59) at 7. Nevertheless, OpenMarket refused to accept the defense of this action on the ground that plaintiff has alleged that Sprint has engaged in "separately wrongful" conduct. Opposition (Dkt. # 59) at 8.

All of the claims asserted against Sprint in the Second Amended Complaint are based on OpenMarket's acts or omissions. Plaintiffs have alleged, and the agreement between OpenMarket and Sprint seems to support, that OpenMarket instructed Sprint to provide specific features, data, or other information to cell phone users and to place corresponding charges on the users' cell phone bills. Plaintiffs alleges that these charges were unauthorized and unjustly enriched OpenMarket (Count I), tortiously interfered with and/or breached plaintiffs' contracts with Sprint (Counts II and III), and violated the Washington Consumer Protection Act (Count IV). The only claim asserted against Sprint is for breach of contract: plaintiffs allege that the inclusion of unauthorized charges for mobile content on their cellular telephone bills breached Sprint's contractual obligations, including its duty of good faith and fair dealing. As the Second Amended Complaint makes clear, the unauthorized billings that gave rise to plaintiffs' causes of action were caused by OpenMarket. While one could argue, and plaintiffs do, that Sprint failed to exercise sufficient control over OpenMarket and/or that providing access to its billing system facilitated the unauthorized charges, that does not change the fact that the claims against Sprint are alleged to have resulted from acts or omissions of OpenMarket related to the MASA, thereby triggering OpenMarket's duty to defend under MASA ¶ 10.2.

OpenMarket argues that because plaintiffs have a cause of action against Sprint (*i.e.*, because Sprint could be held legally responsible for some or all of plaintiffs' damages), the claims against Sprint are based on its own misconduct and not on any act or omission of OpenMarket. OpenMarket ignores the language of MASA ¶ 10 and the purposes for which defense and indemnity provisions are negotiated. The parties to the MASA recognized that they could be sued for liabilities caused by their contracting partner and provided mirror indemnification provisions to allocate that risk. To the extent a third party asserts a claim based on the acts or omissions of one party to the contract, that party is solely responsible for the defense and resolution of that claim. If, for example, Sprint were to add improper taxes or fees to charges initiated by OpenMarket, Sprint would have to defend a third-party challenge to that practice even though plaintiff might argue that OpenMarket was also liable for the overcharge. Defense and indemnity provisions are designed to immunize entities from claims that, while legally cognizable, arise from the conduct of another. That is exactly the situation described in the Second Amended Complaint.[1] Sprint is therefore entitled to a declaration that OpenMarket is obligated to defend Sprint against the claims asserted in the Second Amended Complaint.[2]

In a footnote at the very end of its motion for summary judgment, Sprint requests

---

[1] No additional discovery is necessary to ascertain whether the allegations of the Second Amended Complaint trigger the defense obligation described in MASA ¶ 10.2. To the extent that OpenMarket seeks a continuance of Sprint's motion for summary judgment in order to conduct discovery, that request is DENIED.

[2] If new claims were asserted in the future or if the evidence presented at trial supports a theory of recovery against Sprint that is not based on OpenMarket's acts or omissions under the MASA, reconsideration of this order may be appropriate. If, for example, plaintiffs amend their complaint to assert a claim that Sprint breached a contractual or regulatory duty to provide a full refund upon receipt of a complaint, the duty to defend and indemnify may not apply to that claim. As the Second Amended Complaint currently stands, however, all of the claims arise out of the acts or omissions of OpenMarket and therefore trigger MASA ¶ 10.2.

ORDER GRANTING IN PART SPRINT'S
MOTION FOR SUMMARY JUDGMENT
REGARDING DUTY TO DEFEND            -3-

that the Court "enter a final judgment on Count I of Sprint's Cross-Claim under Fed. R. Civ. P. 54(b) so that OpenMarket will be obligated to pay for Sprint's defense going forward, and Sprint will be awarded at this time a judgment for attorneys' fees and costs incurred to date . . . ." Motion (Dkt. # 52) at 19 n.6. Sprint makes no attempt to show that a partial final judgment regarding the duty to defend is appropriate or necessary – the Court expects OpenMarket to conform its conduct to this order or to seek permission to file an interlocutory appeal. Nor can the Court determine from the record whether Sprint is entitled to recover the significant fees and costs it incurred as of June 30, 2009. Sprint has not addressed basic legal and factual issues that are relevant to the recovery of these fees, such as whether the claims asserted in the original pleadings fell within the scope of the contractual defense obligations and whether the fees incurred are reasonable given the demands of this litigation.

For all of the foregoing reasons, Sprint's motion for summary judgment (Dkt. # 52) is GRANTED in part. OpenMarket is obligated to defend Sprint Spectrum L.P. and Nextel West Corp. against the allegations of the Second Amended Complaint. OpenMarket's cross-motion (Dkt. # 59) is DENIED

Dated this 5th day of October, 2009.

*Robert S. Lasnik*

Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART SPRINT'S
MOTION FOR SUMMARY JUDGMENT
REGARDING DUTY TO DEFEND           -4-