1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10

11

12

13

_____
                                                    )
WILMA ARMER, *et al.*,                              )        No. C08-1731RSL
                                                    )
                          Plaintiffs,               )
                                                    )
         v.                                         )
                                                    )        ORDER GRANTING SPRINT'S
OPENMARKET, INC., *et al.*,                         )        MOTION TO DISMISS
                                                    )        OPENMARKET'S CROSS-CLAIM
                          Defendants.               )
_____)

14    This matter comes before the Court on "Sprint's Motion to Dismiss Amended

15  Cross-Claim of OpenMarket, Inc. Pursuant to Rule 12(b)(6)." Dkt. # 53. Sprint argues that

16  OpenMarket's claims for defense and indemnity fail as a matter of law because (1) OpenMarket

17  has not alleged a breach of the contract between OpenMarket and Sprint and (2) the cross-claim

18  does not satisfy the pleading standard set forth in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544,

19  556 (2007). Having reviewed the memoranda submitted by the parties, the Court finds as

20  follows:

21    A breach of the Messaging Application Services Agreement ("MASA") is not

22  necessary to trigger the duty to defend described in MASA ¶ 10.1. Sprint promised to:

23      "indemnify and defend [OpenMarket] . . . from and against all claims, damages,
        losses, liabilities, costs, expenses, and reasonable attorney's fees . . . arising out of
24      a claim by a third party against [OpenMarket] . . . to the extent resulting from or
        alleged to have resulted from any act or omission of [Sprint] under or related to
25

26

ORDER GRANTING SPRINT'S
MOTION TO DISMISS

this Agreement . . . ."

MASA ¶ 10.1.  The promise to defend is not limited to acts that constitute a breach of the MASA, but rather encompasses all acts or omissions taken under or related to the aggregator/carrier relationship.  If, for example, Sprint were to add improper taxes or fees to charges initiated by OpenMarket, Sprint would have to defend a third-party challenge to that practice even if it were not forbidden by the MASA.

Sprint further argues that OpenMarket has failed to allege facts demonstrating how plaintiffs' claims against OpenMarket arise from acts or omissions of Sprint "under or related to" the MASA.  Motion at 9.  The Court agrees.  Pursuant to Fed. R. Civ. P. 8(a)(2), a cross-claim must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although detailed factual allegations need not be pled (Twombly, 550 U.S. at 555), OpenMarket must avoid labels, conclusions, and formulaic recitations of the elements of a cause of action in favor of factual allegations that are "enough to raise a right to relief above the speculative level."  Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 234-236 (3rd ed. 2004) ("The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).  A claim should be dismissed if, when taken as a whole, it fails to give rise to a plausible inference of actionable conduct.  Twombly, 550 U.S. at 556.

OpenMarket alleges that plaintiffs' complaint against OpenMarket "results from alleged acts or omissions of Sprint under or related to the MASA and Sprint Contracts" (Dkt. # 38 at 20).  This allegation is conclusory and merely tracks the language of the MASA.  The Court has already reviewed the allegations of the Second Amended Complaint and found that all of the claims asserted against Sprint are based on OpenMarket's acts or omissions, namely its instructions to Sprint to provide specific features, data, or other information to cell phone users and to place corresponding charges on the users' cell phone bills.  See Order Granting in Part

ORDER GRANTING SPRINT'S
MOTION TO DISMISS                    -2-

Sprint's Motion for Summary Judgment Regarding Duty to Defend at 2, of even date. The only fact alleged in support of OpenMarket's cross-claim for indemnification is that Sprint overcharged its customers. Dkt. # 38 at 18. But, given plaintiff's allegations, the fact that Sprint issued incorrect bills was the result of acts or omissions of OpenMarket related to the MASA and does not raise a plausible inference that Sprint owes OpenMarket a defense or indemnity.

For all of the foregoing reasons, Sprint's motion to dismiss OpenMarket's amended cross-claim (Dkt. # 53) is GRANTED.

Dated this 5th day of October, 2009.

Robert S. Lasnik
United States District Judge