UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GREGORY McNEILL and WILMA ARMER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OPENMARKET, INC., a Michigan corporation, SPRINT SPECTRUM, L.P., a Delaware limited partnership, NEXTEL WEST CORPORATION, a Delaware corporation,<br><br>Defendants.<br><br>SPRINT SPECTRUM L.P., a Delaware limited partnership, and NEXTEL WEST CORP., a Delaware corporation,<br><br>Cross-Claimants,<br><br>v.<br><br>OPENMARKET, INC., a Michigan corporation,<br><br>Cross-Defendants. | No. 2:08-cv-01731-RSL<br><br>SPRINT'S MOTION FOR REIMBURSEMENT OF ATTORNEYS' FEES AND COSTS<br><br>NOTE ON MOTION CALENDAR:<br>January 15, 2010 |

SPRINT'S MOTION FOR REIMBURSEMENT
OF ATTORNEYS' FEES AND COSTS
(No. 2:08-cv-01731-RSL)
59113-0068/LEGAL17488173.1

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Defendants, Cross-Claimants, and Cross-Defendants Sprint Spectrum L.P. and Nextel West Corp. (collectively, "Sprint"), by their undersigned counsel, move this Honorable Court to enter an Order requiring Defendant, Cross-Claimant, and Cross-Defendant OpenMarket, Inc. ("OpenMarket" or "OM") to reimburse Sprint $335,920.96. This is the amount of attorneys' fees and costs Sprint has incurred in this case through November 30, 2009 as a direct result of OM's numerous breaches of contract which have caused Sprint to: (a) file two answers to the Plaintiffs' complaints, and two cross-claims against OM; (b) brief two motions to dismiss OM's cross-claims; (c) brief Sprint's motion for summary judgment and OM's cross-motion for summary judgment; (d) propound discovery; (e) move to enforce the Court's order; and (f) engage in extended correspondence with OM in disappointingly futile attempts to reduce the expenses of the parties, and the resources required of the Court, to resolve all of these disputes.

Pursuant to Sections 10.2 (indemnification) and 13.3 (prevailing party) of the October 1, 2004 Messaging Application Services Agreement ("MASA"), Sprint is entitled to an award of these fees and costs. The hours expended by Sprint's counsel have been necessary given the legal positions taken by OM, all of which OM has lost. Moreover, counsel's hourly rates, as well as the reasonableness of their legal work, have been approved by many courts on numerous occasions. Accordingly, Sprint's Motion should be granted.

## I.     FACTUAL BACKGROUND

This action involves Plaintiffs' allegations that OpenMarket delivered unwanted third-party "mobile content" (such as ringtones, wallpapers, and text alerts) to their wireless phones, and that the charges for this unwanted content were then placed on their Sprint phone bills by OM. On October 5, 2009, this Court entered its "Order Granting in Part Sprint's Motion for Summary Judgment Regarding Duty to Defend" ("October 5 Order"), D.E. #76. In the October 5 Order, the Court granted Sprint summary judgment on Count I of its Amended Cross-Claim against OpenMarket, holding that OM had breached its duty to defend Sprint under Section 10.2 because Sprint had been sued due to the actions or

SPRINT'S MOTION FOR REIMBURSEMENT
OF ATTORNEYS' FEES AND COSTS
(No. 2:08-cv-01731-RSL) – 1

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

59113-0068/LEGAL17488173.1

omissions of OM under the MASA. The October 5 Order also denied OM's cross-motion for summary judgment.[1] In its Motion for Summary Judgment, Sprint stated the following:

> If the Court grants Sprint's Motion for Summary Judgment on Count I, Sprint will submit to OpenMarket the statements for Sprint's attorneys' fees and costs incurred thus far in the Action, and will seek reimbursement from OpenMarket for those amounts. If OpenMarket fails to remit payment for those attorneys' fees and costs, Sprint will file an appropriate motion asking the Court to enter an amended judgment requiring OpenMarket to reimburse Sprint for these attorneys' fees and costs at this time.

Motion for Summary Judgment, p. 19, n. 6, D.E. #52. The conclusion of the Court's October 5 Order noted that the issue of fee-shifting was not then ripe for decision because Sprint had not yet addressed the legal and factual issues relevant to the right to recover fees and costs. October 5 Order, p. 4, D.E. #76.

