UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILMA ARMER, *et al.*,<br><br>　　　　　　　Plaintiffs,<br>　　v.<br><br>OPENMARKET, INC., *et al.*,<br><br>　　　　　　　Defendants. | No. C08-1731RSL<br><br><br>ORDER REGARDING RETENTION<br>OF COUNSEL |

This matter comes before the Court on "Sprint's Motion to Enforce the Court's Order." Dkt. # 79. On October 5, 2009, the Court ordered OpenMarket, Inc., to defend Sprint Spectrum L.P. and Nextel West Corp. against the allegations of the Second Amended Complaint with the clear expectation that OpenMarket would conform its conduct to the order. Dkt. # 76 at 4. Despite the existence of cross-claims between defendants, the open conflict regarding defense obligations under the Messaging Application Services Agreement ("MASA"), and the significant likelihood that defendants' positions on liability and indemnity will be adverse to each other, OpenMarket insists that its counsel can represent both defendants.

OpenMarket's position seems to be that, because the October 5, 2009, Order and the MASA do not explicitly require retention of conflict-free counsel, OpenMarket has no such obligation. There are other rules and codes that govern the conduct of attorneys, however. If, as appears to be the case, Wilmer Cutler and Gordon Tilden cannot think of any reason why the proposed dual representation is unworkable, they should review the Rules of Professional

ORDER REGARDING RETENTION
OF COUNSEL

Conduct, particularly Rule 1.7. OpenMarket has grudgingly accepted the Court's determination that it must defend Sprint in this litigation and has reserved the right to contest its defense and indemnity obligations on appeal. Decl. of Frederic R. Klein (Dkt. # 80), Ex. A; Opposition (Dkt. # 83) at 3 n.1. Thus, if OpenMarket's counsel were to represent both OpenMarket and Sprint, the litigation strategy that would be most beneficial to OpenMarket (to paint Sprint as the culpable party should the jury find liability and then disavow its indemnification obligations on appeal) would be directly adverse to Sprint. In the circumstances presented here, there is an unwaivable conflict of interest: OpenMarket's counsel cannot, consistent with their professional obligations, represent Sprint in this matter.[1]

For all of the foregoing reasons, Sprint's motion to enforce is GRANTED. OpenMarket must retain a separate and independent firm to represent Sprint in this matter. OpenMarket has the choice of retaining Sprint's current counsel or hiring new counsel: regardless, the retained firm must have the experience and expertise necessary to defend Sprint in this litigation.

Dated this 4th day of January, 2010.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[1] OpenMarket points out that § 10.3 of the MASA gives OpenMarket the right to settle or defend with its own counsel. Had OpenMarket acknowledged its defense and indemnification obligations under the MASA, the risk of conflict would have been substantially reduced such that joint representation may have been possible (as often occurs when an insurance company handles the defense for its insured). In the circumstances presented here, however, OpenMarket has not voluntarily agreed to defend or indemnify and apparently intends to contest its obligations on appeal. It would be folly for Sprint to turn its defense over to attorneys who have an adversary's interests at heart, and it would be unethical for the attorneys to accept such representation if offered.

ORDER REGARDING RETENTION
OF COUNSEL                    -2-