The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| GREGORY MCNEILL and WILMA ARMER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>OPENMARKET INC., a Michigan corporation, SPRINT SPECTRUM, L.P., a Delaware limited partnership, NEXTEL WEST CORPORATION, a Delaware corporation,<br><br>Defendants. | No. CV 08-01731-RSL<br><br>**OPPOSITION OF OPENMARKET INC. TO SPRINT'S MOTION FOR REIMBURSEMENT OF ATTORNEYS' FEES AND COSTS** |
| SPRINT SPECTRUM, L.P., a Delaware limited partnership, and NEXTEL WEST CORP., a Delaware corporation,<br><br>Cross-Claimants,<br><br>v.<br><br>OPENMARKET INC., a Michigan corporation,<br><br>Cross-Defendant. | |

OPPOSITION OF OPENMARKET INC. TO SPRINT'S MOTION FOR REIMBURSEMENT OF FEES AND COSTS
No. 08-01731 RSL

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

| | |
|---|---|
| OPENMARKET INC., a Michigan corporation, | |
| Cross-Claimant. | |
| v. | |
| SPRINT SPECTRUM, L.P., a Delaware limited partnership, and NEXTEL WEST CORP., a Delaware corporation, | |
| Cross-Defendants. | |

OPPOSITION OF OPENMARKET INC. TO SPRINT'S
MOTION FOR REIMBURSEMENT OF FEES AND COSTS
No. 08-01731 RSL

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

TABLE OF CONTENTS

INTRODUCTION ..........................................................................................................................1

I. SPRINT'S REQUEST FOR FEES CONTAINS UNRECOVERABLE AND
   UNREASONABLE FEES ...............................................................................................1

II. FEES THAT ARE UNNECESSARILY DUPLICATIVE, IRRELEVANT OR
    OTHERWISE INFLATED ..............................................................................................6

III. UNDER THE PARTIES' AGREEMENT AND GOVERNING LAW SPRINT
     CANNOT RECOVER ATTORNEYS' FEES ..................................................................8

CONCLUSION ...........................................................................................................................13

## INTRODUCTION

Defendants Sprint Spectrum L.P. and Nextel West Corporation ("Sprint") seek indemnification of nearly $350,000 in attorneys fees in this case because this Court granted in part its short, relatively simple motion for summary judgment to resolve OpenMarket's defense obligations. Sprint's request is improper because it includes "block" bills from four separate sets of attorneys at excessive rates, and includes substantial amounts of time that are not related to Sprint's motion. Sprint's indemnification request has not met the requirements of Kansas law, which requires that Sprint demonstrate that it exercised "billing judgment" and analyzed its fees to eliminate redundant, unnecessary or unreasonable billings.

Sprint's request for enormous fees is unwarranted in any event for several other reasons. Sprint did not "prevail" on its motion to resolve OpenMarket's defense obligations, because Sprint had earlier rejected a settlement offer from OpenMarket to do what the Court eventually ordered: OpenMarket would defend the claims in the Second Amended Complaint that were based on or resulted from OpenMarket's acts and omissions. By rejecting that settlement, under the parties' agreement Sprint is not entitled to fee recovery.

## I. SPRINT'S REQUEST FOR FEES CONTAINS UNRECOVERABLE AND UNREASONABLE FEES

Under Kansas law, which Sprint applies, Sprint's indemnification request must screen reasonable from unreasonable fees, remove duplicative costs and conduct an analysis on the actual fees incurred. Sprint cannot just submit time records wholesale; it must demonstrate that it has exercised "billing judgment" in submitting its fee application. *Jayhawk Invs., L.P. v. Jet USA Airlines, Inc.*, No. 98-2153JWL, 1999 WL 974027, at *2 (D. Kan. Aug. 25, 1999). "'Billing judgment consists of winnowing the hours *actually* expended down to the hours *reasonably*

