UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GREGORY McNEILL and WILMA ARMER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OPENMARKET, INC., a Michigan corporation, SPRINT SPECTRUM, L.P., a Delaware limited partnership, NEXTEL WEST CORPORATION, a Delaware corporation,<br><br>Defendants. | No. 2:08-cv-01731-RSL<br><br>SPRINT'S REPLY IN SUPPORT OF MOTION FOR REIMBURSEMENT OF ATTORNEYS' FEES AND COSTS<br><br>NOTE ON MOTION CALENDAR:<br>January 29, 2010 |
| SPRINT SPECTRUM L.P., a Delaware limited partnership, and NEXTEL WEST CORP., a Delaware corporation,<br><br>Cross-Claimants,<br><br>v.<br><br>OPENMARKET, INC., a Michigan corporation,<br><br>Cross-Defendants. | |

SPRINT'S REPLY IN SUPPORT OF MOTION FOR
REIMBURSEMENT OF ATTORNEYS' FEES AND
COSTS (No. 2:08-cv-01731-RSL)
59113-0068/LEGAL17612309.2

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Defendants and Cross-Claimants Sprint Spectrum L.P. and Nextel West Corp. (collectively, "Sprint"), by their undersigned counsel, hereby submit this Reply in support of their Motion for Reimbursement of Attorneys' Fees and Costs ("Motion"), D.E. # 86. The abbreviations used in Sprint's Motion are used in this Reply.

## I. SPRINT'S FEES AND COSTS ARE RECOVERABLE UNDER §§ 10.2 AND 13.3 OF THE MASA

Throughout its Opposition to Sprint's Motion ("Opposition"), D.E. #92, OM asserts that it has no obligation to reimburse Sprint for any of the attorneys' fees and costs incurred in this case. OM's arguments depend on contorted readings of the MASA, and a consistent myopia about the facts and case law governing these issues.

### A. OM Misconstrues the Application of §§ 10.2 and 13.3.

Under the defense-and-prosecution analysis explained in Sprint's Motion (pp. 4-7), the fees incurred: (a) *defending* against Plaintiffs' case are recoverable under § 10.2 because Sprint was sued as a result of the actions or omissions of OM under or related to the MASA; and (b) *prosecuting* Sprint's duty to defend claim are recoverable under § 13.3's prevailing party provision because Sprint established that OM breached that contractual duty. OM has not analyzed the defense or prosecution issues, and misunderstands §§ 10.2 and 13.3.

To begin, OM asserts that Sprint cannot recover fees "incurred in establishing the right of indemnity." Opposition, p. 10, D.E. #92. The cases cited by OM, however, all involve a party seeking its attorneys' fees based *solely* on an indemnification provision, and not a single one of the cases cited by OM addresses a prevailing party provision such as § 13.3. This Court has already addressed and flatly rejected OM's argument in *City of Blaine v. Golder Associates, Inc.*, No. C03-0813L, 2006 WL 3000131 (W.D. Wash. Oct. 18, 2006) (Lasnik, J.), a decision disregarded by OM: "Defendants ... argue that 'an indemnitee may not recover legal fees incurred in establishing his right to indemnification.'" *City of Blaine*, 2006 WL 3000131, at *4. The Court held that argument only applied "in the absence of express contractual terms to the contrary," and awarded the plaintiff its fees based on the separate contract provision that the "prevailing party in any litigation arising hereunder shall be entitled to its reasonable attorney's fees." *Id.* This case presents the identical situation: § 13.3

SPRINT'S REPLY IN SUPPORT OF MOTION
FOR REIMBURSEMENT OF ATTORNEYS'
FEES AND COSTS (No. 2:08-cv-01731-RSL) – 1
59113-0068/LEGAL17612309.2

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

establishes that the prevailing party may recover its fees and costs. Sprint claimed that OM had a duty to defend Sprint, OM denied that it owed any such duty, and Sprint prevailed. Sprint is therefore entitled to recover all of its "prosecution" fees and costs under § 13.3.

