The Honorable Jay V. White

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| GREGORY McNEILL and WILMA ARMER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>OPENMARKET, INC., a Michigan corporation; SPRINT SPECTRUM, L.P., a Delaware limited partnership; and NEXTEL WEST COFRPORATION, a Delaware corporation,<br><br>Defendants. | NO. 08-01731 RSL<br><br><br><br><br><br>NOTICE OF APPEAL TO THE UNITED STATES COURT OF APPEALS TO THE NINTH CIRCUIT |
| SPRINT SPECTRUM, a Delaware limited partnership; and NEXTEL WEST CORP., a Delaware corporation,<br><br>Cross-Claimants,<br><br>v.<br><br>OPENMARKET INC., a Michigan corporation,<br><br>Cross-Defendant. | |

NOTICE OF APPEAL TO THE UNITED STATES COURT
OF APPEALS TO THE NINTH CIRCUIT - 1
No. 08-01731 RSL

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

OPENMARKET INC., a Michigan corporation,

    Cross-Claimant,

  v.

SPRINT SPECTRUM, L.P., a Delaware limited partnership; and NEXTEL WEST CORP., a Delaware corporation,

    Cross-Defendants.

Notice is hereby given that OpenMarket Inc., Defendant and Cross-Defendant in the above-captioned action, hereby appeals to the United States Court of Appeals for the Ninth Circuit from the Order of the United States District Court for the Western District of Washington, Seattle Division entitled "Order Regarding Retention of Counsel" entered in this action on January 4, 2010 and attached hereto as Exhibit A.

DATED this 2nd day of February, 2010.

By: *s/Jeffrey M. Thomas*

Attorneys for Defendant OpenMarket Inc.

Jeffrey M. Thomas, WSBA No. 21175
E-mail: jthomas@gordontilden.com
Mark A. Wilner, WSBA No. 31550
E-mail: mwilner@gordontilden.com

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

NOTICE OF APPEAL TO THE UNITED STATES COURT OF APPEALS TO THE NINTH CIRCUIT - 2
No. 08-01731 RSL

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

Charles Platt (admitted *pro hac vice*)
Email: charles.platt@wilmerhale.com
Sanket J. Bulsara (admitted *pro hac vice*)
Email: sanket.bulsara@wilmerhale.com

**WILMER CUTLER PICKERING HALE AND DORR LLP**
399 Park Avenue
New York, NY 10022
Phone (212) 230-8814
Fax (212) 230-8888

NOTICE OF APPEAL TO THE UNITED STATES COURT
OF APPEALS TO THE NINTH CIRCUIT - 3
No. 08-01731 RSL

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

# CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Counsel for Defendant Sprint Spectrum, L.P. and Nextel West Corporation
Sarah J. Crooks
Amanda J. Beane
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206-359-8000
Fax: 206-359-9000
E-mail: SCrooks@perkinscoie.com
E-mail: ABeane@perkinscoie.com

Counsel for Plaintiff Wilma Armer
Clifford A. Cantor
Law Offices of Clifford A. Cantor, P.C.
627 208th Avenue, S.E.
Sammamish, WA 98074-7033
Phone: 425-868-7813
Fax: 425-868-7870

By *s/Carol L. Russell*
   Carol L. Russell
   Legal Secretary to Jeffrey M. Thomas
Gordon Tilden Thomas & Cordell LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154

NOTICE OF APPEAL TO THE UNITED STATES COURT
OF APPEALS TO THE NINTH CIRCUIT - 4
No. 08-01731 RSL

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILMA ARMER, et al., <br><br> Plaintiffs, <br> v. <br><br> OPENMARKET, INC., et al., <br><br> Defendants. | No. C08-1731RSL <br><br> ORDER REGARDING RETENTION OF COUNSEL |

This matter comes before the Court on "Sprint's Motion to Enforce the Court's Order." Dkt. # 79. On October 5, 2009, the Court ordered OpenMarket, Inc., to defend Sprint Spectrum L.P. and Nextel West Corp. against the allegations of the Second Amended Complaint with the clear expectation that OpenMarket would conform its conduct to the order. Dkt. # 76 at 4. Despite the existence of cross-claims between defendants, the open conflict regarding defense obligations under the Messaging Application Services Agreement ("MASA"), and the significant likelihood that defendants' positions on liability and indemnity will be adverse to each other, OpenMarket insists that its counsel can represent both defendants.

OpenMarket's position seems to be that, because the October 5, 2009, Order and the MASA do not explicitly require retention of conflict-free counsel, OpenMarket has no such obligation. There are other rules and codes that govern the conduct of attorneys, however. If, as appears to be the case, Wilmer Cutler and Gordon Tilden cannot think of any reason why the proposed dual representation is unworkable, they should review the Rules of Professional

ORDER REGARDING RETENTION
OF COUNSEL

1 | Conduct, particularly Rule 1.7. OpenMarket has grudgingly accepted the Court's determination
2 | that it must defend Sprint in this litigation and has reserved the right to contest its defense and
3 | indemnity obligations on appeal. Decl. of Frederic R. Klein (Dkt. # 80), Ex. A; Opposition (Dkt.
4 | # 83) at 3 n.1. Thus, if OpenMarket's counsel were to represent both OpenMarket and Sprint,
5 | the litigation strategy that would be most beneficial to OpenMarket (to paint Sprint as the
6 | culpable party should the jury find liability and then disavow its indemnification obligations on
7 | appeal) would be directly adverse to Sprint. In the circumstances presented here, there is an
8 | unwaivable conflict of interest: OpenMarket's counsel cannot, consistent with their professional
9 | obligations, represent Sprint in this matter.[1]
10 |       For all of the foregoing reasons, Sprint's motion to enforce is GRANTED.
11 | OpenMarket must retain a separate and independent firm to represent Sprint in this matter.
12 | OpenMarket has the choice of retaining Sprint's current counsel or hiring new counsel:
13 | regardless, the retained firm must have the experience and expertise necessary to defend Sprint
14 | in this litigation.
15 |
16 |       Dated this 4th day of January, 2010.
17 |
18 |                     */s/ Robert S. Lasnik*
19 |                     Robert S. Lasnik
20 |                     United States District Judge

---

[1] OpenMarket points out that § 10.3 of the MASA gives OpenMarket the right to settle or defend with its own counsel. Had OpenMarket acknowledged its defense and indemnification obligations under the MASA, the risk of conflict would have been substantially reduced such that joint representation may have been possible (as often occurs when an insurance company handles the defense for its insured). In the circumstances presented here, however, OpenMarket has not voluntarily agreed to defend or indemnify and apparently intends to contest its obligations on appeal. It would be folly for Sprint to turn its defense over to attorneys who have an adversary's interests at heart, and it would be unethical for the attorneys to accept such representation if offered.