The MASA contains both indemnification and fee-shifting provisions. Section 10.2 provides that "[OM] will indemnify and defend [Sprint] from and against all Damages," which are defined as "all claims, damages, losses, liabilities, costs, expenses, and reasonable attorney's fees." MASA, § 10.1, D.E. #58. Section 13.3 provides that "[t]he prevailing party in any formal dispute will be entitled to reasonable attorney's fees and costs." MASA, § 13.3, D.E. #58. In accordance with the representations set forth in its Motion for Summary Judgment, p. 19, n. 6, D.E. #52, Sprint contacted OM on numerous occasions after the October 5 Order was issued in an effort to work out an agreement which could save substantial resources and time otherwise needed to address the issue of fees and costs. For example, on October 26, following through on the statement made in its Motion for Summary Judgment, Sprint sent OM copies of all invoices from Sprint's outside counsel in this matter, with modest redactions to remove entries protected by the attorney-client privilege and the work product doctrine, reflecting all of the work performed by Sprint's attorneys through September 30. At the same time, Sprint also supplied a detailed spreadsheet of the fees and costs to facilitate OM's review. *See* Declaration of Frederic R. Klein ("Klein Decl."), Ex. A, which includes the October 26 letter, the invoices, and the spreadsheet. On November 9, Sprint sent OM invoices for October, and an updated spreadsheet. *See* Klein Decl., Ex. B. On

---

[1] In a separate Order entered on the same day, the Court granted Sprint's Motion to Dismiss OM's Amended Cross-Claim (D.E. #77).

SPRINT'S MOTION FOR REIMBURSEMENT
OF ATTORNEYS' FEES AND COSTS
(No. 2:08-cv-01731-RSL) – 2

59113-0068/LEGAL17488173.1

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

December 10, Sprint sent OM invoices for November, and an updated spreadsheet. *See* Klein Decl., Ex. C.

Despite communications between counsel in November and December, Sprint and OM have not been able to negotiate a compromise on the fees and costs issue. Accordingly, Sprint is now seeking an order from the Court requiring OM to reimburse Sprint for its attorneys' fees and costs incurred in this matter, which total $333,373.86 in fees and $2,547.10 in costs through November 30.[2] The present Motion is ripe for adjudication because the major issues between Sprint and OM have been resolved: summary judgment has been entered on Count I of Sprint's Amended Cross-Claim, OM's Cross-Motion for Summary Judgment has been denied, and OM's Amended Cross-Claim has been dismissed.

## II. GOVERNING LAW

"In a diversity action, a motion for attorney's fees and costs is reviewed under the governing state law." *City of Blaine v. Golder Associates, Inc.*, No. C03-0813L, 2006 WL 3000131, at *4 (W.D. Wash. Oct. 18, 2006) (Lasnik, J.). Under Section 13.2 of the MASA, Kansas law governs the dispute between the parties, and Kansas courts routinely enforce contractual fee-shifting provisions. *Credit Union One of Kansas v. Stamm*, 867 P.2d 285, 287 (Kan. 1994) ("Kansas has allowed the recovery of attorney fees when the contract provided for those fees").

## III. ARGUMENT

**A. Attorneys' Fees and Costs Incurred by Sprint Should Be Reimbursed by OpenMarket Pursuant to the MASA.**

The fees and costs incurred by Sprint in this case all directly result from OpenMarket's repeated refusals to accept Sprint's tender of defense pursuant to the indemnification provision of Section 10.2. The consequences of those refusals are over a year's worth of fees and costs that Sprint should not have had to incur. In evaluating Sprint's contractual right to be reimbursed under the MASA, there are two logical ways of analyzing these issues.

---

[2] In early January 2010, Sprint will provide OM an updated spreadsheet and December invoices, just as Sprint has done over the last several months. Most of the December fees are related to the present Motion, which are reimbursable. *See Johnson v. Westhoff Sand Company, Inc.*, 135 P.3d 1127, 1143 (Kan. 2006) (awarding fees incurred for seeking an award of attorneys' fees).