OPPOSITION OF OPENMARKET INC. TO
SPRINT'S MOTION FOR REIMBURSEMENT
OF FEES AND COSTS
No. 08-01731 RSL

- 1 -

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

expended.'" *Id.* (emphasis in original) (quoting *Case by Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1250 (10th Cir. 1998)); *see also Jackson v. Austin,* 267 F. Supp. 2d 1059, 1066 (D. Kan. 2003). Sprint's motion does not exercise any such billing judgment, and instead submits its time sheets wholesale to this Court. Its request for fees is thus *per se* unreasonable, and on that basis alone this Court should reject Sprint's request. *See JayHawk Investments, L.P.*, 1999 WL 974027, at *3 ([I]t appears that counsel has merely presented the court with the estimated raw time spent on each task, rather than attempting to 'winnow' the amount of time [spent]").[1] Many large categories of the fees Sprint seeks are unreasonable or unrecoverable.[2]

*First,* over one-third of the fees that Sprint seeks are by its own admission from the First Amended Complaint in this case. Sprint Br. at 8 (seeking fees for "matters related to the FAC amounting to $126,825.01."). However, Sprint did not move for summary judgment with respect to the First Amended Complaint. Indeed, the Court expressly recognized that Sprint's summary judgment motion did *not* address "basic legal and factual issues that are relevant to the recovery of . . . fees, such as whether the claims asserted in the [first amended complaint] fell within the scope of the contractual defense obligations…." Order dated Oct. 5, 2009, Docket No. 76, at 4.

Because Sprint did not prevail on any formal dispute with respect to defense obligations under the First Amended Complaint, Sprint is clearly not entitled to recover the $126,825.01 that Sprint allegedly incurred with respect to those obligations under the First Amended Complaint. *See* MASA § 13.3 (only entitling "prevailing party" to fee recovery).

Even if Sprint had moved for summary judgment on its defense obligations under the

---

[1] It is not OpenMarket's burden to establish the flaws in Sprint's application. Sprint bears the burden of establishing that all of its fees are reasonable and appropriate. *See Caputo v. Prof'l Recovery Servs., Inc.*, No. 00-4208SAC, 2004 WL 1503953, at *3 (D. Kan. June 9, 2004).
[2] Sprint's application for fees is improper at this stage in the litigation, because it has presented no evidence that its claim has accrued, *i.e.* it has presented no evidence that Sprint has paid the fees that the law firms have billed. *See Kansas Public Employees Retirement System v. Reimer & Koger Associates, Inc.*, 927 P.2d 466, 484 (Kan. 1996).

| OPPOSITION OF OPENMARKET INC. TO SPRINT'S MOTION FOR REIMBURSEMENT OF FEES AND COSTS<br>No. 08-01731 RSL | - 2 - | **GORDON TILDEN THOMAS & CORDELL LLP**<br>1001 Fourth Avenue, Suite 4000<br>Seattle, WA 98154-1007<br>Phone (206) 467-6477<br>Fax (206) 467-6292 |

First Amended Complaint, that motion would have involved very different issues than those resolved by the Court in its Order. That complaint alleged that Sprint, OpenMarket and the mobile content providers were collectively responsible for any unauthorized charges and states separate claims for relief, on behalf of a separate class, as a result of Sprint's (not OpenMarket's) alleged misconduct. *See* FAC, Docket No. 1, Ex. A, ¶¶ 19-24; 32(b); 40; 52-67. Thus, Sprint would not have been entitled to a defense under Section 10.2 of the MASA, which provided that OpenMarket is required to defend/indemnify Sprint for only *its own acts and omissions*; Section 10.1 of the MASA provides that Sprint is responsible for its own acts and omissions.