OM's related argument that § 13.3 is not sufficiently specific is also misplaced. Under applicable Kansas law, courts enforce "contract terms in accordance with their plain and ordinary meanings." *Sheldon v. Kansas Public Employees Retirement System*, 189 P.3d 554, 561 (Kan. Ct. App. 2008). Section 13.3 plainly states that the "prevailing party in any formal dispute" is entitled to its fees and costs. This phrase has only one "plain and ordinary" meaning here. The "formal dispute" is evidenced by the numerous court filings submitted by Sprint and OM: the cross-claims, amended cross-claims, motion and cross-motion for summary judgment, motions to dismiss, motion to enforce the Court's October 5 Order, and the present Motion; and Sprint is the "prevailing party" because it has (so far) won every single motion filed by Sprint or OM. Sprint is thus entitled to recover its fees and costs spent prosecuting its contract rights.

The fees incurred in defending against the Plaintiffs' claims are covered by § 10.2. OM simply ignores this point and the contract provision.

**B.  OM's Settlement Offers Are Irrelevant to Sprint's Status as the Prevailing Party.**

OM claims that Sprint is not the "prevailing party" because Sprint rejected settlement offers from OM. Section 13.3 shifts fees "unless the prevailing party rejected a written settlement offer that exceeds the prevailing party's recovery." D.E. #58. OM contends that the Court's October 5 Order "only directed OpenMarket to do what it had already agreed to do in an earlier offer of settlement ... defend Sprint against all of the claims asserted in the Second Amended Complaint." Opposition, p. 8, D.E. #92. At worst this argument is disingenuous; at best it belies the same misunderstanding that OM has had throughout this case.

OM never accepted Sprint's tender or re-tender in accordance with § 10.2 of the MASA. *See*, *e.g.*, OM's Answer to Sprint's Amended Cross-Claim, ¶ 31, D.E. #49 ("OpenMarket admits that it has refused to defend or indemnify Sprint."); June 12, 2009 Letter of Charles C. Platt, Opposition, D.E. #92, Ex. A (offer was subject to OM's limited view of a defense, and coupled with extra-contractual

SPRINT'S REPLY IN SUPPORT OF MOTION
FOR REIMBURSEMENT OF ATTORNEYS'
FEES AND COSTS (No. 2:08-cv-01731-RSL) – 2
59113-0068/LEGAL17612309.2

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

conditions and limitations outside of § 10.2); OM's Cross-Motion for Summary Judgment, pp. 3-5, D.E. #59 (conceding that OM never accepted Sprint's tender of defense in accordance with § 10.2). Indeed, OM has already raised and lost this same argument *numerous* times when it (a) opposed Sprint's Motion for Summary Judgment (D.E. #59) and lost; (b) cross-moved for summary judgment (D.E. #59) and lost; (c) denied that the October 5 Order provided Sprint with full relief on the duty to defend (D.E. #80, Ex. A), forced Sprint to move to enforce that order (D.E. #79), and lost; and (d) reserved the right to appeal and to further challenge the October 5 Order (D.E. #83, p. 3, n. 1). It is difficult to understand how, on this record, OM can credibly argue that Sprint has not prevailed, and that OM's arguments have been accepted.

C. **Plaintiffs' Discovery Responses Do Not Change the Fees Analysis.**

OM argues that recently served discovery responses state that Plaintiffs' claims against Sprint "are based upon and result from *Sprint's* acts and omissions, and that Sprint's liability in this case does *not* derive entirely from the acts or omissions of OpenMarket." Opposition, p. 9, D.E. #92 (emphasis in original). This attempt to reargue the case OM has already lost misses the point. The question is whether Plaintiffs' allegations against Sprint arise from "any act or omission of [OM] under or related to the [MASA]." MASA, § 10.2, D.E. #58. The Plaintiffs allege that the premium service charges billed to Sprint customers by OM were *unauthorized*, but the MASA allows OM to charge Sprint customers only for *authorized* premium services. MASA, § 2.1, D.E. #58. Therefore, as this Court has already found, "[a]ll of the claims asserted against Sprint in the Second Amended Complaint are based on OpenMarket's acts or omissions." Order, p. 2, D.E. # 76.