SPRINT'S MOTION FOR REIMBURSEMENT
OF ATTORNEYS' FEES AND COSTS
(No. 2:08-cv-01731-RSL) – 3
59113-0068/LEGAL17488173.1

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

First, the fees can be divided between: (a) those incurred in defending the case brought by the Plaintiffs, and (b) those incurred in prosecuting Sprint's rights against OpenMarket under the MASA. Alternatively, the fees can be divided into three chronological periods: (1) fees incurred as a result of the First Amended Complaint ("FAC") (D.E. #2); (2) fees incurred as a result of the Second Amended Complaint ("SAC") (D.E. #46); and (3) fees incurred as a result of OpenMarket's Cross-Claims against Sprint (D.E. ##38, 49). Under either way of viewing the issues, the result should be the same: pursuant to a combination of the MASA's indemnification provision in Section 10.2 and the prevailing party fee-shifting provision in Section 13.3, OpenMarket should reimburse all of Sprint's attorneys' fees and costs.

1. **All of Sprint's Fees and Costs Are Covered by Sections 10.2 and 13.3 Under the "Defense" and "Prosecution" Analysis.**

    a. **Defense**

The fees incurred by Sprint defending Plaintiffs' claims include removing the case to the District Court, answering the FAC, conducting discovery, and answering the SAC. These fees are reimbursable because they were incurred defending the Plaintiffs' case, which was OM's responsibility under Section 10.2 because Sprint was sued as a result of the actions or omissions of OM under the MASA. The spreadsheet attached as Exhibit D to the Klein Decl. shows that Sprint's fees incurred in defending against Plaintiffs' allegations in the FAC and the SAC amounted to $74,125,75.

There can be no dispute that Section 10.2 covers Sprint's fees in defending against the SAC. This was the essence of the Court's October 5 Order, which held that OM is obligated to defend Sprint against the SAC because the claims against Sprint derived from OM's acts or omissions under the MASA. Therefore, these fees must be reimbursed by OM pursuant to Section 10.2.

The same analysis is true with respect to fees spent responding to the FAC. Like the SAC, the allegations against Sprint in the FAC derived from the alleged delivery by OpenMarket to Sprint customers of "unauthorized mobile content charges." *See* FAC, ¶¶ 22, 28, 57, 63, D.E. #2. Indeed, the entire FAC focused on the actions of OM, who was the source of the mobile content and the "unauthorized charges" placed on Plaintiff's phone bills that are the subject of this lawsuit. Numerous

SPRINT'S MOTION FOR REIMBURSEMENT
OF ATTORNEYS' FEES AND COSTS
(No. 2:08-cv-01731-RSL) – 4
59113-0068/LEGAL17488173.1

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

allegations in the FAC stated Plaintiff's theory clearly: according to the Plaintiff, OpenMarket, the "aggregator," was responsible for causing these "unauthorized mobile content charges" to appear on her and other Sprint customers' wireless telephone bills. Specifically, Plaintiff alleged that "the aggregator and/or the content provider cause [the mobile content] charge to be billed directly on the cellular phone bill of the carrier's customer . . ." FAC, ¶ 10, D.E. #2. The FAC additionally alleged that OM is responsible for the "facilitation of billing and collecting significant amounts of money in unauthorized mobile content charges," FAC, ¶ 43, D.E. #2, and that "aggregators [such as OM] manage the complex carrier relationships, distribution, billing and customer service." FAC, ¶ 11, D.E. #2. In fact, every single allegation made against OM in the FAC was incorporated by reference into the claims made against Sprint. FAC, ¶¶ 52, 61, D.E. #2. Thus, the allegations in the FAC made clear that Sprint was sued based on allegations "resulting from or alleged to have resulted from . . . act[s] or omission[s] of [OM] under or related to" the MASA, which is the triggering language of Section 10.2.

Moreover, under applicable Kansas law, the "lawsuit pleadings are merely a starting point for the duty to defend analysis," and the obligation to defend is so broad that "[t]he [contracting party] 'must look beyond the effect of the pleadings and must consider any facts brought to its attention or any facts which it could reasonably discover in determining whether it has a duty to defend.'" *Miller v. Westport Ins. Corp.*, 200 P.3d 419, 424 (Kan. 2009) (citations omitted); *cf. Willing v. Cmty. Ass'n Underwriters of Am., Inc.*, No. C06-1357RSL, 2007 WL 1991038, at *2 (W.D. Wash. July 5, 2007) (Lasnik, J.) (duty to defend "'arises when a complaint . . . construed liberally, alleges facts which could . . . impose liability upon the [indemnitor]'" and if the "complaint is ambiguous, it will be liberally construed in favor of triggering the . . . duty to defend") (internal citations omitted).