Sprint argues first that the First Amended Complaint is "focused" on OpenMarket or that Sprint's liability is merely derivative of OpenMarket's. But the specific allegations against Sprint in the First Amended Complaint make no mention of OpenMarket. There was an entirely separate Sprint class of plaintiff who sought to recover from Sprint for its "facilitating the billing and collecting the mobile content products and services not authorized by the subscriber." FAC ¶ 32. One common issue—identified by Plaintiff—for the members of the Sprint class is the question of whether "Sprint's practices"—not OpenMarket's—"constitute unfair or deceptive acts or practices." *Id.* ¶ 40. Neither this cause of action nor this recovery could "derive" from the actions of OpenMarket, because OpenMarket has no contract with the wireless customer and collects no money from the customer directly. This Court has already held as much. *See* Docket No. 55, Order dated July 27, 2009, at 5.

*Second*, Sprint's request for indemnification also fails to meet the requirements of Kansas law, because there are number of fees incurred by Sprint that are unrelated to this case. Instead, Sprint has submitted fees related to its other litigations (none of which involve OpenMarket), its negotiations with other aggregators, and communications with non-parties. *See, e.g.*, Klein Decl.,

OPPOSITION OF OPENMARKET INC. TO
SPRINT'S MOTION FOR REIMBURSEMENT
OF FEES AND COSTS
No. 08-01731 RSL

- 3 -

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

Ex. A at 11 (review of Murray Complaint in Oregon); 75 (billing for work on "MDL Proceedings"); 75 (billing for "letters to *aggregators*" and "aggregator strategy"); 81 (billing for conferences and emails with "several *content providers*). There is no basis for OpenMarket to be liable under the MASA for such fees which have nothing to do with this case, and which do not relate to the dispute on which Sprint allegedly prevailed in part. These unrelated costs and fees (all of which are difficult to identify because of various redactions or because phone calls and discussions often contain no subject matter references) should be deemed non-recoverable.

*Third*, Sprint's time entries are all "block-billed," and thus there is no way to determine how much time is spend on any individual task or to evaluate the reasonableness of Sprint's request. "'[B]lock billing practices . . . camouflage the work a lawyer does naturally and quite correctly raise suspicions about whether all the work claimed was actually accomplished or whether it was necessary." *Robinson v. City of Edmond*: 160 F.3d 1275, 1284 (10th Cir. 1998).

For example, with Goldberg Kohn's entries it is impossible to determine in several instances where a few minutes or several hours were spent on emails or correspondence as opposed to more substantive tasks like brief writing. *See, e.g.*, Klein Decl., Ex. A at 63 (08/04/09 entry) (devoting 10.9 hours to work by Goldberg Kohn that includes "attention to correspondence," "draft reply" and "office conference"); 70 (9/30/09 entry) (billing 10.8 hours to hearing preparation, emails and calls). The inability to evaluate the time contained in Sprint's block billing entries should result the fee request being denied. *See Ambriz v. Arrow Fin. Servs., LLC*, No. CV-07-5423-JFW, 2008 WL 2095617, at *3 (C.D. Cal. May 15, 2008).

*Fourth*, the Sprint's fee application is based upon hourly rates from other jurisdictions. The fees of Goldberg Kohn and Quinn Emmanuel are based on their lawyers' respective rates in Chicago and Los Angeles. *See* Klein Decl., Ex. A at 16, 17, 103. That too is *per se* improper

OPPOSITION OF OPENMARKET INC. TO
SPRINT'S MOTION FOR REIMBURSEMENT
OF FEES AND COSTS
No. 08-01731 RSL

- 4 -

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

and requires rejecting Sprint's application. "Absent unusual circumstances, 'the fees rates of the local community should be applied even when the lawyers seeking fees are from another area.'" *475342 Alberta, Ltd. v. Starfire*, No. Civ. 95-2083-GJV, 1997 WL 457697, at *2 (D. Kan. July 31, 1997) (quoting *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983). Sprint has made no attempt to show that its Chicago/Los Angeles fees are comparable to fees in Seattle for similar litigation as the present case. This should result in the denial of Sprint's application. *See, e.g.*, *Jayhawk Inv., L.P.*, 1999 WL 974027, at *4 (finding rates from New York to be "inapposite" because "the relevant legal market is not New York . . . but . . . [the] site of the litigation."). [3]