D. **Fees Incurred in Connection with the FAC Are Recoverable.**

OM asserts that the fees Sprint incurred in connection with the FAC are not recoverable because Sprint "did not prevail on any formal dispute with respect to defense obligations under the First Amended Complaint." Opposition, p. 2, D.E. #92. First, the dispute concerned whether OM had a duty to defend Sprint under § 10.2 of the MASA, a dispute in which Sprint has prevailed at every turn. Thus, the fees incurred in responding to the FAC constitute a portion of Sprint's "prevailing," and are recoverable under § 13.3. Second, as detailed in the Motion (pp. 4-6), the allegations against Sprint in

SPRINT'S REPLY IN SUPPORT OF MOTION
FOR REIMBURSEMENT OF ATTORNEYS'
FEES AND COSTS (No. 2:08-cv-01731-RSL) – 3
59113-0068/LEGAL17612309.2

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

the FAC, like those in the SAC, derived solely from OM's alleged delivery of "unauthorized mobile content charges" to Sprint customers. *See* FAC, ¶¶ 22, 28, 57, 63, D.E. #2.

## II. THE HOURS AND HOURLY RATES OF SPRINT'S COUNSEL ARE REASONABLE

OM has used a shotgun approach to scatter throughout its Opposition an assortment of arguments that Sprint's fees are "unreasonable." None of these arguments hits the target.

### A. OM's Refusal to Provide Evidence of Its Own Fees Speaks Volumes.

OM continues to refuse to reveal the amount of attorneys' fees it has incurred. Instead, OM argues that Sprint's proposal to exchange information is an unfair attempt to shift the burden of establishing the reasonableness of Sprint's fees. The truth is that OM's fees would provide a helpful data point to assess reasonableness, and the applicable case law endorses an exchange of legal bills to allow for a comparison of the hourly rates charged and the overall amount spent by both sides. *Waddell & Reed Financial, Inc. v. Torchmark Corp.*, 222 F.R.D. 450, 453 (D. Kan. 2004). OM has simply ignored this case law, cited in the Motion at p. 10. *See also Farfaras v. Citizens Bank and Trust of Chicago*, 433 F.3d 558, 569 (7th Cir. 2006) (transparency as to each parties' fees prevents "hypocritical objections" like protesting "the use of block billing and vague descriptions" while using "similarly vague descriptions and block billing").

It seems obvious that OM would have produced evidence of its fees if they were significantly less than Sprint's. Transparency on this point would also have been helpful to assess OM's argument that Sprint's attorneys' rates are too high for this case pending in Seattle, because the rates of OM's principal counsel in New York City almost surely exceed those of Sprint's attorneys in Chicago and Los Angeles. Sprint has met its burden, and OM has not provided a rebuttal.

### B. Sprint's Attorneys' Billing Method Is Appropriate.

OM asserts that Sprint's attorneys have improperly used "block" billing. Block billing is not, as OM implies, some arcane or clandestine billing method; rather, it is a widely used and well accepted practice by which Sprint's attorneys' fees were meticulously and contemporaneously prepared. *See Cadena v. The Pacesetter Corp.*, 224 F.3d 1203, 1215 (10th Cir. 2000) (affirming award by the District Court of Kansas of block-billed fees because "counsel has produced contemporaneous time records that

SPRINT'S REPLY IN SUPPORT OF MOTION
FOR REIMBURSEMENT OF ATTORNEYS'
FEES AND COSTS (No. 2:08-cv-01731-RSL) – 4
59113-0068/LEGAL17612309.2

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

sufficiently meet the requirements" of fee petitions); *Vessel v. Astrue*, No. C08-0949RSL, 2009 WL 3400660, at *3 (W.D. Wash. Oct. 20, 2009) (Lasnik, J.) ("counsel is not required to record in great detail how each minute of his time was expended," and the Court had "no difficulty evaluating the reasonableness" of block billed fees).

OM also attempts to undermine cases where attorneys' fees charged by Sprint's counsel have previously been approved. *Chicago Messenger Servs., Inc. v. Nextel Comm., Inc.*, No. 01 C 8820, 2005 WL 78960 (N.D. Ill. Jan. 12, 2005), awarded Goldberg Kohn's client, Nextel, 90.2% of the fees sought. If *Chicago Messenger* is the appropriate measure, this Court should award Sprint $327,106.85 (90.2% of the overall amount of fees incurred through December 31, 2009), not the amount OM advocates -- zero. Another example OM ignores for obvious reasons is *Boulevard Bank v. Phillips Med. Sys. Int'l.*, 827 F. Supp. 510, 512 (N.D. Ill. 1993), *aff'd*, 15 F.3d 1419, 1426 (7th Cir. 1994), where the District Court awarded 100% of Goldberg Kohn's fees, and the Seventh Circuit affirmed. OM's argument that Quinn Emanuel's fees awarded in *Eon-Net* are irrelevant because that was a patent case with "implications on a national scale" is simply odd, given that the instant case is a nationwide class action with a tremendous potential exposure. For example, in a similar nationwide class action, *Paluzzi v. mBlox, Inc.*, No. 07-CH-37213, the Circuit Court of Cook County, Illinois recently approved a settlement with a $36 million fund agreed to by a premium services aggregator similar to OM.