As detailed in Sprint's letter to OpenMarket of May 26, 2009 (D.E. #51, Ex. 3), a variety of filings beyond the FAC itself—including Plaintiff's Motion to Remand (D.E. #13), Plaintiff's answers to Sprint's Interrogatories (D.E. #51, Ex. 1), OpenMarket's Motion to Dismiss the FAC (D.E. #30), and Plaintiff's Opposition to OpenMarket's Motion to Dismiss (D.E. #33)—also clearly stated Plaintiff's theory of the case: Sprint was sued in the FAC due to the actions or omissions of OM in delivering unauthorized

SPRINT'S MOTION FOR REIMBURSEMENT
OF ATTORNEYS' FEES AND COSTS
(No. 2:08-cv-01731-RSL) – 5
59113-0068/LEGAL17488173.1

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

mobile content to Sprint's customers. Thus, in the words of Section 10.2 of the MASA, Plaintiff's allegations were ones "resulting from or alleged to have resulted from . . . act[s] or omission[s] of [OM] under or related to" the MASA, which required OM to defend Sprint.

Therefore, all of Sprint's "defense costs"—whether related to the FAC or the SAC— should have been incurred by OM, and now must be reimbursed to Sprint.

### b. Prosecution

The fees incurred by Sprint in litigating its disputes with OpenMarket—enforcing OM's obligations to honor Section 10.2 and defending against OM's cross-claims—are covered by Section 13.3 of the MASA which states that "[t]he prevailing party in any formal dispute will be entitled to reasonable attorney's fees and costs." These actions include: (a) tendering the FAC to OM; (b) filing Sprint's original Cross-Claim against OM; (c) moving to dismiss OM's original Cross-Claim; (d) tendering the SAC to OM; (e) filing Sprint's Amended Cross-Claim against OM; (f) moving for summary judgment on Count I of the Amended Cross-Claim; (g) moving to dismiss OM's amended Cross-Claim; (h) opposing OM's cross-motion for summary judgment; (i) filing a Motion to Enforce the Court's October 5 Order; and now (j) filing the present Motion seeking an order of reimbursement. These fees, which are covered by the prevailing party provision in Section 13.3 of the MASA, presently amount to $259,248.11. *See* Klein Decl., Ex. D.

Using *Black's Law Dictionary* as a starting point, Kansas law defines a prevailing party as one "who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not necessarily to the extent of his original contention." *Hodges v. Johnson*, 199 P.3d 1251, 1263 (Kan. 2009) (citations omitted). Under this definition, Sprint has been the prevailing party at every turn in this dispute with OpenMarket. For instance, after OM rejected Sprint's tender of defense of the FAC, Sprint filed its original Cross-Claim on the issue of OM's duty to defend Sprint under the MASA (D.E. #29). After Plaintiffs filed the SAC, Sprint filed an Amended Cross-Claim against OM (D.E. #47), also based on the breach of the duty to defend. Sprint subsequently filed its Motion for Summary Judgment on Count I of the Amended Cross-Claim Against OpenMarket (D.E. #50), which this Court

SPRINT'S MOTION FOR REIMBURSEMENT
OF ATTORNEYS' FEES AND COSTS
(No. 2:08-cv-01731-RSL) – 6
59113-0068/LEGAL17488173.1

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

granted in the October 5 Order (D.E. #76). OpenMarket also filed its own Cross-Motion for Summary Judgment (D.E. #59) which Sprint opposed (D.E. #67), and which the Court denied in the same October 5 Order (D.E. #76). Sprint prevailed on every one of these motions.