Sprint argues that because other courts have approved the fees of its three firms in other cases, this Court should approve the fees sought here. Sprint Br. at 11-12. The cases Sprint relies on are inapposite. *Boulevard Bank, N.A. v. Phillips Med. Sys. Int'l B.V.*, which Sprint relies on to justify Goldberg Kohn's fees is a case adjudicating the reasonableness of counsel's fees in the Chicago marketplace, not Seattle. 827 F. Supp. 510 (N.D. Ill. 1993). Similarly, *Chicago Messenger Serv., Inc. v. Nextel Commc'ns, Inc.* also provides no analysis of the Goldberg Kohn's fees with respect to the Seattle market. No. 01C 8820, 2005 WL 78960, at *1 (N.D. Ill. Jan 12, 2005). But more significantly, the decision actually *criticizes* the fees sought by Goldberg Kohn, *id.* at *4 ("Nevertheless, in some instances, the Court finds that the amounts billed are excessive or unreasonable"), for among other things, duplicating fees by sending multiple attorneys to attend depositions and hearings, *id.*, and spending excessive time preparing

---

[3] Sprint suggests that OpenMarket should submit its billing records and time entries to allow this Court to compare Sprint's fees to OpenMarket's. This approach is improper for at least two reasons. First, it attempts to shift Sprint's burden to establish the reasonableness of its fees to OpenMarket, who has no obligation to establish Sprint's fees as being unreasonable. *See supra* n. 1. Second, it is an improper attempt by Sprint to avoid its obligation to compare its fees to those charged by other Seattle-based attorneys in comparable cases.

OPPOSITION OF OPENMARKET INC. TO
SPRINT'S MOTION FOR REIMBURSEMENT
OF FEES AND COSTS
No. 08-01731 RSL

- 5 -

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

motions, briefs, and reviewing court orders. *Id.* at *5. [4] If anything, these cases establish the skepticism with which courts have viewed the applications submitted by each of these firms in the past. Given this backdrop, and the fact that Sprint has failed to make an appropriate comparison of their fees to Seattle-area fees, the application should be rejected.

## II. FEES THAT ARE UNNECESSARILY DUPLICATIVE, IRRELEVANT OR OTHERWISE INFLATED

Even if this Court were not to reject Sprint's application for fees in light of the failure to submit an appropriate application as set forth above, Sprint's fees should be substantially reduced because they are unnecessarily duplicative, irrelevant or inflated. This Court should exercise its discretion to remove these fees from any fee award. *See Carter v. Sedgwick County, Kansa*s, 36 F.3d 952, 956 (10th Cir. 1994).

*First*, Sprint is now seeking the recovery of fees incurred by *three* separate law firms. The fees incurred by Quinn Emmanuel ($69,121.55) are a significant percentage of the fees being sought by Sprint. Sprint's Br. at 9. There is no reason that multiple law firms had to be involved on the summary judgment motion on which Sprint allegedly prevailed in part. According to Sprint, that motion involved simple, straightforward issues, and required no discovery. *See* Sprint's Reply in Support of Mot. for S.J., Docket No. 61, at 6-7.

Even if the motion had been complex, Sprint's records demonstrate that throughout the case Quinn Emmanuel and Goldberg Kohn were performing the identical tasks at virtually the same time. *See, e.g.*, Klein Decl., Ex. D at 350 (review of OpenMarket's response to tender letter on 12/3/2009); 351 (preparation for and participation for call with OpenMarket by both QE

---

[4] With respect to Quinn Emmanuel's fees, Sprint cites *Eon-Net, L.P. v. Flagstar Bancorp, Inc.*, but fails to note that in that case the Court awarded fees, notwithstanding a "high hourly rate," because the case was a complex patent litigation and had "implications on a national scale." Without the patent issues in the case, the Court would not have awarded the fees sought. *See* No. C05-2129-MJP, 2006 WL 3749903, at *4 (W.D. Wash. Dec. 19, 2006).

and GK on 2/11/2009); 351-52 (response to emails from OpenMarket by both QE and GK on 2/2/2009); 353 (legal research by QE on 3/11 and GK on 3/15/2009); 354-58 (work on editing, revising and drafting motion for summary judgment by QE and GK); 361 (drafting and revising of tender and indemnification letter to OpenMarket on 5/28 and 5/29/2009 by all three law firms). There are many more examples throughout Sprint's papers – this duplication is evident throughout the charts that are attached to Mr. Klein's declaration as Exhibits C & D.