C.  **Sprint's Use of Several Firms Is Appropriate.**

OM argues that there "is no reason that multiple law firms had to be involved on the summary judgment motion on which Sprint allegedly prevailed in part." Opposition, p. 6, D.E. #92. First, OM seems to suggest that the only work done by Sprint's attorneys in this case was prosecuting a successful summary judgment motion. This completely ignores the fees and costs incurred in a myriad of other disputes where Sprint succeeded, such as moving to dismiss OM's Amended Cross-Claim, defeating OM's Cross-Motion for Summary Judgment, and moving to enforce the October 5 Order.

Second, OM's argument ignores the circumstances of this case. The vast majority of the fees incurred—over 89%—were due to the work of two associates at Goldberg Kohn (the second of which replaced the first after she began a judicial clerkship) and two partners, one at Quinn Emmanuel and

SPRINT'S REPLY IN SUPPORT OF MOTION
FOR REIMBURSEMENT OF ATTORNEYS'
FEES AND COSTS (No. 2:08-cv-01731-RSL) – 5
59113-0068/LEGAL17612309.2

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

one at Goldberg Kohn. In a nationwide class action with a potentially huge exposure, it is certainly reasonable for the case to be principally staffed at any one time by essentially three attorneys. That the partners happen to be at two firms is irrelevant, particularly given the expertise these firms have in defending Sprint in these types of cases.

Third, Sprint has been entirely successful in this case and has paid its attorneys' fees. *See* Declaration of Brian Pedati, ¶ 3. This is strong evidence that Sprint's attorneys' fees are reasonable. *Cintas Corp. v. Perry*, 517 F.3d 459, 469 (7th Cir. 2008) ("the best evidence of whether attorney's fees are reasonable is whether a party has paid them").

Finally, OM asserts that Sprint should not be reimbursed for the fees it has incurred in seeking its fees. This is just wrong. Under Kansas law, fees incurred in attempting to recover fees *are* reimbursable. *Johnson v. Westhoff Sand Co., Inc.*, 135 P.3d 1127, 1143 (2006) (awarding fees incurred in seeking fees).

### III. CONCLUSION

Sprint has expended a reasonable amount of attorneys' fees defending the action brought by Plaintiffs, and successfully prosecuting its contractual right to a defense promised but not provided by OM, who has fought Sprint every step of the way. The updated amount sought by Sprint through December 31, 2009 is $362,646.17. *See* Declaration of Frederic R. Klein, and Exhibit A. Pursuant to §§ 10.2 and 13.3 of the MASA, Sprint is entitled to be reimbursed by OM for these fees and costs. Sprint thus respectfully requests that the Court grant its Motion in full.

DATED: January 29, 2010

*s/ Amanda J. Beane*   WSBA No. 33070
Sarah J. Crooks, WSBA No. 35997
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: (206) 359-8000
Facsimile: (206) 359-9000
SCrooks@perkinscoie.com
ABeane@perkinscoie.com

SPRINT'S REPLY IN SUPPORT OF MOTION
FOR REIMBURSEMENT OF ATTORNEYS'
FEES AND COSTS (No. 2:08-cv-01731-RSL) – 6
59113-0068/LEGAL17612309.2

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Frederic R. Klein
Mark W. Hancock
GOLDBERG KOHN LTD.
55 East Monroe Street, Suite 3300
Chicago, IL 60603
(312) 201- 4000

Michael T. Lifrak
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

*Attorneys for Defendants*
*Sprint Spectrum L.P. and Nextel West Corp.*

SPRINT'S REPLY IN SUPPORT OF MOTION
FOR REIMBURSEMENT OF ATTORNEYS'
FEES AND COSTS (No. 2:08-cv-01731-RSL) – 7
59113-0068/LEGAL17612309.2

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000