Sprint not only had to prosecute its claims against OM, but also had to defend against OM's affirmative claims. First, OM filed its own Cross-Claim (D.E. #38) alleging that Sprint was required to defend OpenMarket under Section 10.1 of the MASA. Sprint opposed this with its Motion to Dismiss OpenMarket's Cross-Claim (D.E. #44). OM then responded by filing an Amended Cross-Claim with very minimal changes (D.E. #49), which Sprint again opposed with a similar Motion to Dismiss (D.E. #53). On October 5, the Court granted Sprint's Motion to Dismiss (D.E. #77). Sprint therefore entirely prevailed on OpenMarket's Cross-Claims.[3]

Thus, at every turn in the dispute between Sprint and OM over the duty to defend under Sections 10.1 and 10.2 of the MASA, Sprint has been the prevailing party. As such, all of Sprint's reasonable attorneys' fees and costs incurred in its long running dispute with OM should be awarded pursuant to Section 13.3. *Cf. City of Blaine*, 2006 WL 3000131, at *4 (Lasnik, J.) (awarding reasonable attorneys fees incurred in pursuing indemnification rights pursuant to a contractual fee-shifting provision). OM cannot now cry foul and argue that fees and costs should not be shifted against it. In addition to the clear language of Section 13.3 and the applicable Kansas case law, OM has itself sought an award of fees and costs against Sprint. *See*, *e.g.*, D.E. #38, pp. 21-22; and D.E. #83, p. 5. "What's sauce for the goose . . . ."

In sum, all of the reasonable attorneys' fees and costs incurred by Sprint in this case—$335,920.96 through November 30, 2009—should be reimbursed by OpenMarket due to the combined effect of Sections 10.2 and 13.3 of the MASA.

---

[3] Likewise, Sprint has been the prevailing party on other issues in the case. For instance, OM filed a Motion for an open-ended extension of time to respond to Sprint's Cross-Claim (D.E. #32) which Sprint opposed (D.E. #34). The Court denied OpenMarket's Motion (D.E. #36), ruling that OM had provided "no legal support or logical basis for its request to extend time," and that "the proposed delay would impede the conduct of this litigation and provide no benefit to the parties." D.E. #36, p. 1.

SPRINT'S MOTION FOR REIMBURSEMENT
OF ATTORNEYS' FEES AND COSTS
(No. 2:08-cv-01731-RSL) – 7
59113-0068/LEGAL17488173.1

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

## 2. All of Sprint's Fees and Costs Are Covered by Sections 10.2 and 13.3 When Viewed from the Temporal Perspective.

The fees incurred by Sprint in this case can also be divided into three essentially chronological periods: (1) fees incurred in connection with the FAC, including tendering it to OM, answering the FAC, taking discovery, and filing Sprint's original Cross-Claim against OpenMarket under Section 10.2; (2) fees incurred in connection with the SAC, including tendering it to OM, answering the SAC, filing Sprint's Amended Cross-Claim against OM, moving for summary judgment on Count I of the Amended Cross-Claim, opposing OpenMarket's Cross-Motion for Summary Judgment, filing a Motion to Enforce the Court's October 5 Order, and now filing the present Motion seeking an order of reimbursement; and (3) fees incurred responding to OpenMarket's Cross-Claim, including filing a motion to dismiss OM's original Cross-Claim, and then filing another motion to dismiss OM's Amended Cross-Claim. When viewed from this temporal perspective, the prevailing party provision of Section 13.3 covers 100% of Sprint's fees and costs, and the indemnity provision of Section 10.2 also covers Sprint's fees and costs in time periods (1) and (2).[4] The spreadsheet attached as Exhibit C to Klein Decl. groups Sprint's total fees of $333,373.86 into these three categories: (1) matters related to the FAC amounting to $126,825.01; (2) matters related to the SAC amounting to $176,743.85; and (3) matters related to OM's Cross-Claims amounting to $29,805.

As between Sprint and OM, Sprint has prevailed on every issue in this case. The fees and costs incurred by Sprint responding to the FAC and SAC, and prosecuting its original and amended Cross-Claims against OM, are a direct result of OpenMarket's repeated refusal to accept Sprint's tenders on the grounds that OM had no duty to defend Sprint, an issue which OM lost. Moreover, Sprint also prevailed on OM's Amended Cross-Claim.