In light of this duplication, the fees of Quinn Emmanuel should be struck. Further, the fees that Goldberg Kohn has incurred in consulting, communicating and working with these additional firms should be removed from the total recoverable fees. *See Ramos*, 713 F.2d at 554 (holding that district court should pay "particular attention to the possibility of duplication" and noting that "the more lawyers representing a side of the litigation, the greater the likelihood will be for duplication of services.") (internal quotations and citations omitted); *Ellis v. University of Kansas Medical Center*, No. 95-2376, 2000 WL 1310508, at *4 (D. Kan. Aug. 31, 2000).

Second, in its application, Sprint seeks among other things fees for its fee application. Sprint "engag[ed] in extended correspondence with OpenMarket in disappointingly futile attempts to reduce the expense of the parties . . . to resolve all of these disputes." Sprint Br. at 1. These fees, which have been added to the fee application, are not recoverable. "The generally rule is that at least some compensation is generally allowable for reasonably expended on the fee application . . . There is a difference . . . between time necessary to prepare . . . an application for fees, and hours spent disputing a fee award. The latter are especially suspect and may disallowed in their entirety." *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1206-07 (10th Cir. 1986).

What Sprint has done, as evidenced by the numerous and lengthy letters it appends to this motions, *e.g.* Klein Decl. Ex. A at 4-5, and the numerous entries in billing records related to

OPPOSITION OF OPENMARKET INC. TO
SPRINT'S MOTION FOR REIMBURSEMENT
OF FEES AND COSTS
No. 08-01731 RSL

- 7 -

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

correspondence with OpenMarket's counsel, is devote a tremendous number of hours to fee chasing. *See also* Decl. of Fredrick Klein, Docket No. 51, at Exs. 2-3. That is, Sprint is now trying to obtain fees not from litigating its claims with OpenMarket, but from time spent trying to get OpenMarket to pay those fees. *See, e.g.*, Klein Decl., Ex. B at 197 (hours expended on preparing fees spreadsheet to send to WilmerHale); Ex. C at 325-26 (hours expended on communication with OpenMarket re: fees). By Sprint's own admission these hours were substantial. Sprint's Br. at 2. Sprint is fond of writing lengthy letters, asking that OpenMarket respond and make settlement offers, and then reject those offers in equally lengthy correspondence, all the while billing OpenMarket for these activities. This vast expense inflation from fees for fees work should not rewarded. *Mares,* 801 F.2d at 1207 ("[T]ime devoted solely to disputing a fee award may be deemed non-compensable in any event."); *Ellis v. University of Kansas Medical Center*, NO. 95-2376, 1996 WL 570187, at *5 (D. Kan. Sept. 17, 1996).

## III. SPRINT CANNOT RECOVER ATTORNEYS' FEES UNDER THE PARTIES' AGREEMENT AND GOVERNING LAW.

Sprint claims it is entitled to recover its fees under Section 13.3 of the MASA between the parties because Sprint allegedly "prevailed" in a formal dispute between the parties when the Court granted Sprint's motion for summary judgment in part. However, Sprint did not in fact prevail because this Court only directed OpenMarket to do what it had already agreed to do in an earlier offer of settlement. Specifically, this Court ordered OpenMarket to defend Sprint against all of the claims asserted in the Second Amended Complaint because all of those claims "are based on OpenMarket's acts or omissions." Order dated Oct. 5, 2009, at 2. According to the Court, all the claims in the complaint "are alleged to have resulted from acts or omissions of OpenMarket." *Id.* But in two letters to Sprint's counsel last year before the summary judgment