Thus, all of Sprint's fees and costs incurred in this case arose out of the same nucleus of operative facts—in the words of Section 13.3 of the MASA, a "formal dispute" over the parties' respective rights

---

[4] The third category in the temporal perspective—defending against OM's Cross-Claims—would not be covered by Section 10.2 because it does not involve claims by a third party, but it is clearly covered by the Section 13.3 "prevailing party" provision.

SPRINT'S MOTION FOR REIMBURSEMENT
OF ATTORNEYS' FEES AND COSTS
(No. 2:08-cv-01731-RSL) – 8
59113-0068/LEGAL17488173.1

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

and obligations under Sections 10.1 and 10.2, and they are thus all part of a unified prevailing party analysis. *Sunflower Bank, N.A. v. Airport Red Coach Inn of Wichita, L.L.C.*, No. 95320, 2008 WL 360641, at *6 (Kan. App. Feb. 8, 2008) (affirming award of attorneys' fees pursuant to a contractual prevailing party clause) ("[W]hen the causes of action involved in the suit are dependent upon the same set of facts or circumstances and, thus, are intertwined to the point of being inseparable, the party suing for attorney fees may recover the entire amount covering all claims."). As such, all of Sprint's reasonable attorneys' fees and costs should be awarded pursuant to Section 13.3, and the vast majority of those fees and costs should also be reimbursed pursuant to Section 10.2.

**B.      The Hours Expended by Sprint's Counsel and Their Hourly Rates Are Reasonable.**

Sprint has used three law firms in this case. Goldberg Kohn has served as lead counsel, doing the majority of research and drafting. Quinn Emmanuel has generally served in an important supporting role, reviewing and editing drafts, and providing strategic analysis. Sprint chose to use Quinn Emmanuel in conjunction with Goldberg Kohn because Quinn Emanuel has been Sprint's principal outside counsel on many of the "premium service cases" filed against Sprint around the country (like this one), and thus has expertise in handling these cases. Perkins Coie, which has represented Sprint in other somewhat related premium service cases, has served as local counsel. *See* Klein Decl., ¶ 6. The three roles played by each of these firms is evidenced by the proportion of the $333,373.86 amount of total fees each firm has billed: total fees for Goldberg Kohn are $245,886.59 (approximately 74% of the total), total fees for Quinn Emmanuel are $69,121.55 (approximately 20%), and total fees for Perkins Coie are $18,365.72 (approximately 6%).

The work performed by Sprint's attorneys has been reasonable and necessary, especially considering the vigorous defense and offense mounted by OM. As a result of OM's consistent refusal to accept Sprint's tender of defense, Sprint was forced to research, draft, and file many pleadings, motions, and briefs including:

1)      Sprint's Answer to the FAC and Cross-Claim against OpenMarket (D.E. #29);
2)      Sprint's Motion to Dismiss OpenMarket's Cross-Claim (D.E. #44)

SPRINT'S MOTION FOR REIMBURSEMENT
OF ATTORNEYS' FEES AND COSTS
(No. 2:08-cv-01731-RSL) – 9
59113-0068/LEGAL17488173.1

3) Sprint's Answer to the SAC and Amended Cross-Claim against OpenMarket (D.E. #47);
4) Sprint's Motion for Summary Judgment on Count I of Amended Cross-Claim Against OpenMarket (D.E. #50), and Reply in support thereof (D.E. #61);
5) Sprint's Motion to Dismiss Amended Cross-Claim of OpenMarket (D.E. #53), and Reply in support thereof (D.E. #74);
6) Sprint's Opposition to Cross-Motion of OpenMarket for Summary Judgment (D.E. #67);
7) Sprint's Motion to Enforce the Court's Order of October 5 (D.E. #79), and Reply in support thereof (D.E. #84);
8) Sprint's present Motion for Reimbursement of Attorneys' Fees and Costs.

Sprint also sent numerous extensive letters and emails to OM over many, many months setting forth in detail its legal positions on the duty to defend in the hopes of avoiding the necessity of extensive motion-practice to resolve these disputes. *See, e.g.*, D.E. #51, Ex. 3; D.E. #80, Ex. A. Moreover, Sprint prepared for and attended the October 1 oral argument before the Court on all pending motions, a hearing that was requested by OpenMarket. Given the extensive work required in this case, and the results achieved, the hours expended by Sprint's counsel are reasonable. *See Vanier v. Ponsoldt*, 833 P.2d 949, 965 (Kan. 1992) (affirming award of attorneys' fees as reasonable when it was "evident that the attorneys for all parties devoted great time and effort").