OPPOSITION OF OPENMARKET INC. TO
SPRINT'S MOTION FOR REIMBURSEMENT
OF FEES AND COSTS
No. 08-01731 RSL

- 8 -

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

motion was made, OpenMarket offered a settlement in which OpenMarket would defend the claims in the Second Amended Complaint that were based on or resulted from OpenMarket's acts and omissions. *See* Declaration of Charles Platt dated January 19, 2010, Exs. A & B (containing letters to Sprint's counsel dated June 12 and July 6, 2009) (Open Market will "defend all claims alleging unauthorized billing aggregated by and/or through OpenMarket."); OpenMarket's Opposition to Sprint's Motion for Summary Judgment, Docket No. 59, at 3. OpenMarket simply declined to defend Sprint from any claims that were based on Sprint's own independent conduct. Sprint rejected that settlement offer, which would have provided everything that Sprint received in the Court's Order, and Sprint would have received the benefit of OpenMarket's defense well before the Court's order. Under the MASA, the fees incurred from the summary judgment motion, therefore, are not recoverable. *See* MASA, § 13.3.

Sprint also rejected any further discovery in the case to determine the true nature of plaintiffs' claims, insisting that the duty to defend could be determined based on the face of the Second Amended Complaint. As it turns out, the plaintiffs have now admitted that their allegations are different from those espoused by Sprint. Plaintiffs' recent responses to OpenMarket's Requests For Admission confirm that their claims (and the claims of the putative class and sub-class) against Sprint in the Second Amended Complaint are based upon and result from *Sprint's* acts and omissions, and that Sprint's liability in this case does *not* derive entirely from the acts or omissions of OpenMarket. *See* Plaintiffs' Reponses to OpenMarket's Requests for Admission, attached as Exs. C & D to Platt Decl., Nos. 2-6, 11, 13, 15, 21 (admitting that (1) her claims, and the claims of the putative class and sub-class, in the Second Amended Complaint against Sprint are based upon and result from Sprint's acts and omissions, and Sprint's liability in this case does not derive entirely from the acts or omissions of OpenMarket).

OPPOSITION OF OPENMARKET INC. TO
SPRINT'S MOTION FOR REIMBURSEMENT
OF FEES AND COSTS
No. 08-01731 RSL

- 9 -

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

Discovery has revealed that the central premise of Sprint's summary judgment motion—that each of the claims alleged against Sprint by the Plaintiffs was entirely derivative of OpenMarket's conduct—is no longer valid. Had Sprint waited to file its summary judgment motion (or accepted OpenMarket's offer of settlement), it would have avoided the tremendous expenditure of fees associated with that motion.

Quite separate and apart, Plaintiffs' request for fees incurred in its summary judgment also fails because it is contrary to the law in Kansas following the "American Rule." "[I]n connection with indemnity claims recovery may generally be had for attorneys' fees and expenses incurred in defense against the principal claim, but *not for those incurred in establishing the right of indemnity.*" *Vallejos v. C.E. Glass Co.*, 583 F.2d 507, 510 (10th Cir. 1978) (emphasis added and collecting cases); *Nat'l Minority Supplier Dev. Council Bus. Cons. Fund, Inc., v. First Nat'l*, 83 F. Supp. 2d 1200, 1207 (D. Kan. 1999); *Signal Oil & Gas Co. v. Barge W-701*, 654 F.2d 1164, 1178 (5th Cir. 1981) ("The Eighth, Ninth, and Tenth Circuits have remarked that, under a general indemnity agreement . . . the indemnitee enjoys no right to recover its legal fees incurred in establishing its right to indemnification.") (collecting cases). This rule is drawn from the well-established and long-standing principle (embodied as the "American Rule") that a party bear its own expenses in litigation. *See Saks Int'l, Inc. v. M/V "Export Champion,"* 817 F.2d 1011, 1014 (2d Cir. 1987).