The reasonableness of the fees incurred by one party is often evaluated by comparing them to the fees incurred by the opposing party. *Waddell & Reed Financial, Inc. v. Torchmark Corp.*, 222 F.R.D. 450, 453 (D. Kan. 2004) ("comparison to opposing counsel fees … is one way to show reasonableness" of attorneys' fees incurred); *Shrout v. Holmes*, No. 00-2069-KHV, 2001 WL 980280, at *3, n. 5 (D. Kan. Aug. 10, 2001) ("the total fees which defendants incurred are relevant in assessing the overall reasonableness of the fee requested by plaintiff and the amount of time reasonably expended on the case"). For that reason, Sprint suggested in its October 26 letter to OM that the parties might benefit by exchanging invoices to compare the hourly rates and amounts billed by each side as a way to resolve the dispute over fees, and to evaluate OpenMarket's unsupported assertion that Sprint's fees are unreasonable. *See* Klein Decl., Exhibit A. To date, however, OM has ignored this proposal, failed to produce its legal bills, and instead repeatedly stated that Sprint's fees are "excessive."

SPRINT'S MOTION FOR REIMBURSEMENT
OF ATTORNEYS' FEES AND COSTS
(No. 2:08-cv-01731-RSL) – 10
59113-0068/LEGAL17488173.1

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

In any event, the rates charged by Sprint's firms are reasonable. In determining the reasonableness of attorneys' fees, Kansas law considers eight factors set forth in Kansas Rule of Professional Conduct 1.5. *See Westhoff Sand*, 135 P.3d at 1135-38 (analyzing factors under KRPC 1.5 and affirming award of $1.3 million in attorneys' fees); *City of Wichita v. B G Products, Inc.*, 845 P.2d 649, 654 (Kan. 1993) (analyzing factors under KRPC 1.5 and affirming award of $123,000 in attorneys fees). Considering the fees incurred by Sprint in this case through the lens of the applicable factors enumerated in KRPC 1.5, Sprint's fees are reasonable. A large amount of time and labor were required in this case as a result of OM's intractable positions at each stage of the dispute, and OM's positions have been uniformly rejected by this Court. Moreover, as noted below, courts have held that each of Sprint's law firms' fees are commensurate with the fees customarily charged for similar legal services. Given that Sprint has prevailed on every issue between OM and Sprint in this serious nationwide class action seeking many millions of dollars, the results obtained by Sprint attorneys' support a finding of reasonableness. In addition, the proceeding before the Court is one step of a much longer professional relationship between Sprint and these three law firms. Moreover, the experience, reputation, and ability of Sprint's attorneys support a finding of reasonableness, as evidenced by the decisions noted below. Finally, the fees in this case are fixed rather than contingent, which helps to support a finding of reasonableness.

In support of all of the aforementioned factors under KRPC 1.5, it should be noted that invoices from the three firms representing Sprint in this matter have been approved by many courts dealing with fee-shifting issues in the past. *See, e.g.*, *Boulevard Bank v. Phillips Med. Sys. Int'l.*, 827 F. Supp. 510, 512 (N.D. Ill. 1993) (awarding $208,801.05 in fees and costs, and finding that Goldberg Kohn's fees were "reasonable and compensable" because its "descriptions of the services performed … contain the requisite degree of specificity necessary for the court to determine the time expended on each task performed, who performed them, how they related to the litigation and whether they were necessarily required"), *aff'd*, 15 F.3d 1419, 1426 (7th Cir. 1994); *Chicago Messenger Servs., Inc. v. Nextel Comm., Inc.*, No. 01 C 8820, 2005 WL 78960, at *5, 6 (N.D. Ill. Jan. 12, 2005) (approving Goldberg Kohn's rates