The overwhelming majority of the fees that Sprint now seeks from OpenMarket arise from its attempts to enforce its defense obligations under the MASA. *See* Klein Decl., Ex. D (calculating that of the $335,000, $275,000 were a result of litigating with OpenMarket). Sprint relies on a generic fee-shifting provision of the MASA, Section § 13.3, which does not specifically address indemnification for fees from enforcing indemnity rights. This generic

OPPOSITION OF OPENMARKET INC. TO
SPRINT'S MOTION FOR REIMBURSEMENT
OF FEES AND COSTS
No. 08-01731 RSL

- 10 -

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

provision is insufficient to allow these fees from enforcing the indemnity agreement.

Although parties may contractually agree to circumvent the American rule, and allow the prevailing party to recover attorneys fees from the other, the contract must be unmistakably clear and "there must be express contractual language" authorizing such recovery. *Chetopa State Bancshares, Inc. v. Fox*, 628 P.2d 249, 256 (Kan. Ct. App. 1981). Because "indemnity contracts are not favorites of the law," "'the indemnitor is entitled to have his undertaking . . . strictly construed . . . '" *Id.* at 255 (quoting 42 C.J.S., Indemnity § 8b). The necessary "express contractual language" exists only if the contract specifically mentions the rights of the parties to recover attorneys fees from the indemnification dispute itself – a generic reference to "attorneys fees" is insufficient. *Nat'l Minority Supplier*, 83 F. Supp. 2d at 1207; *see also Nova Research, Inc. v. Penske Truck Leasing Co., L.P.*, 952 A.2d 275, 286 (Md. Ct. Spec. App. 2008).

Sprint does not mention these relevant standards or explain how the MASA satisfies them. As discussed below, § 13.3 of the MASA does not contain the necessary unmistakably clear and specific language establishing the right to the fees Sprint seeks:

> **Forum Selection; Attorney's Fees**. Except to the extent necessary for Sprint to enforce indemnity or defense obligation under this Agreement, any court proceeding brought by either party must be brought . . .in Kansas District Court located in Johnson County, Kansas or the United States District Court for the District of Kansas in Kansas City, Kansas. . The prevailing party in any formal dispute will be entitled to reasonable attorney's fees (including reasonable expert fees and costs) unless the prevailing party rejected a written settlement offer that exceeds the prevailing party's recovery.

This paragraph does not entitle Sprint to the vast fees it is now seeking. As an initial matter, the entire paragraph begins by limiting its scope to non-indemnification actions – "*except to the extent necessary for Sprint to enforce indemnity or defense obligation . . .*" Although this limitation only precedes the first sentence—a forum selection provision—it should be read to

OPPOSITION OF OPENMARKET INC. TO
SPRINT'S MOTION FOR REIMBURSEMENT
OF FEES AND COSTS
No. 08-01731 RSL

- 11 -

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

apply to the remainder of the paragraph. If it did not, there would be no reason for the "forum selection" and "attorneys fees" provisions—clauses that logically have nothing to do with each other—to be brought into a single paragraph. The only reason to combine the two would be to emphasize that for both forum selection and attorneys' fees purposes there is an important limitation: the provisions do not apply to a dispute about indemnification between the parties.

Further, although there is a provision for fee shifting in "any formal dispute" between Sprint and OpenMarket, this generic provision does not specifically mention indemnification as one of the covered "formal disputes." This failure specifically to mention indemnification as a covered dispute precludes Sprint from recovering fees from litigating § 10.1 of the MASA with OpenMarket—it does not contain the "express contractual language" required to award Sprint fees. *Nat'l Minority Supplier*, 83 F. Supp. 2d at 1207 (denying fees application where "[t]he indemnification agreement at issue does not authorize recovery of attorney fees by express contractual language, nor in an action to establish the agreement"); *see also Otis Elevator Co. v. Toda Construction of California*, 32 Cal. Rptr. 2d 404, 406 (Ct. App. 1994) ("[t]he provision does not specifically state, however, that [plaintiff] would be entitled to such fees in an action to enforce the *indemnity* provision of the subcontract.") (emphasis in original).[5]