SPRINT'S MOTION FOR REIMBURSEMENT
OF ATTORNEYS' FEES AND COSTS
(No. 2:08-cv-01731-RSL) – 11
59113-0068/LEGAL17488173.1

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

as reasonable, awarding $187,338.75 in fees, and holding that "the descriptions provided are typical of those seen on attorneys' billing statements. And the descriptions are adequate to convey the gist of the services provided in each case"); *Eon-Net, L.P. v. Flagstar Bancorp, Inc.*, No. C05-2129 MJP, 2006 WL 3749903 (W.D. Wash. Dec. 19, 2006) (approving Quinn Emanuel's billing rates and reasonableness of fees, and awarding $141,984.70 in fees and costs); *Philips Oral Healthcare, Inc. v. Federal Ins. Co.*, No. C98-1211 JLR, 2005 WL 3020014 (W.D. Wash. Nov. 10, 2005) (approving Perkins Coie's billing rates and awarding $3,911,058.44 in fees). *See also* Klein Decl., Exhibit A, citing many more opinions approving of the rates, statements, and reasonableness of work performed by Sprint's counsel.

## IV.  CONCLUSION

The fees and costs of $335,920.96 incurred by Sprint in this matter are reasonable and reimbursable under the circumstances of this case, and OpenMarket is liable for these amounts pursuant to Sections 10.2 and 13.3 of the MASA. Sprint thus respectfully requests that the Court grant in full its Motion for Reimbursement of Attorneys' Fees and Costs.

DATED: December 31, 2009

*s/ Amanda J. Beane*
Sarah J. Crooks, WSBA No. 35997
Amanda J. Beane, WSBA No. 33070
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:   206.359.9000
SCrooks@perkinscoie.com
ABeane@perkinscoie.com

Frederic R. Klein
Mark W. Hancock
**Goldberg Kohn Ltd.**
55 East Monroe Street, Suite 3300
Chicago, IL  60603
Telephone:  312.201.4000

SPRINT'S MOTION FOR REIMBURSEMENT
OF ATTORNEYS' FEES AND COSTS
(No. 2:08-cv-01731-RSL) – 12

59113-0068/LEGAL17488173.1

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Michael T. Lifrak
**Quinn Emanuel Urquhart Oliver & Hedges, LLP**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: 213.443.3000

*Attorneys for Defendants*
*Sprint Spectrum L.P. and Nextel West Corp.*

SPRINT'S MOTION FOR REIMBURSEMENT
OF ATTORNEYS' FEES AND COSTS
(No. 2:08-cv-01731-RSL) – 13
59113-0068/LEGAL17488173.1

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

# CERTIFICATE OF SERVICE

On December 31, 2009, I electronically filed the foregoing SPRINT'S MOTION FOR REIMBURSEMENT OF ATTORNEYS' FEES AND COSTS with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record:

| | |
|---|---|
| Clifford A. Cantor<br>**Law Offices of Clifford A. Cantor, PC**<br>627 208th Avenue SE<br>Sammamish, WA  98074-7033<br>cacantor@comcast.net<br>*Attorneys for Plaintiff Wilma Armer* | Michael J. Aschenbrener<br>**Kamber Edelson LLC**<br>350 N. LaSalle Street, Suite 1300<br>Chicago, IL  60654<br>maschenbrener@kamberedelson.com<br>*Attorneys for Plaintiff Wilma Armer* |
| Jeffrey M. Thomas<br>Mark A. Wilner<br>**Gordon Tilden Thomas & Cordell LLP**<br>1001 Fourth Avenue, Suite 4000<br>Seattle, WA  98154-1007<br>jthomas@gordontilden.com<br>*Attorneys for Defendant OpenMarket, Inc.* | Charles Platt<br>Sanket J. Bulsara<br>**Wilmer Cutler Pickering Hale & Dorr**<br>399 Park Avenue<br>New York, NY  10022<br>charles.platt@wilmerhale.com<br>sanket.bulsara@wilmerhale.com<br>*Attorneys for Defendant OpenMarket, Inc.* |

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 31st day of December, 2009.

/s/ *Amanda J. Beane*
Amanda J. Beane, WSBA No. 33070
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
ABeane@perkinscoie.com

*Attorney for Defendants Sprint Spectrum, L.P. and Nextel West Corp.*

---

SPRINT'S MOTION FOR REIMBURSEMENT
OF ATTORNEYS' FEES AND COSTS
(No. 2:08-cv-01731-RSL) – 14

59113-0068/LEGAL17488173.1

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222