---

[5] This conclusion is supported by a number of analogous cases. In *Wagner v. Fireman's Fund Ins. Co.*, the Court reversed an award of attorneys fees incurred in enforcing an indemnity agreement, which provided that the defendant would indemnity "against *any and all* liability, loss, costs, damages, fees of attorneys and other expenses which the [Plaintiff] may sustain or incur . . . ." 352 F.2d 410, 415 n.6 (10th Cir. 1965) (emphasis added). The Court, however, interpreted the provision as not covering fees relating to litigation seeking to enforce the indemnification obligation. *Id.* at 415 ("the instrument does not *expressly* by its terms provide for the allowance of attorney fees expended in recovering on the Indemnity Agreements."). Similarly, in *Hooper Assocs. Ltd. v. AGS Computers, Inc.*, New York's highest court refused to award the plaintiff attorneys' fees, notwithstanding that the contract entitled plaintiff to fees arising out of "any breach" of "any express or implied warranty" by the defendant. 548 N.E.2d 903, 904 n. 1 (N.Y. 1989). The Court acknowledged the broad scope of the obligation of the defendant to recover attorneys' fees from the plaintiff, but refused to award fees relating the enforcement of the indemnity obligation itself. *Id.* at 904-05("[T]he parties failed to define the scope of the defendant's promise."); *see also Oscar Gruss & Son Inc. v. Hollander*, 337 F.3d 186, 199 (2d Cir. 2003).

## CONCLUSION

OpenMarket respectfully requests that the Court deny Sprint's motion for fee reimbursement, or in the alternative, substantially reduce the fees being sought.

DATED this 19th day of January 2010.

By /s/ Jeffrey M. Thomas

Attorneys for Defendant OpenMarket Inc.

Jeffrey M. Thomas, WSBA No. 21175
E-mail: jthomas@gordontilden.com
Mark A. Wilner, WSBA No. 31550
E-mail: mwilner@gordontilden.com

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

Charles Platt (admitted *pro hac vice*)
Email: charles.platt@wilmerhale.com
Sanket J. Bulsara (admitted *pro hac vice*)
Email: sanket.bulsara@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR**
399 Park Avenue
New York, NY 10022
Phone (212) 230-8814
Fax (212) 230-8888

OPPOSITION OF OPENMARKET INC. TO SPRINT'S MOTION FOR REIMBURSEMENT OF FEES AND COSTS
No. 08-01731 RSL

- 13 -

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

OPPOSITION OF OPENMARKET INC. TO
SPRINT'S MOTION FOR REIMBURSEMENT
OF FEES AND COSTS
No. 08-01731 RSL

- 14 -

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

# CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

<u>Counsel for Defendant Sprint Spectrum, L.P. and Nextel West Corporation</u>

Sarah J. Crooks,
Amanda J. Beane
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206-359-8000
Fax: 206-359-9000
E-mail: SCrooks@perkinscoie.com
E-mail: ABeane@perkinscoie.com


<u>Counsel for Plaintiff Wilma Armer</u>

Clifford A. Cantor
Law Offices of Clifford A. Cantor, P.C.
627 208th Avenue, S.E.
Sammamish, WA 98074-7033
Phone: 425-868-7813
Fax: 425-868-7870
E-mail: ccantor@comcast.net; cliffcantor@hotmail.com


By /s/ Carol L. Russell
    Carol L. Russell
Legal Secretary to Jeffrey M. Thomas
Gordon Tilden Thomas & Cordell LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Telephone: (206) 467-6477
Facsimile: (206) 467-6292
E-mail: jthomas@gordontilden.com
E-mail: crussell@gordontilden.com

OPPOSITION OF OPENMARKET INC. TO SPRINT'S MOTION FOR REIMBURSEMENT OF FEES AND COSTS
No. 08-01731 RSL

- 15 -

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292